SHEPPARD MULLIN RICHTER & HAMPTON LLP
Theodore C. Max (TM1742)
tmax@sheppardmullin.com
30 Rockefeller Plaza
New York, New York 10112
Telephone: 212-653-8700
Facsimile: 212-653-8701

*Attorneys for Plaintiff Chanel, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Chanel, Inc.,<br><br>                 Plaintiff,<br><br>    v.<br><br>The RealReal, Inc.,<br><br>                 Defendant. | Civil Action No. 1:18-cv-10626<br><br>**COMPLAINT** |

Plaintiff Chanel, Inc. ("Plaintiff" or "Chanel"), by its undersigned counsel, Sheppard Mullin Richter & Hampton LLP, for its Complaint against defendant The RealReal, Inc. ("Defendant" or "The RealReal"), alleges as follows:

<u>SUBSTANCE OF THE ACTION</u>

1.     Chanel is an iconic fashion company whose luxury products are advertised and sought worldwide. Celebrities, stylists, and influencers covet Chanel designs and accessories. Chanel designs are prominently featured in print, television and social media. Authentic CHANEL products -- new or secondhand -- command top-dollar prices because of their extraordinary design and quality and the limited number of each design that are manufactured. Chanel owns rights to several CHANEL and "CC" monogram trademarks which represent the prestige and quality that have become associated with Chanel and its luxury designs.

2.      This action arises out of The RealReal's improper business practices.  The RealReal represents itself on its website as "the premier site for online luxury consignment" and represents to consumers that "[The RealReal] is authentic.  [The RealReal] ensure[s] that every item on the RealReal is 100% the real things, thanks to our dedicated team of authentication experts…."  Defendant The RealReal advertises and purports to sell authentic, secondhand luxury products, including purportedly authentic CHANEL-branded products, that it obtains from third-party consignors.  In fact, Defendant The RealReal also sells CHANEL-branded products, including handbags, which it purports to be genuine but are in fact counterfeit.  Through its business advertising and marketing practices, Defendant The RealReal has attempted to deceive consumers into falsely believing that Defendant The RealReal has some kind of approval from or an association or affiliation with Chanel or that all CHANEL-branded goods sold by The RealReal are authentic.

3.      The RealReal presents and conducts workshops for consumers on Chanel titled "History of Chanel" and on authenticating luxury goods, including CHANEL products, when the workshops have not been authorized or approved by Chanel.

4.      There is no nor has there ever been any approval by or association or affiliation between Chanel and Defendant The RealReal.  The RealReal understands that the value of its CHANEL-branded inventory and attraction for consumers is enhanced if consumers believe that Chanel has a business relationship or affiliation with Defendant The RealReal and that Chanel approves and/or confirms the authenticity of the products The RealReal sells.

5.      Customers considering purchasing purportedly genuine CHANEL-branded items from The RealReal are, in fact, relying solely on The RealReal's – not Chanel's – inspection of

the CHANEL-branded items and The RealReal's representation that The RealReal's consumers can be sure that "every item is 100% authentic."

6.     As stated above, Chanel recently learned that Defendant The RealReal has sold counterfeit CHANEL handbags.

7.     The RealReal's distribution and sale of counterfeit CHANEL handbags causes irreparable harm to Chanel and deceives the consuming public because such conduct by The RealReal results in The RealReal's unapproved use of Chanel's trademarks to sell counterfeit goods which are not authorized and are vastly inferior and materially different from genuine Chanel products.

8.     Chanel is seeking to prevent Defendant The RealReal from:  (i) continuing to mislead consumers into believing that The RealReal has an association, affiliation or association with Chanel and/or that Chanel has approved of or authenticated the second-hand and counterfeit items being sold by The RealReal, and (ii) continuing to sell counterfeit Chanel products. Chanel takes this action in order to protect its brand, its goodwill and hard-earned reputation of the CHANEL Trademarks (as defined below), and to protect consumers.

9.     Based on Defendant's misleading and infringing conduct, Chanel asserts claims for counterfeiting and trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); unfair competition and false endorsement and association under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); false advertising under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); unfair competition under Section 349 of the New York General Business Law; false advertising under Section 350 of the New York General Business Law; and unfair competition under the common law of New York.  Chanel seeks injunctive relief, an accounting of Defendant's sales and profits flowing from its counterfeiting and

trademark infringement, false endorsement and false association, false advertising, with Chanel and its goods, Chanel's damages, attorneys' fees, and such other relief as the Court deems just and proper.

PARTIES

10.     Plaintiff Chanel, Inc. is a corporation organized and existing under the laws of the State of New York with a principal place of business at 9 West 57th Street, New York, New York 10019.

11.     Upon information and belief, Defendant The RealReal, Inc. is a corporation organized and existing under the laws of Delaware with a principal place of business at 55 San Francisco Street, Suite 600, San Francisco, California 94133.

