# EXHIBIT A

| | |
|---|---|
| **From:** | Ted Max |
| **To:** | Laura Harris; Tyler Baker |
| **Cc:** | Karen Dunn; Leigh Nathanson; Hyo Jin Paik |
| **Subject:** | RE: Chanel v. The RealReal (SDNY) |
| **Date:** | Thursday, April 23, 2020 4:51:58 PM |

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Dear Laura:

I hope your family and you are safe and doing well in the work-from-home environment. We of course acknowledge and agree that the COVID-19 virus has caused restrictions with regard to travel to the workplace and beyond and, like you, we are working from home. We hope that steps will be taken soon so that people will be able to return to work.

As you know, the First Amended Complaint was served over a year ago and The RealReal, Inc. has dedicated two large nationally-recognized law firms to the defense on its behalf. In response to your request for a sixty-day extension in addition to the thirty days pursuant to the Court's order, Chanel agreed to a thirty-day extension and said that, depending upon the situation, Chanel would grant another thirty-day extension if the circumstances did not improve and necessitated a further thirty-day extension. When I asked for the reason for the additional thirty days, you did not provide any explanation other than general information on COVID-19 virus restrictions upon travel and stay-at-home orders. In other words, you have not pointed circumstances specific to your client or its counsel that indicate need beyond the reasonable extension already provided. If, however, there are in fact specific reasons why a further extension of 30 days is reasonably necessary, such as a true inability to access files necessary to prepare an Answer, or the illness of litigation counsel or principals of the client, or an in ability to communicate by telephone or electronic means, please let me know and we will recommend that Chanel reconsider its position.

We note however that your law firm has stated to clients and potential clients that it stands ready to represent them during this difficult time, and if that is the case, we believe that Chanel's position is fair. If the circumstances change and/or there is a specific reason for an additional extension of thirty days, we are confident Chanel will be reasonable so that The RealReal will not be unnecessarily prejudiced.

Best regards, Ted

**Theodore C. Max**
+1 212-653-8702 | direct
TMax@sheppardmullin.com | Bio

**Sheppard**Mullin

30 Rockefeller Plaza
New York, NY 10112-0015
+1 212-653-8700 | main

www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Laura Harris <lharris@bsfllp.com>
**Sent:** Tuesday, April 21, 2020 8:01 PM
**To:** Tyler Baker <TBaker@sheppardmullin.com>
**Cc:** Ted Max <TMax@sheppardmullin.com>; Karen Dunn <kdunn@bsfllp.com>; Leigh Nathanson <lnathanson@bsfllp.com>; Hyo Jin Paik <HPaik@sheppardmullin.com>
**Subject:** RE: Chanel v. The RealReal (SDNY)

Tyler,

We can certainly give you another day or so. We do wish to ensure the Court has sufficient time to consider the request, however, because it does not permit extensions by stipulation alone. Please let us know by Thursday, at which point it will have been over two weeks since we first contacted you, and one week before our deadline.

Best,
Laura

**Laura E. Harris**
BOIES SCHILLER FLEXNER LLP
(t) +1 212 754 4253
(m) +1 917 767 6383

---

**From:** Tyler Baker [mailto:TBaker@sheppardmullin.com]
**Sent:** Monday, April 20, 2020 8:58 PM
**To:** Laura Harris <lharris@bsfllp.com>
**Cc:** Ted Max <TMax@sheppardmullin.com>; Karen Dunn <kdunn@bsfllp.com>; Leigh Nathanson <lnathanson@bsfllp.com>; Hyo Jin Paik <HPaik@sheppardmullin.com>
**Subject:** Re: Chanel v. The RealReal (SDNY)

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

Hi Laura,

Ted Max informs me that he is dealing with a client emergency this evening. We should have a final answer on the 60 day extension in the next day or two. If you feel the need to go to the Court before that, so be it, and we will file our own response to the Court as necessary. As you acknowledge, you have been given an additional 30 days, so there does not appear to be an urgency to burden the Court with this issue right away, particularly if it may be moot in less than 48 hours.

Thanks.

