

April 24, 2020

**BY ECF**

The Honorable Vernon S. Broderick
Thurgood Marshall United States Courthouse
40 Foley Square
New York, N.Y. 10007

Application granted in part.  Defendant shall have an additional thirty (30) days to answer the First Amended Complaint.
SO ORDERED:

*[signature]*
HON. VERNON S. BRODERICK 4/27/2020
UNITED STATES DISTRICT JUDGE

     Re:    *Chanel, Inc. v. The RealReal, Inc.*, Case No. 1:18-cv-10626-VSB

Dear Judge Broderick:

     I write on behalf of The RealReal, Inc. ("TRR") to request an extension of time to answer Plaintiff's First Amended Complaint in light of the current public health emergency due to the COVID-19 virus.  TRR respectfully requests that the time to answer Plaintiff's First Amended Complaint be extended by sixty days to June 29, 2020.

     On March 30, this Court issued an Opinion & Order granting in part and denying in part TRR's Motion to Dismiss Plaintiff's First Amended Complaint and ordering TRR to file an answer to the First Amended Complaint within thirty days, by April 29 (ECF No. 39).  TRR first contacted Plaintiff's counsel to request a sixty-day extension on April 8, and counsel discussed the extension during a phone call the next day.  *See* Exh. A at 6-8 (Emails between Plaintiff's counsel and TRR).  During the phone call, Plaintiff's counsel indicated that Chanel would respond by April 14.  Having not received a response, TRR again contacted Plaintiff's counsel on April 15 and 17.  *Id.* at 5-6.  On April 17, Plaintiff's counsel consented to a thirty-day extension, but requested that TRR provide "specific reasons" beyond "the general 'COVID-19' disruption as the basis for requesting" an additional thirty-day extension, for a total of sixty days.  *Id.* at 4-5.  On April 20, TRR responded to Plaintiff's counsel with the reasons detailed in this letter, namely the stay-at-home restrictions in effect at the local, state, and national levels, as well as the closures of undersigned counsel's law firms.  *Id.* at 3-4.  The same day, Plaintiff's counsel replied asking for more time to consider TRR's request for an additional thirty-day extension, and TRR agreed.  *Id.* at 2-3.  On April 23, more than two weeks after TRR's first outreach, Plaintiff's counsel rejected TRR's request for an additional thirty-day extension but indicated that "Chanel will be reasonable" if "the circumstances change and/or there is a specific reason for an additional extension of thirty days."  *Id.* at 1.

     As this Court is aware, the current public health emergency due to the COVID-19 virus has caused significant disruption to normal business operations and across the legal profession, particularly in and around New York, New York and San Francisco, California, where TRR's operations are headquartered.  On March 16, 2020, the White House, in order to reduce the spread of the COVID-19 virus, advised all Americans to work at home whenever possible for at least the next fifteen days (https://www.whitehouse.gov/articles/15-days-slow-spread/).  On March 29, the White House extended its coronavirus guidelines for at least another month, to April 30 (https://www.whitehouse.gov/articles/these-30-days-how-you-can-help/).



Furthermore, on March 19, the Governor of California issued a "stay at home" order to apply statewide, which will remain in place until further notice (https://covid19.ca.gov/img/N-33-20.pdf).  On March 31, the City and County of San Francisco, California, issued an extended and more restrictive "stay at home" order through at least May 3 (https://www.sfdph.org/dph/alerts/files/HealthOfficerOrder-C19-07b-ShelterInPlace-03312020.pdf).

Likewise, on March 22, the Governor of New York issued a statewide "stay at home" order (https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202.8.pdf).  On April 16, the Governor of New York extended the order through at least May 15 (https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202.18.pdf).  Moreover, undersigned counsel's law firms have closed their offices except for emergency personnel and advised all legal personnel to work at home.

Due to the restrictions noted above, counsel are working from home, are not conducting in-person business meetings with other individuals, and are currently unable to travel away from their respective residences for business purposes.  These restrictions have severely limited TRR's ability to gather the information needed to answer Plaintiff's First Amended Complaint within the thirty days ordered by the Court.  In light of these circumstances, TRR respectfully requests that the time to answer Plaintiff's First Amended Complaint be extended to June 29, 2020.

Although the parties have previously stipulated to, and this Court so-ordered, schedules for the briefing of Defendant's Motion to Dismiss Complaint (ECF Nos. 8 & 9) and Motion to Dismiss First Amended Complaint (ECF Nos. 27 & 28), TRR has not made a previous request for an extension of the time to answer Plaintiff's First Amended Complaint.  TRR does not make this request for delay or any other improper purpose, but rather in response to the current public health emergency due to the COVID-19 virus.

For the Court's convenience, TRR files a proposed order extending TRR's time to answer Plaintiff's First Amended Complaint along with this letter.  Thank you for your consideration.

Respectfully,

*/s/ Karen L. Dunn*
Karen L. Dunn
BOIES SCHILLER FLEXNER LLP
1401 New York Ave. NW
Washington, D.C. 20005
T: (202) 237-2727



    Leigh M. Nathanson
    Laura E. Harris
    Yotam Barkai
    BOIES SCHILLER FLEXNER LLP
    55 Hudson Yards
    New York, New York 10001
    T: (212) 446-2300

SIDLEY AUSTIN LLP
Rollin A. Ransom (Admitted *Pro Hac Vice*)
Lauren M. De Lilly (Admitted *Pro Hac Vice*)
555 West Fifth Street
Los Angeles, California 90013
T: (213) 896-6000

*Attorneys for Defendant The RealReal, Inc.*