**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

212.653.8702 direct
tmax@sheppardmullin.com

June 12, 2020

**BY ECF**

The Honorable Vernon S. Broderick
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:     **Chanel, Inc., v. The RealReal, Inc., Case No. 18-CV-10626 (VSB)**

Dear Judge Broderick:

This law firm represents plaintiff Chanel, Inc. ("Plaintiff" or "Chanel") in the above-referenced matter.  We write jointly with counsel for defendant The RealReal, Inc. ("Defendant" or "TRR") to advise the Court of initial conference matters pursuant to the Court's June 4, 2020 Order and Notice of Initial Conference.  [Dkt No. 45.]

1.   **Brief Description of the Case**

*Chanel's Description of the Nature of the Action and Claims:*

Plaintiff Chanel is an iconic fashion company whose luxury products are advertised, sold and sought worldwide.  Chanel's goods are prominently featured in print, television and social media, and authentic CHANEL-branded items -- new or secondhand -- command top-dollar prices because of their extraordinary design and quality and the limited number of each design that are manufactured.  Chanel owns rights to several CHANEL and "CC" monogram trademarks which represent the prestige and quality that have become associated with Chanel and its luxury designs.  This action arises out of TRR's improper and misleading business practices as they relate to the marketing and advertising of CHANEL-branded items by TRR.

TRR represents itself as "the premier site for online luxury consignment" and expressly represents to consumers that "[The RealReal] is authentic.  [The RealReal] ensure[s] that every item on the RealReal is 100% the real thing, thanks to our dedicated team of authentication experts. . . . "  TRR advertises and purports to sell authenticated, secondhand luxury products, including purportedly authentic CHANEL-branded items, that it obtains from third-party

Honorable Vernon S. Broderick
June 12, 2020
Page 2

consignors.  TRR's advertising and marketing tout that TRR has trained authentication "experts" who can and do authenticate each and every CHANEL-branded item that TRR offers for sale, and that its rigorous authentication process ensures that there is "an expert behind every item."

While TRR contends that Chanel's objective in bringing this lawsuit "is to stifle legitimate competition," Chanel's counsel has expressly represented to TRR's counsel prior to the filing of this letter that the aim of this lawsuit is nothing of the sort, but instead is intended to protect consumers by halting the sale of counterfeit CHANEL-branded items and false advertising regarding the authentication and authenticity of products TRR sells.  As demonstrated in the documents included with the First Amended Complaint, and as will be more fully demonstrated through discovery in this matter, TRR sells CHANEL-branded items, including handbags, which it purports to be genuine, but are in fact counterfeit.  Moreover, as numerous journalistic investigations in past months have reported, the so-called "experts" that TRR advertises to employ authenticating each product it sells are in fact anything but experts; instead, a significant number lack any reasonable credentials to be considered experts and are required by TRR to "authenticate" sometimes hundreds of items per day.  Discovery in this matter will confirm that while TRR guarantees "100%" genuine products authenticated by "experts" to consumers paying expensive prices for purportedly-authentic designer goods, TRR does not sufficiently employ or train persons and employ practices to make those guarantees true, harming Chanel in the market and deceiving countless customers.  Chanel is concerned that TRR's advertisements, which guarantee "100%" genuine products authenticated by "experts" and convey that TRR does not sell counterfeit and non-genuine CHANEL-branded goods, are literally false and likely to mislead consumers.  Chanel therefore seeks relief and pursues claims for trademark counterfeiting/infringement under 15 U.S.C. § 1114(1)(a), false advertising under 15 U.S.C. § 1125(a)(1)(B), and unfair competition under New York common law.[1]

### *TRR's Description of the Nature of the Action and Principal Defenses:*

TRR is a leader in the luxury consignment market. It provides a safe, secure, and reliable platform for the consignment and resale of luxury clothing, handbags, fine jewelry and watches, art, and furniture. As TRR's website and advertising make clear, TRR uses a rigorous, brand-specific authentication process to inspect and authenticate every item consigned on its site.

