UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __6/15/2020__
```

CHANEL, INC.,

                        Plaintiff,

   v.

THE REALREAL, INC.,

                        Defendant.

No. 1:18-CV-10626 (VSB)

**[PROPOSED] CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

<u>VERNON S. BRODERICK</u>, United States District Judge:

    Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order:

1. All parties [consent_____ / do not consent <u>X</u>] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. The parties [have <u>X</u> / have not [_____] engaged in settlement discussions.

3. This case [is <u>X</u>/ is not_____] to be tried to a jury.

4. Except as provided by Rule 15 of the Federal Rules of Civil Procedure, no additional parties may be joined without leave of the Court.

5. Except as provided by Rule 15 of the Federal Rules of Civil Procedure, no additional causes of action or defenses may be asserted after without leave of the Court.

6. Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than <u>June 26, 2020</u>.

7. All fact discovery is to be completed no later than <u>November 15, 2020</u>.

    NB: At Chanel's request, The RealReal has agreed to a five-month discovery period rather than the Court's 120-day limit to account for anticipated delays in conducting discovery due to the ongoing COVID-19 pandemic. In light of the same and depending on future developments, it is possible that limited, additional time may be warranted to complete fact and/or expert discovery, and the parties agree to work together on a reasonable extension should that situation arise.

8.      The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 7 above.

    a.    Initial requests for production of documents shall be served by <u>July 15, 2020</u>.

    b.    Initial interrogatories shall be served by <u>July 15, 2020</u>.

    c.    Depositions shall be completed by <u>November 30, 2020</u>.

        i.    Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

        ii.    There is no priority for depositions by reason of a party's status as a plaintiff or a defendant.

        iii.    Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    d.    Requests for admissions shall be served no later than <u>October 30, 2020.</u>

9.      All expert discovery, including disclosures, reports, production of underlying documents, and depositions shall be completed by <u>February 26, 2021</u>.

10.      All discovery shall be completed no later than <u>February 26, 2021</u>.

11.      The Court will conduct a post-discovery conference on <u>March 4, 2021</u> at <u>10:00 a.m.</u>. [**To be completed by the Court.**] No later than two weeks in advance of the conference, the parties are to submit a joint letter updating the Court on the status of the case, including but not limited to whether either party intends to file a dispositive motion and what efforts the parties have made to settle the action. If either party contemplates filing a dispositive motion, the parties should be prepared to discuss a briefing schedule at the post-discovery conference.

12.      Unless otherwise ordered by the Court, the joint pretrial order and additional submissions required by Rule 6 of the Court's Individual Rules and Practices shall be due 30 days from the close of discovery, or if any dispositive motion is filed, 30 days from the Court's decision on such motion. This case shall be trial ready 60 days from the close of discovery or from the Court's decision on any dispositive motion.

13. Counsel for the parties propose the following alternative dispute resolution mechanism for this case:

    a.   __X__   Referral to a Magistrate Judge for settlement discussions.

    b.   _____   Referral to the Southern District's Mediation Program. [*Note that all employment discrimination cases, except cases brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., are designated for automatic referral to the Court's Alternative Dispute Resolution program of mediation. Accordingly, counsel in such cases should select 13(b)*.]

    c.   _____   Retention of a private mediator.

    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

14. The parties have conferred and their present best estimate of the length of trial is <u>ten (10) days</u>.

SO ORDERED.

Dated: June 15, 2020
New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge

-4-