# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Chanel, Inc.,

       Plaintiff,

v.

The RealReal, Inc.,

       Defendant.

Case No. 1:18-cv-10626-VSB

**DEFENDANT THE REALREAL'S
RESPONSES AND OBJECTIONS TO PLAINTIFF'S
FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant The RealReal, Inc. ("TRR") by its attorneys, Paul, Weiss, Rifkind, Wharton & Garrison LLP, and King & Spalding LLP, hereby submits these Responses and Objections to Plaintiff's First Set Of Interrogatories (the "Interrogatories") served by Chanel, Inc.

**GENERAL STATEMENT**

TRR's responses are made subject to and without waiver of any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the information referred to or of the responses given herein, or of the subject matter thereof in any proceeding, including the trial of this action or any other subsequent proceeding, and said responses are made specifically subject to the right to object to any proceeding involving or relating to the subject matter of the Interrogatories responded to herein. No objection or limitation, or lack thereof, made in these responses and objections shall be deemed an admission by TRR as to the existence or non-existence of the document or information sought, or waiver of TRR's rights to assert such objection or limitation at any future time in connection with the Interrogatories or otherwise.

TRR has not completed its investigation of the facts related to this case.  TRR responds to these Interrogatories based on its present knowledge, the documents and things presently in its possession, and the analysis it has completed to date, and TRR reserves the right to later supplement or amend its answers and objections to these Interrogatories.

By responding to these Interrogatories, TRR does not concede that the information given is properly discoverable or admissible.  TRR reserves the right to object to further discovery regarding the subject matter of the Interrogatories.

## **OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS**

1. TRR objects to the definitions and instructions to the extent they impose obligations greater than or different from those imposed by the Federal Rules of Civil Procedure, and/or the local rules for the Southern District of New York.  Defendant will comply with the federal and local rules in responding to the Interrogatories.

2. TRR objects to the Interrogatories to the extent they seek information protected by the attorney-client privilege, work product doctrine, or is otherwise protected from disclosure under applicable privileges, law, or rules.  If TRR produces any privileged information, such production will have been through inadvertence and shall not be deemed to waive or abridge any applicable privilege as to that information.

3. TRR reserves the right to supplement or amend these responses as additional information is uncovered throughout the course of discovery.

4. TRR objects to the definition of "Defendant" or "TRR" as overbroad and seeking information that is not within TRR's possession, custody, or control and/or that is protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege

or immunity from discovery.  TRR will construe the terms "Defendant" or "TRR" to mean The RealReal, Inc. who is the named defendant in this case.

5. TRR objects to the definition of "TRR Website" the extent it seeks information that is not within TRR's possession, custody, or control.

6. TRR objects to the definition of "Person" to the extent it seeks to impose obligations greater than or different from those imposed by the Federal Rules of Civil Procedure and/or the meaning set forth in Local Civil Rule 26.3(c)(6).

7. TRR objects to the definition of "communication" as overbroad and seeking information that is not within TRR's possession, custody, or control and/or that is protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege or immunity from discovery.

8. TRR objects to the definition of "identify" as overbroad and seeking information that is not within TRR's possession, custody, or control in that it seeks the "present or last known address" and "the present or last known place of employment" of the persons described in the Interrogatories.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all current and former employees of TRR with knowledge and/or information concerning any authentication processes, procedures, and/or policies relating to or used in connection with TRR's authentication of CHANEL-branded items, including their job title and department currently at or while previously working for TRR.

### RESPONSE TO INTERROGATORY NO. 1:

TRR objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of "all current and former employees" with any "knowledge" or "information" concerning "any" authentication processes, procedures, and/or

3

policies. TRR further objects to this Interrogatory to the extent it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation. *See* Dkt. No. 39, Court's Order on TRR's Motion to Dismiss (dismissing Counts One (trademark infringement under 15 U.S.C. § 1114(a)(1)), Four (false endorsement and unfair competition under 15 U.S.C. §1125(a)(1)(A)), Six (violations of NY GBL § 349), and Seven (violations of NY GBL § 350)) (the "MTD Order").

