**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

Theodore C. Max
212.653.8702 direct
tmax@sheppardmullin.com

October 1, 2020

**By ECF**
The Honorable Vernon S. Broderick
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   Chanel, Inc. v. The RealReal, Inc.; Civil Action No. 18-cv-10626-VSB

Dear Judge Broderick:

We are counsel for plaintiff Chanel, Inc. ("Chanel") in the above-referenced matter and write jointly with counsel for defendant The RealReal, Inc. ("TRR"), pursuant to Your Honor's Individual Rule 3, to raise for the Court's resolution a discovery dispute identified by counsel for the parties during a ninety-minute meet and confer call on Friday, September 11, 2020 with Theodore Max, Tyler Baker, Hyo Jin Paik for Chanel, and Laura Harris, Leigh Nathanson, and Danielle Chattin, and Arianna Markel for TRR, namely, whether Chanel is entitled to discovery regarding the suppliers from which TRR purchased the accused Chanel-branded items, including the names of such sources/sellers.  If the Court wishes that future discovery disputes in this matter be directed to Magistrate Judge Gorenstein directly, the parties are happy to do so.  *See* ECF No. 51.

**Chanel's Position**

On July 15, 2020, Chanel served its First Requests for Production ("Requests"), and on August 18, 2020, TRR served its objections and responses thereto.  Chanel's Request No. 4 called for "Documents and communications concerning Defendant's acquisition, purchase or buying of CHANEL-branded items" and Request No. 5 called for "Documents and communications relating to the sources and acquisition of the CHANEL-branded items advertised, marketed and sold on the TRR Website and in Defendant's retail stores."  *See* Exhibit A at 5-7.[1]  In response to both Chanel's Requests Nos. 4 and 5, TRR stated "TRR will not produce documents responsive to this Request."  *See id.*  The parties met and conferred on September 11, 2020, wherein Chanel explained why the information requested was properly sought.  In response, TRR stated that it was only willing to produce information as to as to "what happened at TRR once [TRR] got the bag" and only for the seven particular handbags referenced in paragraph 45 of the Amended Complaint (which TRR has called the "Seven Handbags"), arguing that such information is "proprietary."  While TRR vaguely stated that "some sourcing

---

[1] For the Court's reference, attached hereto as Exhibit A are TRR's objections and responses to Chanel's Requests, which include the relevant Requests themselves.

**SheppardMullin**

The Honorable Vernon S. Broderick
October 1, 2020
Page 2

information" would be provided, TRR confirmed that it would not provide the names of the suppliers or consignors from which TRR sourced the Chanel-branded goods at issue.[2]

It is well established that a plaintiff such as Chanel is entitled to discovery regarding the suppliers from which TRR purchased Chanel-branded items for resale to the public in a false advertising, trademark infringement, and counterfeiting case such as this because such information can be critical to determining whether a seller is willfully blind by ignoring evidence as to the source of the goods which might suggest a counterfeit or illegal source. *See Fendi Adele S.R.L. v. Ashley Reed Trading, Inc.*, 507 F. App'x 26, 31 (2d Cir. 2013). For example, if TRR sources Chanel-branded goods from entities or persons that are known to peddle in counterfeit and non-genuine goods, from brick and mortar locations known to sell counterfeits such as Canal Street in New York or Santee Alley in Los Angeles, or from internet sites such as eBay, such information is very relevant to Chanel's claims and TRR's defenses and contention that the Chanel-branded items resold by TRR are in fact authentic and genuine. TRR's refusal to provide this information is contrary to established law, particularly in light of the fact that TRR has asserted the "first sale doctrine" as an affirmative defense. *See* ECF 44 [TRR Answer] at 15, Tenth Affirmative Defense ("Chanel's claims are barred, in whole or in part, by the first sale doctrine.").[3]

TRR's position is without merit. First, because TRR has argued that it is not liable for trademark infringement, including pursuant to the first sale doctrine, TRR itself has plainly "opened the door" to discovery on its suppliers, and federal cases are legion finding that information on such suppliers, including identities, is relevant, necessary, and discoverable, even where the defendant (or a third party) asserts that disclosure of such information would be burdensome or implicate proprietary information. *See, e.g., Maui Jim, Inc. v. SmartBuy Guru Enters.*, No. 16 C 9788, 2017 WL 5895143, at *3 (N.D. Ill. Nov. 27, 2017); *Pendleton Woolen Mills, Inc. v. Kraff's Men's Wear Co.*, 2014 WL 7777762, at *8 (D. Or. Nov. 21, 2014), *aff'd*, 2015 WL 500846 (D. Or. Feb. 2, 2015); *Bare Escentuals Beauty, Inc. v. Costco Wholesale Corp.*, No. 07CV90, 2007 WL 4357672, at *3 (S.D. Cal. Dec. 11, 2007); *Coty Inc. v. C Lenu, Inc.*, No. 10-21812-CIV, 2010 WL 5392887, at *5 (S.D. Fla. Dec. 22, 2010); *Adobe Sys. Inc. v. A & S Elecs.*, Inc., No. 15CV02288SBAEDL, 2016 WL 8201784, at *4 (N.D. Cal. June 27, 2016);

---

[2] Chanel offered to modify its request so that TRR would produce information regarding the suppliers of the seven items identified in the Amended Complaint and, following TRR's providing of the Chanel Serial Numbers for other CHANEL-branded items offered for sale or sold by TRR, any other non-genuine or counterfeit items identified by Chanel. Subsequently, TRR proposed to produce information regarding the suppliers of the seven identified items but requested that this letter be deferred. In order to avoid duplication of effort and delay, Chanel requests that the two requests be considered together because they involve related issues.

