# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Chanel, Inc., | |
| Plaintiff, | |
| v. | Case No. 1:18-cv-10626-VSB |
| The RealReal, Inc., | |
| Defendant. | |

**DEFENDANT THE REALREAL'S**
**OBJECTIONS AND RESPONSES TO PLAINTIFF'S**
**FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT**

In accordance with Federal Rules of Civil Procedure 34, Defendant The RealReal, Inc. ("TRR") by its attorneys, Paul, Weiss, Rifkind, Wharton & Garrison LLP, and King & Spalding LLP, hereby submits these Responses and Objections to Plaintiff's first set of Requests for Production (the "Requests").

**GENERAL STATEMENT**

TRR's responses are made subject to and without waiver of any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the information referred to or of the responses given herein, or of the subject matter thereof in any proceeding, including the trial of this action or any other subsequent proceeding, and said responses are made specifically subject to the right to object to any proceeding involving or relating to the subject matter of the Requests responded to herein.

TRR has not completed its investigation of the facts related to this case. TRR responds to these Requests based on its present knowledge, the documents and things presently in its possession, and the analysis it has completed to date. TRR reserves the right: (1) to rely on facts, documents, or evidence that subsequently come to TRR's attention; (2) to assert additional

objections or supplement these responses should TRR discover additional information or grounds for objection; and (3) to supplement or amend these responses at any time.  TRR's responses are not intended to waive or prejudice any rights or objections TRR may assert now or at a future point in this litigation.  In particular, while TRR has raised privilege objections to the specific Requests to which responsive documents are most likely to be privileged, TRR has not yet completed its review of potentially responsive documents for privilege.  The omission of a privilege objection to a specific Request is not intended to waive any applicable privilege, and TRR will not produce privileged documents.  Moreover, TRR's production of documents in response to the Requests will be limited to those responsive, non-privileged documents that are reasonably accessible to TRR and that can be identified by a reasonable search.

## OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS

1.      TRR objects to the definitions and instructions to the extent they impose obligations greater than or different from those imposed by the Federal Rules of Civil Procedure, and/or the local rules for the Southern District of New York.  TRR will comply with the federal and local rules in responding to the Requests.

2.      TRR objects to the Requests to the extent they seek information protected by the attorney-client privilege, the work product doctrine, or any other privilege, protection, or immunity applicable under governing law.  If TRR produces any privileged information, such production will have been through inadvertence and shall not be deemed to waive or abridge any applicable privilege as to that information.

3.      TRR objects to the definition of "Defendant" or "TRR" as overbroad and seeking information that is not within TRR's possession, custody, or control and/or that is protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege

or immunity from discovery.  TRR will construe the terms "Defendant" or "TRR" to mean The RealReal, Inc., the named defendant in this case.

4.      TRR objects to the definition of "TRR Website" the extent it seeks information that is not within TRR's possession, custody, or control.

5.      TRR objects to the definition of "Person" to the extent it seeks to impose obligations greater than or different from those imposed by the Federal Rules of Civil Procedure and/or the meaning set forth in Local Civil Rule 26.3(c)(6).

6.      TRR objects to the definition of "communication" as overbroad and seeking information that is not within TRR's possession, custody, or control and/or that is protected from disclosure by the attorney-client privilege, the work product doctrine, or other applicable privilege or immunity from discovery.

7.      TRR objects to the definition of "identify" as overbroad and seeking information that is not within TRR's possession, custody, or control in that it seeks the "present or last known address" and "the present or last known place of employment" of the persons described in the Interrogatories.

8.      TRR also objects to Plaintiffs' definitions, instructions, and Requests to the extent they seek information that is outside the scope of discovery in this matter as limited by the Court's Order Granting in Part TRR's Motion to Dismiss. ECF No. 39.

## **REQUESTS**

## **REQUEST FOR PRODUCTION NO. 1:**

Documents and communications between Chanel and Defendant relating to Chanel, CHANEL Trademarks and CHANEL-branded items.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

TRR objects to this Request as overly broad and unduly burdensome in that it seeks documents that are in the possession of, and equally available to, Chanel. TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation. *See* Dkt. No. 39, Court's Order on TRR's Motion to Dismiss (dismissing Counts One (trademark infringement under 15 U.S.C. § 1114(a)(1)), Four (false endorsement and unfair competition under 15 U.S.C. §1125(a)(1)(A)), Six (violations of NY GBL § 349), and Seven (violations of NY GBL § 350)) (hereinafter "MTD Order").