12.     Upon information and belief, The RealReal owns and does business under the name The RealReal; operates retail stores that purport to sell CHANEL-branded items, including in various locations in Chicago, Dallas, Los Angeles, Miami, New York, San Francisco and Washington, D.C.; operates a fully-functioning retail website at www.therealreal.com through which consumers can consign or purchase used luxury goods, including purportedly genuine CHANEL-branded items; operates and posts content on social media accounts to promote and advertise The RealReal's retail business and secondhand products, including Facebook, Twitter, Tumblr and Instagram; engages in the sale of counterfeit products; and operates product valuation services and luxury goods authentication workshops by The RealReal's experts who purport to be "certified gemologists, horologists, or brand experts."

JURISDICTION AND VENUE

13.     This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1121, and under Sections 1331, 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and

1338(b).  The Court has supplemental jurisdiction over the state law claims under Section

1367(a) of the Judicial Code, 28 U.S.C. §§ 1367(a).

14.     Venue is proper in this district pursuant to Sections 1391(b) and (c) of the Judicial

Code, 28 U.S.C. § 1391(b) and (c), because Defendant The RealReal is subject to personal

jurisdiction in this district due to its residing in the jurisdiction, voluntary transacting of business

herein, operating stores in this district, advertising in this district, offering products to consumers

in this district, shipping and selling products, including allegedly genuine CHANEL-branded

products, in and to this district, operating workshops on authenticating luxury goods, including

CHANEL-branded products, and operating a fully interactive retail website that allows

consumers from this district to consign and purchase allegedly genuine CHANEL-branded

products, and because a substantial portion of the events at issue have arisen and will arise in this

judicial district and, as a result, Chanel is suffering harm in this judicial district.

FACTS COMMON TO ALL CLAIMS FOR RELIEF

I.     Chanel's Business

15.     Plaintiff Chanel is a premier seller of a wide variety of luxury consumer products

including bags, shoes, clothing, jewelry, sunglasses, accessories, and beauty products, and is an

undisputed leader in the field of fashion and beauty.

16.     The CHANEL brand and trademarks have been in use for more than eight

decades in United States commerce in connection with Chanel's fashion and beauty products and

has enjoyed remarkable success and renown.

17.     Chanel is the owner of all rights in and to the following registrations for the

CHANEL and CC Monogram trademarks in connection with handbags and accessories,

including, but not limited to, the following registrations: (collectively the "CHANEL

Trademarks").  Printouts from the U.S. Patent and Trademark Office database reflecting the

CHANEL Trademarks are attached as Exhibit A.

| Trademark | Reg. No. | Registration Date | Goods |
|---|---|---|---|
| CHANEL | 626,035 | May 1, 1956 | Women's handbags |
| CHANEL | 902,190 | November 10, 1970 | Bracelets, pins and earrings |
| CC Monogram | 1,314,511 | January 15, 1985 | Leather goods namely, handbags |
| CHANEL | 1,347,677 | July 9, 1985 | Leather goods namely, handbags |
| CC Monogram | 1,501,898 | August 30, 1988 | Costume jewelry |
| CHANEL | 1,733,051 | November 17, 1992 | Leather goods namely, handbags, wallets, travel bags, luggage, business and credit card cases, change purses, tote bags, cosmetic bags sold empty, and garment bags for travel |
| CC Monogram | 1,734,822 | November 24, 1992 | Leather goods namely, handbags, wallets, travel bags, luggage, business card cases, change purses, tote bags, and cosmetic bags sold empty |
| CC and Design | 3,025,934 | Dec. 13, 2005 | Handbags |

18.     All of the CHANEL Trademarks are valid, subsisting, and in full force and effect.

Moreover, those CHANEL Trademarks listed above are incontestable pursuant to § 15 of the

Lanham Act, 15 U.S.C. § 1065, and serve as conclusive evidence of Chanel's ownership of the

trademarks and of its exclusive right to use the trademarks in commerce on or in connection with all of the goods identified in the registrations.  See 15 U.S.C. § 1115(b).

19.     As the result of Chanel's exclusive and extensive use of the CHANEL Trademarks, the CHANEL Trademarks have acquired enormous value and have become extremely well known to the consuming public and to the trade as identifying and distinguishing Chanel exclusively and uniquely as the source of products available under the CHANEL Trademarks.  Due to the worldwide public acceptance, overwhelming fame, and great recognition of products bearing or sold under the CHANEL Trademarks, these trademarks have come to represent an enormous amount of goodwill for Chanel and have caused merchandise bearing the CHANEL Trademarks -- even unauthorized goods -- to be in great demand.

20.     The CHANEL Trademarks are famous and have developed secondary meaning and significance in the minds of the purchasing public, and the products utilizing and/or bearing such marks are immediately identified by the purchasing public with Chanel, as high quality merchandise created and approved by Chanel.

21.     Chanel has carefully and diligently monitored and policed the use of the CHANEL Trademarks.

22.     The CHANEL Trademarks are vital to Chanel, and Chanel will suffer irreparable harm if any third parties, including Defendant, are allowed to continue selling infringing, counterfeit and/or knock-off goods utilizing and/or bearing identical or substantially similar trademarks to the CHANEL Trademarks and if Defendant is allowed to continue to purport to have a business association, relationship or affiliation with Chanel.