**Tyler E. Baker**
+1 212-634-3048 | direct
TBaker@sheppardmullin.com | Bio

**SheppardMullin**
30 Rockefeller Plaza
New York, NY 10112-0015
+1 212-653-8700 | main
www.sheppardmullin.com | LinkedIn | Twitter

On Apr 20, 2020, at 5:24 PM, Laura Harris <lharris@bsfllp.com> wrote:

Ted,

Thank you for confirming that Chanel consents to a thirty-day extension of TRR's time to answer.  To respond to your request for a "specific reason" for a sixty-day extension beyond "general 'COVID-19' disruption," we plan to detail for the court the following:

The current public health emergency due to the COVID-19 virus has caused significant disruption to normal business operations and across the legal profession, particularly in and around New York, New York and San Francisco, California, where TRR's operations are headquartered.  On March 16, 2020, the White House, in order to reduce the spread of the COVID-19 virus, advised all Americans to work at home whenever possible for at least the next fifteen days (https://www.whitehouse.gov/articles/15-days-slow-spread/).  On March 29, the White House extended its coronavirus guidelines for at least another month, to April 30 (https://www.whitehouse.gov/articles/these-30-days-how-you-can-help/).  On March 19, the Governor of California issued a "stay at home" order to apply statewide, which will remain in place until further notice (https://covid19.ca.gov/img/N-33-20.pdf).  On March 31, the City and County of San Francisco, California, issued an extended and more restrictive "stay at home" order through at least May 3 (https://www.sfdph.org/dph/alerts/files/HealthOfficerOrder-C19-07b-ShelterInPlace-03312020.pdf).  Likewise, on March 22, the Governor of New York issued a statewide "stay at home" order (https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202.8.pdf).  On April 16, the Governor of New York extended the order through at least May 15 (https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202.18.pdf).  Law firms, including ours, have closed their offices except for emergency personnel and advised all legal personnel to work at home.  And due to the restrictions noted above, counsel are working from home, are not conducting in-person business meetings with other individuals, and are currently unable to travel away from their respective residences for business purposes.

In an effort to avoid burdening the Court with successive requests, we have requested an extension that we believe is reasonable under these extraordinary circumstances and which does not prejudice your client.

We have awaited Chanel's response since April 8, notwithstanding that we have communicated multiple times since then.  When we spoke on April 9, you stated

you would respond on April 14.  When we did not receive your response on that date, I wrote on April 15 to request your response.  Again, not receiving a response, I wrote on April 17.  Please let me know today whether Chanel consents to our requested sixty-day extension or continues to withhold consent.

      We wish to avoid burdening the Court with an eleventh-hour request during this period, so we will file our letter motion to the Court tomorrow.

Best,
Laura

**Laura E. Harris**
BOIES SCHILLER FLEXNER LLP
(t) +1 212 754 4253
(m) +1 917 767 6383

**From:** Ted Max [mailto:TMax@sheppardmullin.com]
**Sent:** Friday, April 17, 2020 4:44 PM
**To:** Laura Harris <lharris@bsfllp.com>
**Cc:** Karen Dunn <kdunn@bsfllp.com>; Leigh Nathanson <lnathanson@bsfllp.com>; Tyler Baker <TBaker@sheppardmullin.com>; Hyo Jin Paik <HPaik@sheppardmullin.com>
**Subject:** Re: Chanel v. The RealReal (SDNY)

**CAUTION:** External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Dear Laura:

I apologize for the delay but I am waiting to hear back from my client.  To be clear, you made one request, not several, and I do not believe that there is such urgency to justify a demand for a decision by close of business today.

As we discussed, you have Chanel's consent to an additional thirty days on top of the thirty days from March 30, 2020, which gets you to the end of May.  At a minimum, your client now still has 45 days in which to file its Answer, which is ostensibly reasonable time to do so.  But, I should hear from my client shortly and so I do not think there is a need to burden the Court at this time with your request for an additional thirty days from the end of May on Monday, April 17, 2020.   If there is a reason why this should be done on Monday without waiting to hear from Chanel, please let me know.

Right now you have only provided the general "COVID-19" disruption as the basis for requesting an additional sixty days.  We certainly understand that all businesses are facing challenges presently and as a result are willing to grant your client additional

thirty days, on top of the thirty days already provided by the Court, to file its Answer. If there are more specific reasons why your client or you requires more than sixty days to file an Answer (30 from the Court, and 30 by stipulation from Chanel), please let me know so that I can educate my client for their consideration.  As I explained, I have nothing to explain to Chanel why the additional thirty days to file an Answer for a total of sixty days is not a reasonable period to file an Answer.

If you are unwilling to wait to hear a response to your request, please include our email correspondence in your request to the Court so that it is clear that Chanel has agreed to an additional thirty days beyond the Court's thirty-day ordered deadline, has asked for information with regard to the additional thirty days, and is considering the request for the additional thirty days.  Please also recall that we discussed how this situation is fluid and that we would try to afford further courtesies in the future.