This litigation is the latest tactic in Chanel's anticompetitive campaign against TRR and other participants in the secondary market for the sale of luxury goods. Chanel's objective is to stifle legitimate competition and undermine consumer confidence in the secondary market,

---

[1] Chanel is cognizant that the Court's March 30, 2020 order dismissed Counts One (trademark infringement under 15 U.S.C. § 1114(1)(a)), Four (false endorsement and unfair competition under 15 U.S.C. § 1125(a)(1)(A)), Six (violations of GBL section 349), and Seven (violations of GBL section 350) of the First Amended Complaint, and therefore does not reference those causes of action herein.  [Dkt. No. 39.]

Honorable Vernon S. Broderick
June 12, 2020
Page 3

which Chanel views as a competitive threat. The Court has already dismissed Chanel's efforts to
cast TRR's business model as trademark infringement under the Lanham Act and New York law.
Now, only a narrow set of claims remains: that TRR allegedly sold seven counterfeit Chanel
handbags, and that TRR's advertisements are false in violation of the Lanham Act and New York
law because TRR allegedly sold such counterfeit products.

Chanel's claims fail on numerous grounds as set forth in TRR's Answer and Affirmative
Defenses. Among other defects, TRR argues that: Chanel fails to state a claim; Chanel's marks
are invalid and unenforceable because Chanel itself fails to distinguish counterfeit Chanel goods
and has accepted returns of counterfeit handbags at its boutiques and authorized retailers; Chanel
has unclean hands by virtue of its anticompetitive schemes against the secondary market; and
Chanel has failed to show an injury sufficient for standing under the Lanham Act. TRR is
confident that discovery will confirm that Chanel's claims are legally and factually deficient, that
TRR has not engaged in counterfeiting or false advertising, and that neither Chanel nor
consumers have been harmed by any conduct alleged in this lawsuit.

### 2.  Brief Description of Jurisdiction & Venue

This Court has jurisdiction over this matter under Section 39 of the Lanham Act, 15
U.S.C. § 1121, and under Sections 1331, 1338(a), 1338(b), and 1367(a) of the Judicial Code.
Venue is proper because TRR is subject to personal jurisdiction in the jurisdiction and the acts
complained of occurred in this Judicial District.  Chanel is incorporated in the State of New York
and its principal place of business is at 9 West 57th Street, New York, New York, 10019.  TRR is
incorporated in the State of Delaware and its principal business is at 55 Francisco Street, Suite
500, San Francisco, California 94133.

### 3.  Contemplated and/or Outstanding Motions

There are presently no outstanding motions.

*Chanel's Contemplated Motions*: In light of new facts disclosed through the volume of
press reporting on TRR's deceptive business practices, and further publicly-available
information learned from an ongoing lawsuit against TRR in the Northern District of California,
alleging violations of federal securities laws arising from, in part, TRR's deceptive business
practices (*see Sanders v. The RealReal, Inc.*, Case No: 5:19-cv-07737-EJD (N.D. Cal.)), Chanel
may seek to amend its First Amended Complaint with leave of the Court once these facts have
been developed.

*TRR's Contemplated Motions*: TRR does not contemplate bringing motions at this time.
TRR further denies that there is any basis for Chanel to amend its First Amended Complaint. The
*Sanders* lawsuit described above alleges violations of federal securities laws, not trademark
infringement or counterfeiting. In any event, Chanel, which is not a shareholder of TRR, has not

Honorable Vernon S. Broderick
June 12, 2020
Page 4

suffered any harm as a result of any conduct alleged in *Sanders*. Accordingly, *Sanders* has no bearing on this litigation.

### 4. Discovery

Discovery has not yet commenced in this action.  However, for Chanel to continue prosecuting its case and/or engage in meaningful settlement discussions, Chanel anticipates that it will need to take discovery on the following subjects: (1) TRR's authentication policies and procedures; (2) the hiring, qualifications, job requirements, training, and regular work practice of TRR employees or independent contractors charged with authentication and review of CHANEL-branded items, including TRR's purported authentication "experts"; (3) TRR's marketing and advertising of CHANEL-branded items; (4) the support or substantiation behind TRR's marketing and advertising claims, including claims that it that everything TRR sells is "100% the real thing" and that authenticity is assured based on its employ of authentication experts, (5) TRR's acquisition, review, authentication, sale and/or offer for sale of CHANEL-branded items, as well as the provenance of such items; (6) notifications or complaints about TRR and/or received by TRR pertaining to items sold by TRR not being authentic, or being counterfeit, fake, or otherwise non-genuine, and the advertising/marketing and transactions pertaining to those items.