Subject to and without waiving the foregoing objections, TRR identifies the following persons who are reasonably likely to have knowledge of TRR's authentication of Chanel handbags:

**Hunter Thompson**
Role: Director of Authentication at TRR
Address: c/o King & Spalding LLP
1185 Avenue of the Americas
New York, NY 11036

**Rachel Vaisman**
Role: Senior Director of Merchandising Operations at The RealReal
Address: c/o King & Spalding LLP
1185 Avenue of the Americas
New York, NY 11036

**Kevin Ngo**
Role: Senior Manager, Authentication and Brand Compliance
Address: c/o King & Spalding LLP
1185 Avenue of the Americas
New York, NY 11036

**Cynthia Buchan**
Role: Valuation Manager, Fashion at TRR; formerly Authentication & Brand Compliance Specialist at TRR
Address: c/o King & Spalding LLP
1185 Avenue of the Americas
New York, NY 11036

**Bertrand Cheng**
Role: Quality Control Authentication Manager at TRR
Address: c/o King & Spalding LLP
1185 Avenue of the Americas
New York, NY 11036

**Nhu Duong**
Role: Senior Manager of Quality Control Authentication at TRR
1185 Avenue of the Americas
New York, NY 11036

**Robert Finch**
Role: Valuation Manager at TRR
Address: c/o King & Spalding LLP
1185 Avenue of the Americas
New York, NY 11036

**Lexie Fernandez**
Role: Authentication Manager
Address: c/o King & Spalding LLP
1185 Avenue of the Americas
New York, NY 11036

**Graham Wetzbarger**
Role: Former Chief of Authentication at TRR
Address: c/o King & Spalding LLP
1185 Avenue of the Americas
New York, NY 11036

**Gisele Hundley**
Role: Former Authentication and Brand Compliance Manager
Address: c/o King & Spalding LLP
1185 Avenue of the Americas
New York, NY 11036

**INTERROGATORY NO. 2:**

Identify all current and former employees of TRR and/or independent contractors of TRR with knowledge and/or information concerning TRR's sales practices regarding CHANEL-branded items on or via the TRR Website and in TRR's retail stores, including their job title and department currently at or while previously working for TRR.

**RESPONSE TO INTERROGATORY NO. 2:**

TRR objects to this Interrogatory to the extent it seeks information regarding independent contractors that is not in the possession, custody, and control of TRR. TRR objects to this Interrogatory as vague and ambiguous because the phrase "sales practices" is undefined and capable of multiple interpretations. TRR further objects to this Interrogatory as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks the identities of

5

persons with knowledge or information relating to the use of Chanel marks in TRR's advertising, which is not relevant to Chanel's surviving claims or TRR's defenses. *See* MTD Order. Specifically, TRR's sale of Chanel-branded items is only relevant with respect to the sale of the dandbags described in Paragraph 45 of Chanel's First Amended Complaint (hereinafter the "Seven Handbags"). TRR will interpret this Interrogatory as seeking the identities of current and former employees of TRR with knowledge and/or information concerning TRR's sale of the Seven Handbags.

Subject to and without waiving the foregoing objections, TRR identifies the following persons who are reasonably likely to have knowledge and/or information regarding the sale of the Seven Handbags:

> **Nancy Alonzo**
> Role: Senior Director, Marketing Communications at TRR
> Address: c/o King & Spalding LLP
> 1185 Avenue of the Americas
> New York, NY 11036
>
> **Sasha Skoda**
> Role: Category Director, Women's
> Address: c/o King & Spalding LLP
> 1185 Avenue of the Americas
> New York, NY 11036

**INTERROGATORY NO. 3:**

Identify all current or former employees of TRR and/or independent contractors with knowledge and/or information concerning TRR's acquisition, purchase or buying of CHANEL-branded items, including their job title and department at or while working for TRR.

**RESPONSE TO INTERROGATORY NO. 3:**

TRR objects to this Interrogatory to the extent it seeks information regarding independent contractors that is not in the possession, custody, and control of TRR. TRR objects to this Interrogatory as overbroad and disproportionate to the needs of the case because it seeks the identity of individuals with knowledge and/or information regarding topics that are not relevant to

6

Chanel's surviving claims or TRR's defenses in this matter. *See* MTD Order. Specifically, TRR's acquisition, purchase or buying of Chanel-branded items is only relevant with respect to the acquisition of the Seven Handbags. TRR will interpret this Interrogatory as seeking the identities of current and former employees of TRR with knowledge and/or information concerning TRR's acquisition of the Seven Handbags.

Subject to and without waiving the foregoing objections, TRR identifies the following employees at TRR who are reasonably likely to have knowledge and/or information concerning TRR's acquisition of the Seven Handbags:

> **Rachel Vaisman**
> <u>Role</u>: Senior Director of Merchandising Operations at The RealReal
> <u>Address</u>:  c/o King & Spalding LLP
> 1185 Avenue of the Americas
> New York, NY 11036

### <u>INTERROGATORY NO. 4</u>:

Identify all current and former employees of TRR and/or independent contractors of TRR (including their job title and department at or while working for TRR) with knowledge and/or information concerning TRR's online and offline marketing and advertising of CHANEL-branded items, including, but not limited to, website listings and/or postings and online and offline promotional and marketing flyers and/or advertisements distributed to customers and other third-parties.