[3] While the first sale doctrine is a defense to trademark infringement, is well-established that the "first-sale" doctrine is inapplicable with respect to counterfeiting and false and misleading advertising claims. *See, e.g., FUJIFILM N. Am. Corp. v. Big Value Inc.*, No. 16-CV-5677 (BMC), 2018 WL 4210132, at *1 (E.D.N.Y. Sept. 4, 2018) (citing *Polymer Tech. Corp. v. Mimran*, 975 F.2d 58, 61 (2d Cir. 1992)).

**SheppardMullin**

The Honorable Vernon S. Broderick
October 1, 2020
Page 3

*SV3, LLC v. GG Distribution, Inc.*, No. EDCV 19-46 JGB (SPX), 2019 WL 1091337, at *7-8 (C.D. Cal. Jan. 18, 2019); *Cengage Learning, Inc. v. Davis Textbooks*, No. 2:15-CV-2401 TLN AC, 2016 WL 8730880, at *2 (E.D. Cal. Sept. 16, 2016); *cf. Hyundai Motor Am., Inc. v. Pinnacle Grp., LLC*, No. SACV1400576CJCJPRX, 2016 WL 6156213, at *1-3 (C.D. Cal. Jan. 6, 2016) (in trademark infringement action, where plaintiff Hyundai sought from defendant the name of defendant's supplier of Hyundai parts, upholding magistrate's conclusion "that the ***identity of [defendant]'s supplier*** and the information it could provide is 'at the heart of the matter,'" and holding that "***the identity of the supplier*** is plainly relevant to the defenses in this case.") (emphasis added).  Second, TRR's promise to provide information as to as to "what happened at TRR once [TRR] got the bag" is irrelevant to Chanel's Requests Nos. 4 and 5; Chanel is seeking information on TRR's suppliers/sources, and not TRR's internal processes (which are the subject of other Requests by Chanel).  Production of full information sought regarding the suppliers/sources of Chanel-branded items offered for sale by TRR is proper, including the names/identities of any such consignors, sellers, or distributors.

Likewise, TRR's proposed limitation of production of supplier information is improper because this argument is counter to the Court's March 30, 2020 Opinion & Order, acknowledging that Chanel's allegations of false advertising and trademark infringement and counterfeiting are not restricted to the seven identified items (*see* ECF No. 39 at 9, 25), but also contrary to analogous caselaw on this point.  *See*, *e.g.*, *Cengage Learning, Inc.*, 2016 WL 8730880, at *2 (ordering production and overruling defendants' objections to discovery requests about transactions between defendants and their suppliers that potentially involve counterfeit publications where defendants argued that the requests sought irrelevant information beyond the scope of plaintiff's claims involving a single counterfeit title).[4]  Chanel requests that TRR be ordered to produce full source/supplier information.

**TRR's Position**

By insisting on filing this letter without engaging in a meaningful conference with TRR, Chanel has placed an unnecessary and duplicative dispute before the Court.

---

[4] TRR's argument that Chanel seeks discovery on TRR's suppliers only for a "pre-textual" purpose, i.e., to destroy TRR's supply channels and shut down the secondary market, is not only without merit but legally deficient. Chanel seeks source and supplier information to prove its claims and allegations of trademark infringement/counterfeiting and false advertising.  It also is well-established that a party's unsupported speculation that a plaintiff will use a requested list of suppliers to harm its business is insufficient to block disclosure of supply chain information. *See, e.g., In re: Application Pursuant to 28 U.S.C.§ 1782 of Michael Kors, L.L.C.*, No. 215CV1978CCCJBC, 2016 WL 4472950, at *4 (D.N.J. Aug. 23, 2016). Further, any valid concerns of WGACA regarding proprietary and confidential supplier information would be addressed by a protective order in this case, which would necessarily limit Chanel's use of such information.  *See Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 400 (S.D.N.Y. 2018).

**SheppardMullin**

The Honorable Vernon S. Broderick
October 1, 2020
Page 4

      Specifically, in email correspondence on September 28, TRR agreed to produce the requested information regarding the source of the Seven Handbags, thereby agreeing, in part, to Chanel's proposal referenced in Footnote 2, above. The only information TRR has not agreed to produce relates to the Serial Numbers and sources of all other Chanel-branded items sold by TRR. Whether the scope of discovery in this case should be extended beyond the Seven Handbags to *all* Chanel-branded items sold by TRR is the precise issue currently pending before the Court in the parties' September 18, 2020 joint letter and will be addressed at the hearing scheduled for next week. *See* TRR's Position in Sept. 18, 2020 Joint Letter at p. 6 (requesting the Court to "order that scope of discovery be limited to information reasonably related to the seven allegedly counterfeit handbags"). TRR described the many reasons why Chanel is not entitled to information related to TRR's entire database for consignment and sales of all Chanel-branded items in the September 18, 2020 joint letter.

      In email correspondence, TRR explained to Chanel that the instant letter is premature, as the predicate issue of the scope of discovery—and whether it extends beyond the Seven Handbags—is currently pending before the Court. Once the Court resolves that threshold question, then the issue of what information will be provided for that scope will be ripe for discussion. And if the Court rules in favor of TRR, then the instant dispute will be moot. At TRR's request, the parties met and conferred on this issue on September 30, and TRR reiterated that it is willing to discuss the scope and process for production of source material once the threshold issue is clarified by resolution of the instant discovery dispute. Instead, Chanel insisted on filing this joint letter. For the reasons stated in TRR's position in the September 18 letter, Chanel's request for source information for all Chanel-branded items should be denied.

*   *   *

      We thank Your Honor for your consideration of this matter.

      Respectfully submitted,

      */s/ Theodore C. Max*

      Theodore C. Max

TCM:er
cc: Counsel of Record