TRR will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Documents and communications concerning the use of CHANEL Trademarks in connection with the offering for sale and sale of CHANEL-branded items by Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation. *See* MTD Order. Specifically, TRR's use of Chanel's trademarks is only relevant, at most, to the sale of the Seven Handbags described in Paragraph 45 of Chanel's First Amended Complaint (hereinafter the "Seven Handbags").

Subject to and without waiving the foregoing objections, TRR states that it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents and

communications in TRR's possession, custody, or control concerning the use of Chanel Trademarks in connection with the offering for sale and sale of the Seven Handbags.

**REQUEST FOR PRODUCTION NO. 3:**

Documents and communications concerning Defendant's offering for sale and sale of CHANEL-branded items on or via the TRR Website and in its retail stores.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. TRR further objects to this Request as vague and ambiguous because the phrase "offering for sale" and the term "sale" are broad and capable of multiple interpretations. TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation. *See* MTD Order. Specifically, TRR's offering for sale or sale of Chanel-branded items is only relevant, at most, with respect to the sale of the Seven Handbags. TRR will interpret this Request as seeking documents and communications concerning TRR's offering for sale and sale of the Seven Handbags on or via TRR's Website and in its retail stores.

Subject to and without waiving the foregoing objections, TRR states that it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents and communications in TRR's possession, custody, or control concerning the offering for sale and sale of the Seven Handbags on or via TRR's website and in its retail stores.

**REQUEST FOR PRODUCTION NO. 4:**

Documents and communications concerning Defendant's acquisition, purchase or buying of CHANEL-branded items.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. TRR also objects to this Request as cumulative and unduly burdensome to the extent it is duplicative of at least Request No. 5. TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation. *See* MTD Order. To the extent this Request seeks documents concerning TRR's acquisition, purchase, or buying of the Seven Handbags, TRR further objects to this Request on the grounds that it seeks highly sensitive, confidential, and proprietary commercial information, production of which would impose an undue burden on TRR that outweighs any potential probative value.

TRR will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

Documents and communications relating to the sources and acquisition of the CHANEL-branded items advertised, marketed and sold on the TRR Website and in Defendant's retail stores.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. TRR also objects to this Request as cumulative and unduly burdensome to the extent it is duplicative of at least Request No. 4. TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation. *See* MTD Order. TRR further objects to this Request on the grounds that it seeks highly sensitive, confidential, and proprietary commercial information, production of which would impose an undue burden on TRR that outweighs any potential probative value.

TRR will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

Documents and communications concerning Defendant's online and offline marketing and advertising of CHANEL-branded items, including but not limited to, website listings and/or postings and online and offline promotional and marketing flyers and/or advertisements distributed to customers and other third-parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation. *See* MTD Order. Specifically, TRR's marketing and advertising of Chanel-branded

 is only relevant, at most, with respect to the Seven Handbags. TRR will interpret this Request as seeking documents and communications concerning TRR's marketing and advertising of the Seven Handbags.

Subject to and without waiving the foregoing objections, TRR states that it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents and communications in TRR's possession, custody, or control concerning TRR's marketing and advertising of the Seven Handbags.

**REQUEST FOR PRODUCTION NO. 7:**

Documents and communications relating to Defendant's advertisement, packaging, labeling or promotion and/or marketing of CHANEL-branded items.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. TRR further objects to this Request as vague and ambiguous because the terms "packaging" and "labeling" are capable of multiple interpretations.

TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation. *See* MTD Order. Specifically, TRR's marketing and advertising of Chanel-branded items is only relevant, at most, with respect to the Seven Handbags. TRR will interpret this Request as seeking documents and communications concerning TRR's advertisement and marketing of the Seven Handbags.

Subject to and without waiving the foregoing objections, TRR states that it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents in TRR's possession, custody, or control relating to TRR's advertisement and/or marketing of the Seven Handbags.

## REQUEST FOR PRODUCTION NO. 8:

Documents and communications between Defendant and consumers and/or third-party retailers relating to the advertising, offering for sale, sale and distribution of CHANEL-branded items, including, but not limited to, communications relating to quality, genuineness and source of the CHANEL-branded items.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

TRR objects to this Request as vague and ambiguous because the terms "quality," "offering for sale," "sale," and "genuineness" are capable of multiple interpretations. TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation. *See* MTD Order. Specifically, documents concerning the sources of TRR's Chanel-branded products are only relevant, at most, with respect to the Seven Handbags. TRR will interpret this Request as seeking documents and communications between TRR and/or third-party retailers concerning the quality, authenticity, and acquisition of the Seven Handbags.

Subject to and without waiving the foregoing objections, TRR states it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents and communications in TRR's possession, custody, and control between TRR and/or third-party retailers concerning the quality, authenticity, and acquisition of the Seven Handbags.