23.     Chanel has advertised and promoted its products in critically-acclaimed advertising campaigns featuring top fashion models and celebrities wearing exclusive CHANEL

apparel and accessories.  Chanel has devoted hundreds of millions of dollars promoting

CHANEL designs and products in such advertising campaigns.  Chanel's products have been

featured in fashion editorials in major fashion magazines such as <u>Vogue</u>, <u>Elle</u>, <u>Harper's Bazaar</u>,

<u>W</u>, <u>Marie Claire</u>, as well as newspapers and magazines such as <u>The New York Times</u>, <u>The</u>

<u>Financial Times</u>, <u>Time</u>, <u>WWD</u> and <u>Town and Country</u>.

24.     Hundreds of millions of dollars' worth of consumer goods are sold each year in

the United States under the CHANEL Trademarks.  Chanel's products are known and lauded for

their high quality and style in all forms of media.  To maintain the prestige of the CHANEL

brand and CHANEL Trademarks and to ensure that consumers receive the type of attention

commensurate with Chanel's reputation for luxury and quality leather products, Chanel

authorizes its leather products, including handbags, to be sold only through its own retail stores

and carefully selected high-end, prestigious specialty stores, such as Neiman Marcus, Barney's,

Nordstrom and Saks Fifth Avenue.  Chanel's fragrance, cosmetics and sunglasses are only sold

online at [www.chanel.com](http://www.chanel.com) and at a limited number of prestigious retailers' specialty stores and

websites.

25.     Chanel operates social media accounts to promote and advertise its designs and

products, including Facebook, Twitter, Tumblr and Instagram.  Chanel's Instagram site,

@chanelofficial, has 30.9 million followers and features CHANEL designs, advertising and

references to Chanel's iconic designer, Gabrielle "Coco" Chanel, including, for example, her

famous quotes, such as "Chanel is above all style.  Fashion passes, style remains."

26.     Chanel's products and services are instantly recognized by the use of the famous

and well-known CHANEL Trademarks, which are federally-registered and have been used

exclusively by Chanel for decades in connection with CHANEL product lines.

27.     The recognition of the CHANEL brand and CHANEL Trademarks among the public at large is enhanced not only by Chanel's own extensive advertising efforts and limited and select distribution but also by fashion editorial and press coverage of Chanel, as well as the coverage of Chanel in social media by influencers, celebrities and fashion aficionados.  Such press coverage reaches hundreds of millions of consumers.  Indeed, Chanel consistently appears year after year in the *Women's Wear Daily* list of the 100 best known brands in the fashion industry.

28.     The CHANEL brand and CHANEL Trademarks have become famous and extraordinarily well known across all social and demographic groups and are in demand by consumers of all ages and from all demographics.

29.     The only way for consumers to ensure that they are in fact receiving genuine CHANEL products is to purchase such goods from Chanel or from an authorized retailer of Chanel.  Chanel does not sell secondhand Chanel goods.  Chanel does not sell to or authorize sales and distribution through Defendant The RealReal and does not authenticate The RealReal's inventory of CHANEL-branded products as genuine.  Defendant The RealReal has not obtained the CHANEL products that it offers for sale as "100% authentic" directly from Chanel.

II.     Defendant The RealReal's Unlawful Conduct

30.     Upon information and belief, The RealReal is a retailer specializing in pre-owned handbags, jewelry, and apparel with an online site and brick and mortar retail locations for luxury consignment which has built its business by piggybacking on the reputation of a handful of select luxury brands -- including Chanel.

31.     For example, an article promoting The RealReal discusses a report entitled "State of Luxury Resale | Midyear 2018," which is backed by items sold by The RealReal, that Chanel is one of the top searched-for luxury brands.  *See* Exhibit B.   The report features a photo in the

"Industry Insights Women's" section that prominently features a Chanel handbag and lists

Chanel as the Number 1 brand among the five most popular brands millennial women are buying

and consigning (*see* Exhibit C).

32.     Defendant The RealReal also offers scores of allegedly genuine secondhand

CHANEL products through brick and mortar stores and online and holds itself out as an expert

on the authenticity and genuineness of secondhand CHANEL designs.  For example, The

RealReal states the following regarding the alleged secondhand CHANEL-branded products it

sells:  "We ensure that every item on The RealReal is 100% the real thing…. Our team of luxury

experts inspects each item we sells so you can shop with confidence."  Defendant The RealReale

has advertised that its consumer offerings of secondhand goods are unique:

> The finest luxury items from the world's top designers.  Including
> Chanel, Louis Vuitton, Hermes, Gucci, and hundreds more.  All at
> up to ninety percent off retail.  And each and every one
> authenticated by our team of experts.  Real luxury, unreal value.
> Only at The RealReal.

See https://www.youtube.com/watch?v=ed-2iNnZmEg.