Best regards, Ted

**Theodore C. Max**
+1 212-653-8702 | direct
TMax@sheppardmullin.com | Bio

**SheppardMullin**
30 Rockefeller Plaza
New York, NY 10112-0015
+1 212-653-8700 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Laura Harris <lharris@bsfllp.com>
**Sent:** Friday, April 17, 2020 12:33 PM
**To:** Ted Max <TMax@sheppardmullin.com>
**Cc:** Karen Dunn <kdunn@bsfllp.com>; Leigh Nathanson <lnathanson@bsfllp.com>
**Subject:** RE: Chanel v. The RealReal (SDNY)

Ted,

When we spoke last Thursday, you indicated that you would provide your client's response on Tuesday.  Now, over a week later, and despite our outreach, we still have not heard back.  Given the current circumstances, our proposed extension is reasonable.  Please let me know your client's response today.  Otherwise we will need to file our request Monday and inform the court that we did not receive a response to our multiple attempts to obtain your client's consent.

Best,
Laura


Laura Harris
Boies Schiller Flexner LLP

(t) +1 212 754 4253
(m) +1 917 767 6383

On April 15, 2020 at 1:58:00 PM EDT, Laura Harris <lharris@bsfllp.com> wrote:

> Ted,
>
> I hope all remains well on your end. I'm writing to check in on our request for an extension.
>
> Many thanks again for your consideration during this period.
>
> Best,
> Laura
>
> **Laura E. Harris**
> BOIES SCHILLER FLEXNER LLP
> (t) +1 212 754 4253
> (m) +1 917 767 6383
>
> **From:** Ted Max [mailto:TMax@sheppardmullin.com]
> **Sent:** Thursday, April 9, 2020 12:57 PM
> **To:** Laura Harris <lharris@bsfllp.com>
> **Subject:** RE: Chanel v. The RealReal (SDNY)
>
> **CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.
>
> Dear Laura:
>
> Could we speak at 1:20 p.m. EST? I can be reached at the number below.
>
> Best regards, Ted
>
> **Ted Max**
> **SheppardMullin** | New York
> +1 212-653-8702 | ext. 28702
>
> **From:** Laura Harris <lharris@bsfllp.com>
> **Sent:** Thursday, April 9, 2020 12:24 PM
> **To:** Ted Max <TMax@sheppardmullin.com>
> **Cc:** Karen Dunn <kdunn@bsfllp.com>; Leigh Nathanson <lnathanson@bsfllp.com>
> **Subject:** RE: Chanel v. The RealReal (SDNY)

Ted,

Would 1 pm today work? If so, just let me know the best number to reach you.

Thanks,
Laura

**Laura E. Harris**

BOIES SCHILLER FLEXNER LLP
(t) +1 212 754 4253
(m) +1 917 767 6383

---

**From:** Ted Max [mailto:TMax@sheppardmullin.com]
**Sent:** Thursday, April 9, 2020 12:17 PM
**To:** Laura Harris <lharris@bsfllp.com>
**Cc:** Karen Dunn <kdunn@bsfllp.com>; Leigh Nathanson <lnathanson@bsfllp.com>
**Subject:** RE: Chanel v. The RealReal (SDNY)

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

Dear Laura:

I hope that you are safe and healthy as well.  I think it would be useful to speak to understand  your needs.  What works for you in terms of speaking together?

Best regards, Ted

**Ted Max**
**SheppardMullin** | New York
+1 212-653-8702 | ext. 28702

---

**From:** Laura Harris <lharris@bsfllp.com>
**Sent:** Wednesday, April 8, 2020 1:56 PM
**To:** Ted Max <TMax@sheppardmullin.com>
**Cc:** Karen Dunn <kdunn@bsfllp.com>; Leigh Nathanson <lnathanson@bsfllp.com>
**Subject:** Chanel v. The RealReal (SDNY)

Ted,

I hope this email finds you and your family safe and healthy.  I write to seek your consent to a sixty day extension of our time to answer the complaint to

June 29, 2020, in light of the pandemic.  Please let us know if it would be helpful to discuss.

Best,
Laura

**Laura E. Harris**
Partner

BOIES SCHILLER FLEXNER LLP
55 Hudson Yards
New York, NY 10001
(t) +1 212 754 4253
(m) +1 917 767 6383
lharris@bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.