TRR believes that discovery in this litigation should, in the first instance, be narrowly tailored to the seven allegedly counterfeit handbags at issue, which are at the core of Chanel's claims. Targeted discovery on this issue will help tailor—and may in fact obviate—more voluminous and burdensome discovery into other secondary issues in the case. TRR currently anticipates that it will need to take discovery on at least the following subjects: (1) the seven bags, including performing an inspection of those seven bags and their chain-of-custody; (2) Chanel's authentication practices, including Chanel's difficulty in authenticating its own merchandise; and (3) whether Chanel can establish that it was damaged by any alleged counterfeiting or false advertising.

### 5. Settlement Discussions

The Parties have engaged in settlement discussions at the early stages of this case, but not recently.  Chanel is always willing to seek an amicable resolution when possible to save judicial resources.  Chanel believes that settlement discussions or some form of alternative dispute resolution would make sense at an early juncture to see if an amicable resolution to this matter is possible.

TRR denies that it is liable to Chanel with respect to any of the causes of action brought by Chanel in its complaint but is receptive to discussing the possibility of settlement or alternative dispute resolution with Chanel to save judicial and party resources.

Honorable Vernon S. Broderick
June 12, 2020
Page 5

6. **Estimated length of Trial**

    Both parties estimate a trial of **ten (10)** days: Five (5) for Plaintiff's case in chief, and
    five (5) for Defendant's defense.

7. **Other Dispositive and/or Novel Issues**

    As noted above, since the Parties' briefing on TRR's motion to dismiss, numerous
articles and investigative news stories have been published during the second-half of 2019[2] that
quote present and former TRR employees regarding TRR's business practices, including its
suspect authentication process, which support Chanel's allegations of counterfeiting, false
advertising and deceptive and unfair trade practices in Chanel's FAC.  Notwithstanding TRR's
assertions below, Chanel did not have contact with the authors of or access to the information
underlying these articles prior to publication of such articles, and advised TRR's counsel of that
fact prior to filing of this letter.  TRR has also been named as a defendant in a securities class
action lawsuit recently filed in the Northern District of California (*Sanders v. The RealReal, Inc.*,
Case No. 5:19-cv-07737-EJD), wherein the shareholders' allegations include TRR's widespread
problem of false advertising and statements about its authentication process and purported
expertise (or lack thereof) of TRR copyrighters and authenticators.

    TRR denies that the issues raised above by Chanel, including any press and the *Sanders*
litigation, will "assist the Court in advancing the case to settlement or trial," raise any
"dispositive issue or novel issue," or bear on this litigation in any way.[3] *See* ECF No. 45.  It is
unclear what role Chanel or a third-party working on Chanel's behalf may have had in placing
these articles.  In TRR's view, this litigation focuses on the narrow issues of whether TRR sold
seven allegedly counterfeit Chanel handbags in violation of the Lanham Act and whether TRR's
advertising was false as a result of sales of such sales.

    The parties thank the Court for its attention to this matter.  Should Your Honor have any
questions, please do not hesitate to contact us.

---

[2] As mere examples: *The Capitol Forum* featured an article "The RealReal: Former Employees
and Industry Participants Raise Concerns About Company's Authentication Process" on
September 10, 2019; Forbes.com ran an article "The RealReal Sold Me A $3,600 Fake: Here's
Why Counterfeits Slip Through Its Authentication Process" on October 23, 2019; CNBC
published an article and broadcast a news report entitled "The RealReal's shares plunge as poor
training and tough quotas cast doubt on 'no fakes' pledge" on November 5, 2019.

[3] While TRR denies that the reporting by *The Capitol Forum* described by Chanel below has any
relevance to this litigation, to the extent that Chanel intends to rely on such reporting, TRR
intends to seek discovery into any relationship between *The Capitol Forum* and Chanel.

Honorable Vernon S. Broderick
June 12, 2020
Page 6

Respectfully submitted,

*/s/ Theodore C. Max*

Theodore C. Max
for SHEPPARD, MULLIN, RICHTER
& HAMPTON LLP

cc: Counsel of Record (via ECF)