### <u>RESPONSE TO INTERROGATORY NO. 4</u>:

TRR objects to this Interrogatory to the extent it seeks information regarding independent contractors that is not in the possession, custody, and control of TRR. TRR objects to this Interrogatory as overbroad and disproportionate to the needs of the case because it seeks the identity of individuals with knowledge and/or information regarding topics that are not relevant to Chanel's surviving claims or TRR's defenses in this matter. *See* MTD Order. Specifically, TRR's marketing and advertising of Chanel-branded items is only relevant with respect to the marketing and advertising of the Seven Handbags. TRR will interpret this Interrogatory as seeking the

identities of current and former employees of TRR with knowledge and/or information concerning TRR's marketing and advertising of the Seven Handbags.

Subject to and without waiving the foregoing objections, TRR identifies the following employees at TRR who are reasonably likely to have knowledge and/or information concerning TRR's advertising and marketing of the Seven Handbags:

>  **Nancy Alonzo**
> Role: Senior Director, Marking Communications at TRR
> Address: c/o King & Spalding LLP
> 1185 Avenue of the Americas
> New York, NY 11036
>
> **Sasha Skoda**
> Role: Category Director, Women's
> Address: c/o King & Spalding LLP
> 1185 Avenue of the Americas
> New York, NY 11036

**INTERROGATORY NO. 5:**

Identify all current and former employees of TRR and/or independent contractors of TRR (including their job title and department at or while working for TRR) with knowledge and/or information concerning the development of, vetting of, substantiation for, and business strategy for TRR's advertising and marketing claims that everything it sells is authentic and/or "100% the real thing."

**RESPONSE TO INTERROGATORY NO. 5:**

TRR objects to this Interrogatory to the extent it seeks information regarding independent contractors that is not in the possession, custody, and control of TRR.  TRR objects to this Interrogatory as overbroad and disproportionate to the needs of the case in that it seeks the identity of "all" current and former employees of TRR with knowledge and/or information concerning TRR's authenticity advertisements. TRR further objects to this Interrogatory as disproportionate to the needs of the case because to the extent it seeks the identity of individuals with knowledge and/or information regarding topics that are not relevant to Chanel's surviving claims or TRR's

8

defenses in this matter. *See* MTD Order. Specifically, TRR's marketing and advertising is only relevant with respect to, at most, the marketing and advertising of the Seven Handbags. TRR will interpret this Interrogatory as seeking the identities of current and former employees of TRR with knowledge and/or information concerning TRR's marketing and advertising of the Seven Handbags.

Subject to and without waiving the foregoing objections, TRR identifies the following employees at TRR who are reasonably likely to have knowledge and/or information concerning TRR's advertising and marketing of the Seven Handbags:

> **Nancy Alonzo**
> Role: Senior Director, Marking Communications at TRR
> Address: c/o King & Spalding LLP
> 1185 Avenue of the Americas
> New York, NY 11036
>
> **Sasha Skoda**
> Role: Category Director, Women's
> Address: c/o King & Spalding LLP
> 1185 Avenue of the Americas
> New York, NY 11036

**INTERROGATORY NO. 6:**

Identify all current and former employees of TRR and/or independent contractors of TRR (including their job title and department at or while working for TRR) with knowledge and/or information concerning training and/or instruction provided by TRR to (i) TRR's purported authentication experts regarding authenticating luxury brand items, including, but not limited to, CHANEL-branded items, and/or (ii) TRR's copyrighters [sic] on authenticating luxury brand items, including, but not limited to, CHANEL-branded items.

**RESPONSE TO INTERROGATORY NO. 6:**

TRR objects to this Interrogatory to the extent it seeks information regarding independent contractors that is not in the possession, custody, and control of TRR. TRR objects to this Interrogatory as overbroad and disproportionate to the needs of the case in that it seeks the identity of "all" current and former employees of TRR with knowledge and/or information concerning

9

TRR's training and/or instruction of TRR's authenticators and copywriters.  TRR further objects to this Interrogatory as disproportionate to the needs of the case because it seeks the identity of individuals with knowledge and/or information regarding topics that are not relevant to Chanel's surviving claims or TRR's defenses in this matter.  *See* MTD Order.  Specifically, training and instruction provided to TRR's authentication experts is only relevant with respect to, at most, the authentication process for the Seven Handbags.  TRR will interpret this Interrogatory as seeking the identities of current and former employees of TRR with knowledge and/or information concerning training and instruction provided to the authentication experts who authenticated the Seven Handbags.