**REQUEST FOR PRODUCTION NO. 9:**

Documents and communications concerning Defendant's review, analysis and authentication of CHANEL-branded items.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. TRR further objects to this Request as cumulative and unduly burdensome to the extent it is duplicative of at least Requests Nos. 23, 24, 25, 26, and 35. TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation. *See* MTD Order. TRR will interpret this Request as seeking documents sufficient to demonstrate TRR's authentication of Chanel-branded handbags.

Subject to and without waiving the foregoing objections, TRR states it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents in TRR's possession, custody, or control sufficient to demonstrate TRR's authentication process for Chanel-branded handbags.

**REQUEST FOR PRODUCTION NO. 10:**

Documents and communications relating to notifications or complaints received by TRR pertaining to CHANEL-branded items sold by TRR being inauthentic, counterfeit, fake, or otherwise non-genuine or believed to be inauthentic, counterfeit, fake, or otherwise non-genuine.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.  TRR further objects to this Request as cumulative and unduly burdensome to the extent it is duplicative of at least Requests Nos. 20 and 21.  TRR further objects to this Request as overbroad because the term "notifications" and the catch-all phrases "otherwise non-genuine" and "or believed to be…otherwise non-genuine" are ambiguous and capable of multiple interpretations.  TRR also objects to this Request to the extent it seeks documents that Chanel has obtained and that are therefore in the possession of, and equally available to, Chanel.  *See, e.g.*, First Amended Complaint ¶ 62.  TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation.  *See* MTD Order.

Subject to and without waiving the foregoing objections, TRR states it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents in TRR's possession, custody, or control sufficient to show customer feedback regarding Chanel-branded products sold by TRR.

**REQUEST FOR PRODUCTION NO. 11:**

Documents and communications relating to acquisition, offer or sale, advertisement, marketing and sale of Chanel Pink Patent Flap Bag described in FAC Paragraph 45 and Exhibit E.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.  TRR further objects to this Request to the extent it seeks documents relating to the "origin" and "acquisition" of the referenced Handbag as overbroad, unduly burdensome, and disproportionate to the needs of the case on the grounds that it seeks

10

highly sensitive, confidential, and proprietary commercial information, production of which would impose an undue burden on TRR that outweighs any potential probative value.

Subject to and without waiving the foregoing objections, TRR states it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents and communications in TRR's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 12:**

Documents and communications relating to origin, acquisition, offer or sale, advertisement, marketing and sale of Chanel Purple Quilted Flap Bag described in FAC Paragraph 45 and Exhibit E.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.  TRR further objects to this Request to the extent it seeks documents relating to the "origin" and "acquisition" of the referenced Handbag as overbroad, unduly burdensome, and disproportionate to the needs of the case on the grounds that it seeks highly sensitive, confidential, and proprietary commercial information, production of which would impose an undue burden on TRR that outweighs any potential probative value.

Subject to and without waiving the foregoing objections, TRR states it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents and communications in TRR's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 13:**

Documents and communications relating to origin, acquisition, offer or sale, advertisement, marketing and sale of Chanel Black Hobo Bag described in FAC Paragraph 45 and Exhibit E.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.  TRR further objects to this Request to the extent it seeks

documents relating to the "origin" and "acquisition" of the referenced Handbag as overbroad, unduly burdensome, and disproportionate to the needs of the case on the grounds that it seeks highly sensitive, confidential, and proprietary commercial information, production of which would impose an undue burden on TRR that outweighs any potential probative value.

Subject to and without waiving the foregoing objections, TRR states it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents and communications in TRR's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 14:**

Documents and communications relating to origin, acquisition, offer or sale, advertisement, marketing and sale of Chanel Classic Black Flap Bag described in FAC Paragraph 45 and Exhibit E.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.  TRR further objects to this Request to the extent it seeks documents relating to the "origin" and "acquisition" of the referenced Handbag as overbroad, unduly burdensome, and disproportionate to the needs of the case on the grounds that it seeks highly sensitive, confidential, and proprietary commercial information, production of which would impose an undue burden on TRR that outweighs any potential probative value.

Subject to and without waiving the foregoing objections, TRR states it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents and communications in TRR's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 15:**

Documents and communications relating to origin, acquisition, offer or sale, advertisement, marketing and sale of Chanel Black Flap with Handle Bag described in FAC Paragraph 45 and Exhibit E.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. TRR further objects to this Request to the extent it seeks documents relating to the "origin" and "acquisition" of the referenced Handbag as overbroad, unduly burdensome, and disproportionate to the needs of the case on the grounds that it seeks highly sensitive, confidential, and proprietary commercial information, production of which would impose an undue burden on TRR that outweighs any potential probative value.