33.     Defendant The RealReal further represents on its website that:  "Each product we

accept is put through a multiple-point, brand specific authentication process by a team of luxury

experts headed by our Director of Authentication & Brand Compliance."  Through its business

advertising and practices, The RealReal represents to consumers that its so-called experts have

been "trained" to authenticate genuine Chanel-branded goods.  "Authenticity is the cornerstone

of The RealReal.  We staff trained, in-house professionals including gemologists, horologists, art

appraisers and apparel experts who work to ensure the items we sell are authentic and in

beautiful condition."  Such training and knowledge regarding authentication of genuine

CHANEL-branded goods could only reside within Chanel.  Only Chanel itself can know what is genuine Chanel.  *See* Exhibit D.

34.     Upon information and belief, Defendant The RealReal obtains the CHANEL-branded products it offers for sale not from Chanel nor any authorized Chanel retailer or distributor but rather from unknown third-party consignors, which, upon information and belief, include counterfeiters, consumers (some of whom may not even know that they own counterfeit products), and other secondhand resale businesses.

35.     Upon information and belief, to verify and guarantee the authenticity of the CHANEL products it sells, Defendant The RealReal relies solely on its own purported expertise or that of undisclosed third parties.  Chanel has not authorized or approved The RealReal's authentication or approval of secondhand CHANEL products as genuine.  Chanel is not involved in authenticating or approving any products sold by The RealReal and does not offer any guarantee to The RealReal's consumers that the products purchased from The RealReal are authentic or approved by Chanel.

A.     <u>Defendant The RealReal's Unlawful Business Practices and Consumer Deception</u>

36.     Although The RealReal purports to offer genuine and "100% authentic" products, including CHANEL-branded products, an investigation conducted by Chanel has revealed that The RealReal has advertised as genuine and authentic at least seven (7) counterfeit Chanel handbags ("Counterfeit Chanel Bags").  For example:

1)     Chanel Pink Patent Flap Bag;

2)     Chanel Purple Quilted Flap Bag;

3)     Chanel Black Hobo Bag;

4)     Chanel Classic Black Flap Bag;

5)     Chanel Black Flap with Handle Bag;

6)      Chanel Black Chevron Tote; and

7)      Chanel Naked Flap Bag.

*See* Exhibit E.

37.     The Counterfeit Chanel Bags are of a quality that is different from that of Chanel's genuine goods.  In addition, after inspection of some of the CHANEL-branded handbags and the serial numbers indicated on Cartes D'Authenticite and/or the leather or fabric sewn inside the bag itself and/or on Defendant The RealReal's website, Chanel determined certain handbags to be counterfeits because certain purported CHANEL serial numbers on the Cartes D'Authenticite do not correspond with the serial numbers designated for the particular style of handbag.  With regard to other counterfeit Chanel Bags sold by The RealReal, certain aspects of the handbags indicated that the serial numbers were not genuine and that the hardware or other aspects of certain of the handbags were counterfeit.

38.     Despite having sold at least seven counterfeit CHANEL handbags and being put on notice by counsel for Chanel of its sale of counterfeit CHANEL-branded products, Defendant The RealReal continues to represent to the consuming public that:

> The RealReal does not accept fake or counterfeit merchandise.  If we suspect for any reason that a submitted consignment is not authentic we will contact the consignor for proof of purchase in an effort to establish the items [sic] authenticity.  Items The RealReal determines are counterfeit will not be returned to the consignor and will be destroyed.

*See* Exhibit D.  If The RealReal's trained experts were in fact able to distinguish between genuine and counterfeit CHANEL handbags, The RealReal would have seized the Counterfeit Chanel Bags and not sold them to the public.

39.     Upon information and belief, The RealReal's purported experts who claim to be able to authenticate genuine CHANEL items are failing to screen counterfeit CHANEL-branded

handbags properly, and the sale of counterfeit as genuine CHANEL products is causing harm to consumers as well as false advertising, false endorsement and association and causing harm to the CHANEL Trademarks and brand.

40.     Defendant The RealReal's above-described counterfeiting activities are likely to cause confusion, deception and mistake in the minds of consumers.  Moreover, Defendant's wrongful conduct creates a false impression and deceives consumers into believing that there is a connection, affiliation, sponsorship and/or association between Chanel and The RealReal and between Chanel's genuine goods and Defendant's counterfeit Chanel goods, causing irreparable harm and damages to the consuming public and Chanel.

B.          Defendant The RealReal's Guarantee of Authenticity is Impliedly False

41.     Defendant The RealReal represents to potential customers in its advertising, marketing and sales of CHANEL-branded products that "authenticity is [its] cornerstone" and that Defendant "does not accept fake or counterfeit merchandise."  In fact, Defendant The RealReal's very name -- "The RealReal" -- suggests to consumers that all of its products are genuine and authentic.

42.     Such representation is misleading because Defendant The RealReal does not advise consumers that neither Defendant The RealReal nor its purported experts have any affiliation with or training with respect to authentication from Chanel, that The RealReal does not obtain its inventory from Chanel, and that Chanel has not authenticated or opined on behalf of The RealReal or its business associates, such as What Goes Around Comes Around, as to the genuineness of the product.