Subject to and without waiving the foregoing objections, TRR identifies the following current and former employees of TRR who are reasonably likely to have knowledge and/or information regarding the training of TRR's authentication experts who authenticated the Seven Handbags:

> **Hunter Thompson**
> Role: Director of Authentication at TRR
> Address: c/o King & Spalding LLP
> 1185 Avenue of the Americas
> New York, NY 11036
>
> **Rachel Vaisman**
> Role: Senior Director of Merchandising Operations at The RealReal
> Address:  c/o King & Spalding LLP
> 1185 Avenue of the Americas
> New York, NY 11036
>
> **Kevin Ngo**
> Role: Senior Manager, Authentication and Brand Compliance
> Address: c/o King & Spalding LLP
> 1185 Avenue of the Americas
> New York, NY 11036
>
> **Graham Wetzbarger**
> Role: Former Chief of Authentication at TRR (2013 – October 2019)

      <u>Address</u>: c/o King & Spalding LLP
      1185 Avenue of the Americas
      New York, NY 11036

**<u>INTERROGATORY NO. 7</u>:**

Identify all current and former employees of TRR and/or independent contractors of TRR (including their job title and department at or while working for TRR) with knowledge and/or information concerning TRR's (i) hiring, qualifications, job requirements, and regular work practice of TRR's purported authentication experts, and/or (ii) TRR's hiring, qualifications, job requirements, and regular work practice of TRR's copyrighters [sic].

**<u>RESPONSE TO INTERROGATORY NO. 7</u>:**

TRR objects to this Interrogatory to the extent it seeks information regarding independent contractors that is not in the possession, custody, and control of TRR. TRR objects to this Interrogatory as overbroad and disproportionate to the needs of the case in that it seeks the identity of "all" current and former employees of TRR with knowledge and/or information concerning TRR's hiring practices with respect to TRR's authenticators and copywriters. TRR further objects to this Interrogatory as vague and ambiguous because the phrase "regular work practice" is capable of multiple interpretations. TRR will interpret this phrase as referring to the day-to-day responsibilities of the authentication experts or copywriters. TRR further objects to this Interrogatory as overbroad and disproportionate to the needs of the case because it seeks the identity of individuals with knowledge and/or information regarding topics that are not relevant to Chanel's surviving claims or TRR's defenses in this matter. *See* MTD Order. Specifically, information related to TRR's authentication experts and copywriters is only relevant with respect to, at most, the authentication process for the Seven Handbags. TRR will interpret this Interrogatory as seeking the identities of current and former employees of TRR with knowledge and/or information related to the authentication experts who authenticated the Seven Handbags.

Subject to and without waiving the foregoing objections, TRR identifies the following current and former employees of TRR who are reasonably likely to have knowledge and/or

11

information regarding TRR's hiring, qualifications, and job requirements with respect to the authenticators who authenticated the Seven Handbags:

**Hunter Thompson**
Role: Director of Authentication at TRR
Address: c/o King & Spalding LLP
1185 Avenue of the Americas
New York, NY 11036

**Rachel Vaisman**
Role: Senior Director of Merchandising Operations at The RealReal
Address:  c/o King & Spalding LLP
1185 Avenue of the Americas
New York, NY 11036

**Cynthia Buchan**
Role: current Valuation Manager, Fashion at TRR; former Authentication & Brand Compliance Specialist at TRR
Address: c/o King & Spalding LLP
1185 Avenue of the Americas
New York, NY 11036

**Bertrand Cheng**
Role: Quality Control Authentication Manager at The RealReal
Address: c/o King & Spalding LLP
1185 Avenue of the Americas
New York, NY 11036

**Nhu Duong**
Role: Senior Manager of Quality Control Authentication at TRR; prior positions include Omni-Channel Manager, Authentication & Brand Compliance; Manager, Authentication & Brand Compliance; Lead, Authentication & Brand Compliance
Address: c/o King & Spalding LLP
1185 Avenue of the Americas
New York, NY 11036

**Robert Finch**
Role: Valuation Manager at TRR
Address: c/o King & Spalding LLP
1185 Avenue of the Americas
New York, NY 11036

**Lexie Fernandez**
Role: Authentication Manager
Address: c/o King & Spalding LLP
1185 Avenue of the Americas

New York, NY 11036

**Graham Wetzbarger**
<u>Role</u>: Former Chief of Authentication at TRR
<u>Address</u>: c/o King & Spalding LLP
1185 Avenue of the Americas
New York, NY 11036