Subject to and without waiving the foregoing objections, TRR states it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents and communications in TRR's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 16:**

Documents and communications relating to origin, acquisition, offer or sale, advertisement, marketing and sale of Chanel Black Chevron Tote Bag described in FAC Paragraph 45 and Exhibit E.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. TRR further objects to this Request to the extent it seeks documents relating to the "origin" and "acquisition" of the referenced Handbag as overbroad, unduly burdensome, and disproportionate to the needs of the case on the grounds that it seeks highly sensitive, confidential, and proprietary commercial information, production of which would impose an undue burden on TRR that outweighs any potential probative value.

Subject to and without waiving the foregoing objections, TRR states it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents and communications in TRR's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 17:**

Documents and communications relating to origin, acquisition, offer or sale, advertisement, marketing and sale of Chanel Naked Flap Bag described in FAC Paragraph 45 and Exhibit E.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.  TRR further objects to this Request to the extent it seeks documents relating to the "origin" and "acquisition" of the referenced Handbag as overbroad, unduly burdensome, and disproportionate to the needs of the case on the grounds that it seeks highly sensitive, confidential, and proprietary commercial information, production of which would impose an undue burden on TRR that outweighs any potential probative value.

Subject to and without waiving the foregoing objections, TRR states it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents and communications in TRR's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 18:**

Documents and communications relating to the development, evaluation and/or approvals of Defendant's advertised claim that the items Defendant offers for sale and sells are "100% the real thing."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.  TRR objects to this Request as cumulative and unduly burdensome to the extent it is duplicative of at least Request No. 19.  TRR further objects to this Request as vague and ambiguous in that the phrase "advertised claim" is capable of multiple

interpretations.  TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation.  *See* MTD Order.  Specifically, TRR's marketing or advertising is only relevant, at most, with respect to the sale of the Seven Handbags and TRR's authentication of Chanel products.  TRR will interpret this Request as seeking documents and communications concerning TRR's advertising of the Seven Handbags.

Subject to and without waiving the foregoing objections, TRR states that it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents and communications in TRR's possession, custody, or control concerning TRR's advertising of the Seven Handbags and documents sufficient to demonstrate TRR's authentication of Chanel products.

**REQUEST FOR PRODUCTION NO. 19:**

Documents and communications relating to evidence substantiating for Defendant's advertised claim that the items Defendant offers for sale and sells are "100% the real thing."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.  TRR objects to this Request as cumulative and unduly burdensome to the extent it is duplicative of at least Request No. 18.  TRR objects to this Request as vague and ambiguous because the phrase "evidence substantiating for" is confusing and capable of multiple interpretations and the phrase "advertised claim" is capable of multiple interpretations. TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation.  *See* MTD Order.  Specifically, TRR's marketing or advertising is only relevant, at most, with respect to the sale of the Seven Handbags and TRR's

authentication of Chanel products.  TRR will interpret this Request as seeking documents and communications concerning TRR's advertising of the Seven Handbags.

Subject to and without waiving the foregoing objections, TRR states that it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents and communications in TRR's possession, custody, or control concerning TRR's advertising of the Seven Handbags and documents sufficient to demonstrate TRR's authentication of Chanel products.

**REQUEST FOR PRODUCTION NO. 20:**

Documents and communications relating to any customer and/or third party complaints or other communications regarding CHANEL-branded items sold by Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.  TRR further objects to this Request as cumulative and unduly burdensome to the extent it is duplicative of at least Requests Nos. 10 and 21.  TRR also objects to this Request to the extent it seeks documents that Chanel has obtained and that are therefore in the possession of, and equally available to, Chanel.  *See, e.g.*, First Amended Complaint ¶ 62.  TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation.  *See* MTD Order.  TRR will interpret this Request as seeking documents sufficient to show customer communications regarding Chanel-branded handbags sold by TRR.

Subject to and without waiving the foregoing objections, TRR states it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents in TRR's

possession, custody, or control sufficient to show customer communications regarding Chanel-branded handbags sold by TRR.

**REQUEST FOR PRODUCTION NO. 21:**

Documents and communications relating to any customer and/or third party complaints or other communications concerning any of Defendant's advertised claims that the items Defendant offers for sale and sells are "100% the real thing," "real," "real real," and/or all genuine and/or authentic.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. TRR further objects to this Request as cumulative and unduly burdensome to the extent it is duplicative of at least Request Nos. 10 and 20. TRR objects to this Request to the extent it seeks documents that Chanel has obtained and that are therefore in the possession of, and equally available to, Chanel. *See, e.g.*, First Amended Complaint ¶ 62. TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation. *See* MTD Order. TRR will interpret this Request as seeking documents sufficient to show customer communications regarding Chanel-branded handbags sold by TRR.