43.     Consumers who purchase secondhand CHANEL products through Defendant The RealReal, which are purported to be authentic, view their expectation that the products they

purchase from The RealReal are genuine and properly authenticated as a material condition of sale. The representation on The RealReal's website falsely implies that Chanel, not The RealReal, has authenticated the item at issue or otherwise confirmed its authenticity on behalf of The RealReal.

C.    <u>The Total Effect of The RealReal's Misleading Conduct</u>

44.    Defendant The RealReal is earning substantial profits while engaging in counterfeiting activities that use CHANEL Trademarks on purported CHANEL-branded items when such items are not, in fact, genuine Chanel goods.

45.    Defendant The RealReal's use of the CHANEL Trademarks, including the promotion, advertising, marketing, distribution, sale and offering for sale of Defendant's goods, is without Chanel's consent or authorization.

46.    Defendant The RealReal's above-identified counterfeiting activities and false advertising and false endorsement and association with the CHANEL Trademarks cause consumer confusion and create a false impression and deceive consumers that there is an affiliation, sponsorship and/or association between Chanel and The RealReal when there is not and there has not been any such relationship.

47.    Defendant The RealReal's representations regarding authenticity on its website and workshops in its retail locations contain impliedly false and misleading statements indicating that the CHANEL-branded products purchased or to be purchased are genuine CHANEL-branded products, when they are not.

48.    By engaging in the activities described above and other similar activities (together the "Misleading Conduct"), Defendant The RealReal is misleading and intends to mislead consumers into believing that: (a) Defendant The RealReal is an authorized partner or distributor of Chanel; (b) Chanel has authorized or approved of Defendant The RealReal's conduct and/or

the authenticity or genuineness of its inventory; and/or (c) by doing business with Defendant The RealReal, consumers will receive a "100% authentic" CHANEL-branded product.

49.     The purportedly guaranteed authenticity of Defendant The RealReal's products is a material factor for consumers and affects purchasing decisions.  The mistaken belief that Chanel stands behind Defendant The RealReal's CHANEL-branded products is a material factor for consumers.

50.     Upon information and belief, Defendant The RealReal is fully aware that the Misleading Conduct deceives consumers regarding The RealReal's relationship with Chanel. Nevertheless, Defendant continues to engage in such improper and unlawful business practices in order to attract consumers to Defendant The RealReal's website and stores and to induce consumers into buying products from Defendant The RealReal.  Chanel has put Defendant The RealReal on notice of Chanel's concerns with respect to The RealReal's sales of counterfeit CHANEL-branded products and unlawful business and advertising activities.  Yet, Defendant The RealReal has taken no steps to rectify its unlawful and wrongful conduct or address any of Chanel's requests.

51.     Upon information and belief, Defendant The RealReal has caused its false and deceptive advertising to be distributed and the goods to be sold in interstate commerce and into this district.

52.     Defendant The RealReal's conduct has caused and, unless enjoined by this Court, will continue to cause irreparable injury to Chanel.  Chanel has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF:**
**TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))**

53.     Chanel repeats and realleges paragraphs 1 through 52 above, as if fully set forth herein.

54.     Defendant The RealReal's infringing activities are likely to cause confusion, or to cause mistake or to deceive Defendant The RealReal's customers, potential consumers, and/or the public as to the source or sponsorship of Defendant The RealReal's goods and services. Consumers are likely to be misled into believing that Defendant's website and sale of goods bearing the CHANEL Trademarks are licensed, sponsored, or otherwise approved by Chanel.

55.     Upon information and belief, Defendant was on both actual and constructive notice of Chanel's exclusive rights in the registered CHANEL Trademarks when they adopted the CHANEL Trademarks for use in advertising and marketing on its website and in its retail stores to offer for sale and sell infringing and counterfeit products that exactly copy those sold by Chanel under the CHANEL Trademarks.  Defendant The RealReal's actions are designed to trade on Chanel's CHANEL Trademarks.  Defendant's use of the CHANEL Trademarks is willful, in bad faith, and with full knowledge of Chanel's prior use of, exclusive rights in, and ownership of the CHANEL Trademarks, with full knowledge of the goodwill and reputation associated with the CHANEL Trademarks, and with full knowledge that Defendant has no right, license, or authority to use the CHANEL Trademarks or any other mark confusingly similar thereto. *See* Exhibit F.

56.     Upon information and belief, Defendant The RealReal has offered for sale and sold infringing CHANEL-branded goods, and has represented such goods to the public as genuine and authentic CHANEL products.

57.     Defendant's acts are intended to reap the benefit of the goodwill that Chanel has created in its CHANEL Trademarks and constitute infringement of Chanel's federally-registered trademarks in violation of § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

58.     Defendant's conduct has caused and is causing immediate and irreparable injury to Chanel and will continue to both damage Chanel and deceive the public unless enjoined by this Court.  Chanel has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**TRADEMARK COUNTERFEITING IN VIOLATION OF 15 U.S.C. 1114(1)**

59.     Chanel repeats and realleges the allegations set forth in Paragraphs 1 through 58 above, as if fully set forth herein.