**Gisele Hundley**
<u>Role</u>: Former Authentication and Brand Compliance Manager
<u>Address</u>: c/o King & Spalding LLP
1185 Avenue of the Americas
New York, NY 11036

**<u>INTERROGATORY NO. 8</u>:**

Identify all current and former employees of TRR and/or independent contractors of TRR (including their job title and department at or while working for TRR) with knowledge and/or information concerning complaints and/or communications received by TRR pertaining to CHANEL-branded items sold by TRR being inauthentic, counterfeit, fake, or otherwise non-genuine or believed to be inauthentic, counterfeit, fake, or otherwise non-genuine.

**<u>RESPONSE TO INTERROGATORY NO. 8</u>:**

TRR objects to this Interrogatory to the extent it seeks information regarding independent contractors that is not in the possession, custody, and control of TRR.  TRR further objects to this Interrogatory as overbroad and unduly burdensome in that it seeks the identity of "all" current and former employees of TRR who may have knowledge or information concerning complaints or communications concerning the authenticity or "believed" authenticity of Chanel-branded goods sold on TRR's website.  TRR further objects to this Interrogatory as vague and ambiguous because the phrase "believed to be inauthentic, counterfeit, fake, or otherwise non-genuine" is capable of multiple interpretations.

Subject to and without waiving the foregoing objections, TRR states that the following employees of TRR are reasonably likely to have knowledge and/or information regarding customer complaints or communications received by TRR regarding the authenticity of Chanel handbags sold by TRR:

13

**Hunter Thompson**
Role: Director of Authentication at TRR
Address: c/o King & Spalding LLP
1185 Avenue of the Americas
New York, NY 11036

**Rachel Vaisman**
Role: Senior Director of Merchandising Operations at The RealReal
Address:  c/o King & Spalding LLP
1185 Avenue of the Americas
New York, NY 11036

**Vanessa Motley**
Role: Senior Director, Customer Service and Consignor Relations
Address:  c/o King & Spalding LLP
1185 Avenue of the Americas
New York, NY 11036

**INTERROGATORY NO. 9:**

Identify and describe, in detail, any applicable insurance agreements pursuant to which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify and/or reimburse TRR for payments made to satisfy any judgment.

**RESPONSE TO INTERROGATORY NO. 9:**

Pursuant to Fed. R. Civ. P. 33(d), TRR will produce any applicable insurance agreements pursuant to which an insurance business may be liable to satisfy all or part of a possible judgment in this action or to indemnify and/or reimburse TRR for payments.

**INTERROGATORY NO. 10:**

Identify and state the full name, title and present address of every person who participated in the preparation of your responses to these Interrogatories, and for each person, identify the Interrogatory or Interrogatories for which such person provided responsive information.

**RESPONSE TO INTERROGATORY NO. 10:**

TRR objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege or the work product doctrine, or to the extent that it calls for a response that would require disclosure of the mental impressions, conclusions, or legal theories of TRR's attorneys and other representatives in this matter.  TRR will not identify those who participated in

14

the preparation of these Interrogatories and will not specify the Interrogatory or Interrogatories for which each person provided responsive information on the basis that that information is protected by the work product doctrine.

Dated: August 18, 2020                                                   Respectfully submitted,

                                                           */s/ Karen L. Dunn*

Karen L. Dunn (Admitted *Pro Hac Vice*)
Email: kdunn@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Tel: +1-202-223-7308


Leigh M. Nathanson
Email: lnathanson@kslaw.com
Laura E. Harris
Email: lharris@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas 34th Floor
New York, NY  10036

15

## CERTIFICATE OF SERVICE

I hereby certify that, on August 18, 2020, I caused a true and correct copy of the foregoing ***Defendant The RealReal's Responses and Objections To Plaintiff's First Set Of Interrogatories*** was served via email on all counsel of record.

/s/ <i>Karen L. Dunn</i><br>Karen L. Dunn

## VERIFICATION

Elizabeth Logie states pursuant to 28 U.S.C. § 1746 as follows:

I am Senior Corporate Counsel at The RealReal, Inc. I have reviewed TRR's answers to Plaintiffs First Set of Interrogatories dated August 14, 2020. The answers are necessarily limited by the records and information available and thus far discovered in the course of their preparation. Subject to these limitations, to the best of my knowledge, information and belief, the answers set forth are true and correct.

I affirm under penalty of perjury that the foregoing is true and correct.

*Elizabeth G Logie*
_____
Elizabeth Logie

August 14, 2020
New York, New York