Subject to and without waiving the foregoing objections, TRR states it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents in TRR's possession, custody, or control sufficient to show customer communications regarding Chanel-branded handbags sold by TRR.

**REQUEST FOR PRODUCTION NO. 22:**

Documents and communications concerning Defendant's policies, procedures and processes relating to how Defendant identifies, obtains, acquires, accumulates, purchases, merchandises and sells CHANEL-branded items.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.  TRR further objects to this request as cumulative and unduly burdensome to the extent it is duplicative of at least Requests Nos. 4 and 5. TRR objects to this Request as overbroad and unduly burdensome because the terms "processes" and "accumulates" are vague, ambiguous, and capable of multiple interpretations.  TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation.  *See* MTD Order.  Specifically, TRR's policies and procedures governing how TRR sells Chanel-branded items are only relevant, at most, with respect to the sale of the Seven Handbags.  TRR will interpret this Request as seeking the policies and procedures governing TRR's sale of the Seven Handbags.

Subject to and without waiving the foregoing objections, TRR states that it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents and communications in TRR's possession, custody, and control concerning policies and procedures related to TRR's sale of the Seven Handbags.

**REQUEST FOR PRODUCTION NO. 23:**

Documents and communications concerning Defendant's verification and authentication policies, procedures and processes in connection with luxury-brand goods, including CHANEL-branded items.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. TRR further objects to this Request as cumulative and unduly burdensome to the extent it is duplicative of at least Requests Nos. 9, 24, 25, and 35.  TRR objects to this Request as vague and ambiguous because the phrase "luxury-brand goods" is

18

undefined and capable of multiple interpretations. TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation. *See* MTD Order. Specifically, policies and procedures governing how TRR verifies and authenticates luxury brand items other than Chanel-branded handbags are not relevant to Chanel's claims. TRR will interpret this Request as seeking documents sufficient to demonstrate TRR's authentication of Chanel-branded handbags.

Subject to and without waiving the foregoing objections, TRR states it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents in TRR's possession, custody, or control sufficient to demonstrate TRR's authentication process for Chanel-branded handbags.

## REQUEST FOR PRODUCTION NO. 24:

Documents and communications concerning authentication conducted by Defendant's claimed "team of authentication experts", including, but not limited to, the process(es) of authenticating CHANEL-branded items.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. TRR further objects to this Request as cumulative and unduly burdensome to the extent it is duplicative of at least Requests Nos. 9, 23, 25, and 35. TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation. *See* MTD Order. TRR will interpret this Request as seeking documents sufficient to demonstrate TRR's authentication of Chanel-branded handbags.

Subject to and without waiving the foregoing objections, TRR states it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents in TRR's

possession, custody, or control sufficient to demonstrate TRR's authentication process for Chanel-branded handbags.

**REQUEST FOR PRODUCTION NO. 25:**

Documents and communications relating to any authentication process or process elements employed by Defendant specific to CHANEL-branded handbags.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. TRR further objects to this Request as cumulative and unduly burdensome to the extent it is duplicative of at least Requests Nos. 9, 23, 24, 26, and 35. TRR objects to this Request as vague and ambiguous because the phrase "process elements" is undefined and capable of multiple interpretations. TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation. *See* MTD Order. TRR will interpret this Request as seeking documents and communications sufficient to demonstrate TRR's authentication of Chanel-branded handbags.

Subject to and without waiving the foregoing objections, TRR states it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents in TRR's possession, custody, or control sufficient to demonstrate TRR's authentication process for Chanel-branded handbags.

**REQUEST FOR PRODUCTION NO. 26:**

Documents and communications relating to a "rigorous, brand-specific authentication process" indicated in Defendant's November 12, 2019 press release.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. TRR further objects to this Request as cumulative and

unduly burdensome to the extent it is duplicative of at least Requests Nos. 18, 19, 23, 24, and 25. TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation. *See* MTD Order. TRR will interpret this Request as seeking documents and communications sufficient to demonstrate TRR's authentication of Chanel-branded handbags.

Subject to and without waiving the foregoing objections, TRR states it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents in TRR's possession, custody, or control sufficient to demonstrate TRR's authentication process for Chanel-branded handbags.