60.     This is an action for trademark counterfeiting against Defendant based on its promotion, advertisement, distribution, sale and/or offering for sale handbags bearing counterfeits of one or more of the CHANEL trademark.

61.     Specifically, Defendant The RealReal is selling, offering for sale and distributing handbag products bearing counterfeits of the CHANEL trademarks.  Upon information and belief, Defendant The RealReal is continuously infringing and including others to infringe the CHANEL Trademarks.

62.     Defendant The RealReal's counterfeiting activities are likely to cause and actually are causing confusion, mistake, and deception among the general consuming public as to the original and quality of Defendant The RealReal's CHANEL-branded goods.

63.     Defendant's illegal acts are intended to reap the benefit of the goodwill that CHANEL has created in its CHANEL Trademarks and constitute counterfeiting of CHANEL's federally-registered trademarks in violation of § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

64.     Defendant The RealReal's conduct has caused and is causing immediate and irreparable injury to CHANEL and will continue to both damage CHANEL and deceive the public unless enjoined by this Court.  Chanel has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## <u>FALSE ADVERTISING IN VIOLATION OF 15 U.S.C. § 1125(a)</u>

65.     Chanel repeats and realleges the allegations set forth in Paragraphs 1 through 64 above, as if fully set forth herein.

66.     In representing to consumers through its advertising and representations on its website that so-called CHANEL-branded products are "100% authentic" and that The RealReal "does not accept…counterfeit merchandise" when Defendant The RealReal has and knowingly continues to sell counterfeit CHANEL-branded products, Defendant The RealReal is falsely and/or misleadingly passing off its products as products inspected or guaranteed by Chanel or guaranteed genuine CHANEL-branded products.  By so doing, Defendant The RealReal is misrepresenting the nature, characteristics and/or qualities of certain of its goods and services and other commercial activities.

67.     Upon information and belief, in representing to consumers on its website and advertising that its employs "50+ brand authenticators" so that consumers can be sure that "every item is 100% authentic," when, in fact, they are not authorized or trained by Chanel, Defendant The RealReal is falsely and/or misleadingly represents to consumers The RealReal's ability to authenticate secondhand CHANEL products.

68.     Upon information and belief, Defendant The RealReal made these false and misleading representations in order to take advantage of Chanel's renown and reputation to induce consumers to purchase Defendant The RealReal's products as genuine CHANEL-branded products.

69.     Chanel has an interest in stopping Defendant The RealReal from deceiving and misleading consumers into believing that Defendant The RealReal offers products that are either authentic and/or verified by Chanel to be authentic.

70.     Defendant's implicitly false statements of the authenticity of its goods and services have caused and are likely to cause consumers to believe mistakenly that Chanel verified their authenticity of the CHANEL-branded products when, in fact, Chanel did not verify their authenticity and did not authorize or train Defendant The RealReal or its personnel to do so.

71.     Defendant The RealReal's false and misleading advertisements and CHANEL-branded products have actually deceived or are likely to deceive a substantial portion of the intended audience and harm Chanel's reputation.

72.     The false and misleading misstatements made by Defendant The RealReal as to whether Chanel has verified the product authenticity are material and are likely to influence purchasing decisions, including decisions to purchase from Defendant The RealReal.  Indeed, Defendant The RealReal premises its business on its claimed ability to provide authentic CHANEL-branded products to consumers and attract consumers by its misleading claim of authenticity.

73.     Defendant The RealReal's conduct is willful.

74.     Defendant The RealReal's conduct described herein is causing immediate and irreparable injury to Chanel, by selling counterfeit goods, directly diverting sales, and by harming Chanel's goodwill and reputation, and will continue to damage Chanel and deceive consumers unless enjoined by this Court.

75.     Defendant The RealReal's acts constitute false advertising and false representations in violation of 15 U.S.C. § 1125(a).  Chanel has no adequate remedy at law.

76.     Upon information and belief, Defendant The RealReal received substantial revenues and substantial profits arising out of its acts of passing off and false advertising to

which it is not entitled, and Chanel also suffered damages as a result of Defendant The

RealReal's acts of false advertising, for which Defendant The RealReal is responsible.

### THIRD CLAIM FOR RELIEF
### FALSE ENDORSEMENT/UNFAIR COMPETITION
### IN VIOLATION OF 15 U.S.C. § 1125(a)

77.     Chanel repeats and realleges the allegations set forth in Paragraphs 1 through 76

above as if fully set forth herein.

78.     Defendant The RealReal is engaged in a pattern of conduct and a business

practice designed to cause confusion and mistake, and to deceive consumers by conveying the

erroneous impression that The RealReal engages in the resale of authentic CHANEL-branded

products that its goods and services are authentic and approved by Chanel even though Chanel

has no affiliation with The RealReal or its inventory.  Furthermore, Defendant The RealReal's

business practice claims to be offering for sale of "100% authentic" CHANEL-branded products,

when, in fact, some of the goods are counterfeit Chanel products.