**REQUEST FOR PRODUCTION NO. 27:**

Documents and communications relating to and/or substantiating the statement made in Defendant's November 12, 2019 press release that "sophisticated technology and training [] goes into authenticating every item we sell on The RealReal."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. TRR further objects to this Request as cumulative and unduly burdensome to the extent it is duplicative of at least Requests Nos. 26, 29 and 31. TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation. *See* MTD Order. TRR will construe this Request as seeking documents and communications sufficient to demonstrate TRR's authentication of Chanel-branded handbags and TRR's training of the authenticators who authenticated the Seven Handbags.

Subject to and without waiving the foregoing objections, TRR states that it will conduct a good faith, reasonable effort to search for, identify, and produce responsive, non-privileged documents in TRR's possession, custody, or control responsive to this Request so construed.

**REQUEST FOR PRODUCTION NO. 28:**

Documents and communications concerning Defendant's hiring, qualifications, job requirements, and regular work practice of Defendant's purported authentication experts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. TRR objects to this Request as vague and ambiguous because the phrases "job requirements" and "regular work practice" are capable of multiple interpretations. TRR will construe this phrase to mean the day-to-day responsibilities of TRR's authentication experts. TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation. *See* MTD Order. Specifically, the hiring, qualifications, job requirements, and "regular work practice" of TRR's authenticators are only relevant, at most, with respect to the authenticators who authenticated the Seven Handbags. TRR will construe this Request as seeking documents and communications relating to the hiring, qualifications, and day-to-day responsibilities of the authenticators who authenticated the Seven Handbags.

Subject to and without waiving the foregoing objections, TRR states that it will conduct a good faith, reasonable effort to search for, identify, and produce responsive, non-privileged documents in TRR's possession, custody, or control responsive to this Request so construed.

**REQUEST FOR PRODUCTION NO. 29:**

Documents and communications concerning training provided to Defendant's purported authentication experts concerning the authentication of CHANEL-branded items.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.  TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation.  *See* MTD Order.  Specifically, TRR's training of its authentication experts is only relevant, at most, with respect to the authenticators who authenticated the Seven Handbags.  TRR will construe this Request as seeking documents and communications sufficient to show TRR's training of the authenticators who authenticated the Seven Handbags.

Subject to and without waiving the foregoing objections, TRR states that it will conduct a good faith, reasonable effort to search for, identify, and produce responsive, non-privileged documents in TRR's possession, custody, or control responsive to this Request so construed.

**REQUEST FOR PRODUCTION NO. 30:**

Documents and communications concerning Defendant's hiring, qualifications, job requirements, and regular work practices of Defendant's copyrighters [sic].

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.  TRR objects to this Request as vague and ambiguous because the phrase "regular work practice" is capable of multiple interpretations. TRR will construe this phrase to mean the day-to-day responsibilities of TRR's copywriters.  TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation.  *See* MTD Order.  Specifically, the hiring, qualifications, job requirements, and "regular work practice" of TRR's copywriters is only relevant, at most, with

23

respect to the copywriters who reviewed the Seven Handbags.  TRR will construe this Request as seeking documents and communications sufficient to show the hiring, qualifications, and day-to-day responsibilities of the copywriters who reviewed the Seven Handbags.

Subject to and without waiving the foregoing objections, TRR states that it will conduct a good faith, reasonable effort to search for, identify, and produce responsive, non-privileged documents in TRR's possession, custody, or control responsive to this Request so construed.

**REQUEST FOR PRODUCTION NO. 31:**

Documents and communications concerning training provided to Defendant's copyrighters [sic] by Defendant regarding the authentication of CHANEL-branded items.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.  TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation.  *See* MTD Order.  Specifically, TRR's training of its copywriters is only relevant, at most, with respect to the copywriters who reviewed the Seven Handbags. TRR will construe this Request as seeking documents and communications sufficient to show TRR's training of the copywriters who reviewed the Seven Handbags.

Subject to and without waiving the foregoing objections, TRR states that it will conduct a good faith, reasonable effort to search for, identify, and produce responsive, non-privileged documents in TRR's possession, custody, or control responsive to this Request so construed.

**REQUEST FOR PRODUCTION NO. 32:**

Documents and communications concerning Defendant's copyrighters' [sic] work product relating to CHANEL-branded items.

24

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.  TRR objects to this Request as overbroad and unduly burdensome because the phrase "work product" is vague, ambiguous, and capable of multiple interpretations.  TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation.  *See* MTD Order.  Specifically, the work product of TRR's copywriters is only relevant, at most, with respect to the work related to the Seven Handbags.   TRR will construe this Request as seeking documents and communications sufficient to show the copywriters' work product related the Seven Handbags.

Subject to and without waiving the foregoing objections, TRR states that it will conduct a good faith, reasonable effort to search for, identify, and produce responsive, non-privileged documents in TRR's possession, custody, or control responsive to this Request so construed.