79.     Defendant The RealReal's conduct is willful and causing immediate and

irreparable injury to Chanel, both by direct diversion of sales and by harming Chanel's goodwill

and reputation, and will continue to damage Chanel and deceive consumers unless enjoined by

this Court.

80.     Defendant The RealReal's actions alleged above constitute a false designation of

origin, false and misleading descriptions of fact, and false and misleading representations of fact,

which have caused, and are likely to cause, confusion, mistake and deception, in violation of

§ 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Chanel has no adequate remedy at law.

81.     Upon information and belief, Defendant The RealReal received substantial

revenues and substantial profits arising out of its acts of false advertising to which it is not

entitled, and Chanel also suffered damages as a result of Defendant The RealReal's acts of false advertising, for which Defendant The RealReal is responsible.

## FOURTH CLAIM FOR RELIEF
## <u>UNFAIR COMPETITION IN VIOLATION OF NEW YORK COMMON LAW</u>

82.     Chanel repeats and realleges the allegations set forth in Paragraphs 1 through 81 above, as if fully set forth herein.

83.     In repeatedly offering for sale counterfeit CHANEL-branded products while assuring consumers of the authenticity of its inventory as determined by "brand authenticators" who inspect goods to be sure that every item is "100% authentic," while failing to inform consuming public that Defendant The RealReal has no affiliation with Chanel and further deceiving consumers by engaging in sale of counterfeit CHANEL-branded items, Defendant The RealReal is engaged in a pattern of willful and intentional conduct and a business practice designed to cause confusion and mistake, and to deceive consumers by conveying the erroneous impression that its goods and services are authentic Chanel even though Chanel has no affiliation with The RealReal or its inventory.

84.     Defendant The RealReal's conduct complained of herein is likely to confuse the public as to the origin, source or sponsorship of Defendant The RealReal's CHANEL-branded goods and services, or to cause mistake or to deceive the public into believing that Defendant The RealReal's goods and services are authorized, sponsored, endorsed, licensed by, or affiliated with Chanel and/or that Chanel has authenticated Defendant The RealReal's goods and services, in violation of Chanel's rights in the CHANEL brand and the CHANEL Trademarks under New York State common law.

85.     Upon information and belief, Defendant The RealReal has engaged in wrongful conduct with constructive and/or actual knowledge that it would mislead consumers as to

Defendant The RealReal's relationship with Chanel.  By willfully misleading consumers in this manner, Defendant The RealReal has been unjustly enriched and Chanel has been damaged.

86.     By misappropriating and trading upon the goodwill and business reputation of Chanel, Defendant The RealReal has been and, unless enjoined by this Court, will continue to be unjustly enriched at Chanel's expense.

87.     Defendant The RealReal's wrongful conduct constitutes unfair competition under New York common law.  Chanel has no adequate remedy at law.

88.     Defendant The RealReal's conduct has caused and is causing immediate and irreparable injury to Chanel and will continue to both damage Chanel and deceive the public unless enjoined by this Court.

**FIFTH CLAIM FOR RELIEF**
**VIOLATION OF THE NEW YORK DECEPTIVE**
**AND UNFAIR TRADE PRACTICES ACT**
**<u>IN VIOLATION OF N.Y. GEN. BUS. LAW § 349</u>**

89.     Chanel repeats and realleges the allegations set forth in Paragraphs 1 through 88 above, as if fully set forth herein.

90.     By reason of the acts set forth above, Defendant The RealReal has been and is engaged in deceptive acts or practices in the conduct of a business, trade or commerce, in violation of Section 349 of the New York General Business Law.

91.     Defendant The RealReal's conduct is willful and in knowing disregard of Chanel's rights.

92.     Defendant The RealReal has been and is engaged in deceptive acts or practices in the conduct of a business, trade or commerce in violation of Section 349 of the New York General Business Law.  Chanel has no adequate remedy at law.

93.     Defendant The RealReal's conduct has caused and is causing immediate and irreparable injury to Chanel and will continue to both damage Chanel and deceive the public unless enjoined by this Court.

**SIXTH CLAIM FOR RELIEF**
**FALSE ADVERTISING IN VIOLATION OF N.Y. GEN. BUS. LAW § 350**

94.     Chanel repeats and realleges the allegations set forth in Paragraphs 1 through 93 above, as if fully set forth herein.

95.     By reason of the acts set forth above, Defendant The RealReal has been and is engaged in consumer-oriented advertising and marketing in the conduct of its business, trade and/or commerce that is false and misleading in material respects, in violation of Section 350 of the New York General Business Law.

96.     Upon information and belief, Defendant The RealReal has engaged in false advertising in order to induce consumers to purchase used products from Defendant The RealReal.  Chanel has no adequate remedy at law.