**REQUEST FOR PRODUCTION NO. 33:**

Documents and communications concerning Defendant's "Authentication & Brand Compliance" employees in connection with or concerning any CHANEL-branded items.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.  TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation.  *See* MTD Order.  TRR will construe this Request as seeking documents and communications sufficient to demonstrate TRR's authentication of Chanel-branded handbags.

Subject to and without waiving the foregoing objections, TRR states that it will conduct a good faith, reasonable effort to search for, identify, and produce responsive, non-privileged documents in TRR's possession, custody, or control responsive to this Request so construed.

**REQUEST FOR PRODUCTION NO. 34:**

Documents and communications concerning Defendant's internal "Faux and Tell" document or document series and any CHANEL-branded items and/or CHANEL Trademarks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.  TRR further objects to this Request as vague and ambiguous because the phrase "document series" is capable of multiple interpretations. TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation.  *See* MTD Order.  TRR will interpret this Request as seeking internal "Faux and Tell" documents that relate to Chanel-branded handbags.

Subject to and without waiving the foregoing objections, TRR states that it will conduct a good faith, reasonable effort to search for, identify, and produce responsive, non-privileged documents in TRR's possession, custody, or control responsive to this Request so construed.

**REQUEST FOR PRODUCTION NO. 35:**

Documents and communications concerning authentication by Defendant of CHANEL-branded items offered for sale or sold on the TRR Website and in Defendant's retail stores.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.  TRR further objects to this Request as cumulative and unduly burdensome to the extent it is duplicative of at least Requests Nos. 9, 23, 24, 25, and 26. TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the

needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation. *See* MTD Order. TRR will construe this Request as seeking documents and communications sufficient to demonstrate TRR's authentication of Chanel-branded handbags.

Subject to and without waiving the foregoing objections, TRR states it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents in TRR's possession, custody, or control sufficient to demonstrate TRR's authentication process for Chanel-branded handbags.

**REQUEST FOR PRODUCTION NO. 36:**

Documents and communications sufficient to show the serial number of each CHANEL-branded item that Defendant has acquired, offered for sale, and/or sold.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. TRR objects to this Request as overbroad and unduly burdensome because it seeks documents "sufficient to show the serial number" of "each" Chanel-branded item that TRR has ever acquired, offered for sale, and/or sold. TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information of which the undue burden and expense of production outweighs any potential probative value to the remaining live claims and defenses in this case. *See* MTD Order.

TRR will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 37:**

Documents and communications relating to Defendant's decision in 2018 to remove serial numbers on CHANEL-branded items in product listings, including but not limited to listings on the TRR Website.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objections, TRR states it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents and communications in TRR's possession, custody, or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 38:**

Documents and communications between Defendant and Leather Surgeons relating to Chanel, CHANEL Trademarks and/or CHANEL-branded items, including but not limited to authentication and/or repair of CHANEL-branded items.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

TRR objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation. *See* MTD Order. TRR will interpret this Request as seeking documents and communications between TRR and Leather Surgeons relating to the authentication or repair of the Seven Handbags.

Subject to and without waiving the foregoing objections, TRR states it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents and communications in TRR's possession, custody, or control responsive to this Request so construed.

**REQUEST FOR PRODUCTION NO. 39:**

Documents and communications between Defendant and The Capital Forum regarding Defendant's authentication, advertising, and/or business/sales practices, Chanel, CHANEL Trademarks and/or CHANEL-branded items.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

TRR objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation. *See* MTD Order.

Subject to and without waiving the foregoing objections, TRR states it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents and communications in TRR's possession, custody, or control responsive to this Request so construed.

**REQUEST FOR PRODUCTION NO. 40:**

Documents and communications relating to Defendant's financials, including, but not limited to, revenues, gross profits, and net profits derived from the sale of CHANEL-branded items from January 1, 2016 through the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. TRR further objects to this Request as cumulative and unduly burdensome to the extent it is duplicative of at least Request No. 41. TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation. *See* MTD Order. Specifically, documents that reflect TRR's financials derived from the sale of Chanel-branded items are only relevant, at most, with respect to the Seven Handbags. TRR construes this Request as seeking documents and communications reflecting TRR's financials derived from the sale of the Seven Handbags.

Subject to and without waiving the foregoing objections, TRR states it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents and communications in TRR's possession, custody, or control responsive to this Request so construed.