97.     Defendant The RealReal's conduct described herein is causing immediate and irreparable injury to Chanel, both by direct diversion of sales and by harming the CHANEL Trademarks and Chanel's goodwill and reputation, and will continue to damage Chanel and deceive and harm the public unless enjoined by this Court.

WHEREFORE, Plaintiff Chanel, Inc. respectfully demands judgment as follows:

1)      That a permanent injunction be issued enjoining Defendants The RealReal from:

    (a)      selling, offering, advertising, marketing, distributing, disseminating, or otherwise providing any product that bears any mark that is a simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of the CHANEL Trademarks; marketing, promoting or advertising

any goods and services in a manner that causes consumers to believe that Defendant The RealReal is associated or affiliated with Chanel in any way or that Defendant The RealReal's goods have been approved or authenticated by Chanel or individuals affiliated with Chanel;

(b)     disseminating any false and/or misleading information relating to the authenticity, nature or age of Defendant The RealReal's goods and services with respect to Chanel;

(c)     disseminating any false and/or misleading information about Chanel, the CHANEL Trademarks, and/or Chanel products;

(d)     engaging in any activity constituting counterfeiting of CHANEL Trademarks under 15 U.S.C. § 1114(1)(a);

(e)     engaging in any other activity constituting false advertising of Chanel products;

(f)     engaging in any other activity constructing false endorsement or false affiliation with Plaintiff Chanel and/or the CHANEL Trademarks;

(g)     engaging in any other activity constituting unfair competition with Chanel; and

(h)     assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

2)     That the Court issue an order directing Defendants The RealReal to include a disclaimer on all advertising, marketing and promotional materials concerning or relating to purportedly CHANEL-branded products that Defendants The RealReal is not sponsored,

associated, authorized or affiliated with Chanel nor do its "brand authenticators," including valuation managers, brand compliance managers, and brand authenticators have any relationship with or training from Chanel and that such disclaimer must be prominently displayed with large and legible text placed upon the secondhand materials, as well as in all of The RealReal's advertising, marketing and promotional materials.

3)      That the Court issue an order directing Defendants The RealReal to notify potential consumers that the purported authenticity of the products for sale by Defendant The RealReal is **not** verified or authenticated by Chanel and that Chanel does **not** guarantee items sold by Defendant The RealReal are genuine and that such notice must be prominently displayed with large and legible text placed upon the materials, as well as in all of The RealReal's advertising, marketing and promotional materials.

4)      Directing that Defendant The RealReal, at its own expense, be directed to recall any and all counterfeit products from any consumers, distributors, retailers, vendors or others to whom it has distributed or sold her counterfeit products.

5)      Directing such other relief as the Court may deem appropriate to prevent the public from deriving erroneous impressions regarding Defendant The RealReal, its affiliation with Chanel and/or the authenticity of its products.

6)      Directing that Defendant The RealReal file with the Court and serve upon Chanel's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which it has complied with the above.

7)      Awarding Chanel its actual damages, trebled pursuant to 15 U.S.C. § 1117(a) and (b), or, if Chanel elects, statutory damages as the Court considers just, up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed, pursuant to 15 U.S.C.

§ 1117(c), arising out of Defendant's acts of willful trademark infringement and counterfeiting based on Defendant's use of the CHANEL Trademarks.

8) Awarding Chanel its actual damages, trebled pursuant to 15 U.S.C. § 1117(a), arising out of Defendant's acts of willful unfair competition.

9) Requiring Defendant to account for and pay over to Chanel three times the profits realized by Defendant from its infringement of the CHANEL Trademarks and unfair competition with Chanel.

10) Awarding Chanel such further amounts as the Court may in its discretion find to be just should the amount of profits be inadequate, pursuant to 15 U.S.C. § 1117(a).

11) Awarding Chanel exemplary and punitive damages to deter any further deceptive and unfair conduct as the Court finds appropriate.

12) Awarding Chanel its costs and disbursements incurred in this action, including, but not limited to, reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

13) Awarding Chanel its actual damages, trebled pursuant to Section 349(h) of the New York General Business Law, arising out of Defendant's acts of willfully and knowingly engaging in deceptive business practices that disregarded Chanel's rights.

14) Awarding Chanel reasonable attorney's fees, pursuant to Section 349(h) of the New York General Business Law.

15) Awarding Chanel its actual damages, trebled pursuant to Section 350-e(3) of the New York General Business Law, arising out of Defendant's acts of willful and knowing false advertisement using the CHANEL Marks.

16) Awarding Chanel reasonable attorney's fees, pursuant to Section 350-e(3) of the New York General Business Law.

17)     Awarding Chanel interest, including pre-judgment interest on the foregoing sums.

18)     Awarding Chanel such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Dated:  November 14, 2018
       New York, New York

/s/Theodore C. Max
Theodore C. Max (TM 1742)
30 Rockefeller Plaza
New York, New York 10112
Telephone: 212-653-8700
Facsimile: 212-653-8701

*Attorneys for Plaintiff Chanel, Inc.*