**REQUEST FOR PRODUCTION NO. 41:**

Documents and communications relating to Defendant's financials from January 1, 2016 through the present, including purchase price, sales price, sales volume and gross and net profits, in dollars, resulting from the sale and distribution of CHANEL-branded items on the TRR Website and in Defendant's retail stores.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.  TRR further objects to this Request as cumulative and unduly burdensome to the extent it is duplicative of at least Request No. 40.  TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation.  *See* MTD Order.  Specifically, documents that reflect TRR's financials derived from the sale of Chanel-branded items are only relevant, at most, with respect to the Seven Handbags.  TRR construes this Request as seeking documents and communications reflecting TRR's financials derived from the sale of the Seven Handbags.

Subject to and without waiving the foregoing objections, TRR states it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents and communications in TRR's possession, custody, or control responsive to this Request so construed.

**REQUEST FOR PRODUCTION NO. 42:**

Documents and communications relating to Defendant's past and current inventory of CHANEL-branded items.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.  TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of

information of which the undue burden and expense of production outweighs any potential probative value to the remaining live claims and defenses in this case.  *See* MTD Order.

TRR will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 43:**

Documents and communications relating to the quantity of products bearing the CHANEL Trademarks acquired and sold by Defendant on the TRR Website and in Defendant's retail stores.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.  TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation.  *See* MTD Order.  TRR will interpret this Request as seeking documents sufficient to show the volume of Chanel products sold on TRR's website or in TRR's retail stores.

Subject to and without waiving the foregoing objections, TRR states that it will conduct a good faith effort to search for, identify, and produce responsive, non-privileged documents in TRR's possession, custody, or control sufficient to show the volume of Chanel-branded handbags sold on TRR's website and in TRR's retail stores.

**REQUEST FOR PRODUCTION NO. 44:**

Documents and communications relating to Defendant' posting, advertising, promotional and marketing activities in social media, including but not limited to Facebook and Instagram, relating to Defendant's display, sale, marketing and/or promotion of CHANEL-branded items and use of the CHANEL Trademarks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine.  TRR further objects to this request as vague and ambiguous because the phrase "posting…activities" is confusing and capable of multiple

31

interpretations.  TRR also objects to this Request to the extent it seeks documents that are available

on TRR's public website and public social media platforms, which are equally available to Chanel.

TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the

needs of the case in that it seeks the discovery of information that is not relevant to the live claims

made or defenses raised in this litigation.  *See* MTD Order.  Specifically, TRR's advertising and

marketing activities in social media are only relevant, at most, with respect to the Seven Handbags.

TRR will interpret this Request as seeking documents and communications relating to TRR's

social media advertising of the Seven Handbags.

Subject to and without waiving the foregoing objections, TRR states that it will conduct a

good faith effort to search for, identify, and produce responsive, non-privileged documents and

communications in TRR's possession, custody, or control relating to TRR's social media

advertising of the Seven Handbags.

**REQUEST FOR PRODUCTION NO. 45:**

Documents and communications concerning any statements made to the media by
Defendant concerning Chanel, CHANEL-branded items, the CHANEL Trademarks or this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-

client privilege or work product doctrine.  TRR further objects to this Request as overbroad, unduly

burdensome, and disproportionate to the needs of the case in that it seeks the discovery of

information that is not relevant to the live claims made or defenses raised in this litigation.  *See*

MTD Order.  TRR also objects to this request to the extent it seeks documents that are public,

equally available to or already in the possession, custody, or control of Plaintiffs.

TRR will not produce documents responsive to this Request.

32

**REQUEST FOR PRODUCTION NO. 46:**

Documents and communications relating to any surveys or consumer studies regarding the CHANEL Trademarks, Chanel or CHANEL-branded items.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

TRR objects to this Request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine. TRR further objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks the discovery of information that is not relevant to the live claims made or defenses raised in this litigation. *See* MTD Order. This Request as stated is unlimited in scope and would subject TRR to unreasonable expense and burden to produce documents that are not relevant to this matter. *See* MTD Order.

TRR will not produce documents responsive to this Request.


Dated: August 18, 2020

<div style="margin-left:40%">

Respectfully submitted,

 /s/Karen L. Dunn

Karen L. Dunn (Admitted Pro Hac Vice)
Email: kdunn@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Tel: +1-202-223-7308


Leigh M. Nathanson
Email: lnathanson@kslaw.com
Laura E. Harris
Email: lharris@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas 34th Floor
New York, NY  10036

</div>

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on August 18, 2020, I caused a true and correct copy of the foregoing

***Defendant The RealReal's Objections and Responses To Plaintiff's First Set Of Requests For***

***Production To Defendant*** was served via email on all counsel of record.


PAUL,   WEISS,   RIFKIND,   WHARTON   &
GARRISON LLP


/s/      *Karen L. Dunn*
         Karen L. Dunn

34