# Exhibit A

SHEPPARD MULLIN RICHTER & HAMPTON LLP
Theodore C. Max
Tyler E. Baker
tmax@sheppardmullin.com
tbaker@sheppardmullin.com
30 Rockefeller Plaza
New York, New York 10112
Telephone: 212-653-8700
Facsimile: 212-653-8701

*Attorneys for Plaintiff Chanel, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHANEL, INC., | Civil Action No. 1:18-cv-10626-VSB |
| Plaintiff, | |
| v. | **PLAINTIFF CHANEL, INC.'S RESPONSE TO DEFENDANT THE REALREAL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION** |
| THE REALREAL, INC., | |
| Defendant. | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP"), and the Local Civil Rules for the United States District Court for the Southern District of New York ("Local Rules"), Plaintiff Chanel, Inc. ("Plaintiff" or "Chanel"), by and through its undersigned attorneys, Sheppard Mullin Richter & Hampton LLP, hereby responds and objects to Defendant The RealReal's ("Defendant" or "TRR") First Set of Request for Production of Documents ("Requests" and each a "Request") as follows.

## GENERAL OBJECTIONS

Chanel's responses to the Requests are subject to the following General Objections and Conditions, which are hereby incorporated by reference into each response to the Requests, even if certain responsive documents or information may be produced at a later date.

1.      Chanel objects to the Requests to the extent that they seek to require production or disclosure of any privileged attorney-client communication, trial preparation materials or work product on the grounds that such discovery is not permissible under Rule 26(b) of the Federal Rules of Civil Procedure.  Such information will not be disclosed.  Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or any other applicable privilege or immunity recognized by statute or case law.

2.      Chanel objects to the Requests to the extent that they would require Chanel to provide information and produce documents and things not within its possession, custody or control.

3.      Chanel objects to all Requests calling for answers requiring "each," "every," "all," "any," or "each and every" person(s), entity(ies), document(s), statement(s), fact(s) or circumstance(s), or words to that effect, on the grounds that such Requests are vague and ambiguous, overly broad, unduly burdensome and oppressive, and they seek information neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to this objection, Chanel will construe these terms and phrases as a request that Chanel use reasonable diligence to locate relevant information, documents or things based on an examination of those files that may reasonably yield relevant information or documents and inquire of those who may reasonably be expected to possess responsive information or documents.

4.      Chanel objects to all Requests that request information regarding "each," "every," "all," "any," or "each and every" person(s), entity(ies), fact(s), circumstance(s), document(s), or statement(s) or words to that effect, on the grounds that Chanel has not completed its investigation of facts related to this action.  Discovery and Chanel's search for documents and information are ongoing.  Accordingly, Chanel reserves the right to rely on any facts, documents, or other evidence that may develop or come to Chanel's attention subsequent to answering these Requests.  The responses of Chanel are set forth herein without prejudice to Chanel's rights to assert additional objections or supplemental responses should Chanel discover additional documents, information, or grounds for objections.  Chanel reserves the right to supplement or amend these objections or amend these responses at any time prior to the trial of this action.

5.      Chanel objects to these Requests to the extent they purport to impose any requirement or discovery obligation on Chanel other than those set forth in Federal Rules of Civil Procedure and the Local Rules and that they seek to require Chanel to digest, summarize, explain or otherwise provide information related to the documents or things being produced, which information can be readily obtained from reviewing the documents and things themselves.

6.      To the extent that Chanel responds to these Requests, Chanel does not concede that the information requested is relevant to this action.  Chanel expressly reserves the right to object to further discovery into the subject matter of any of these Requests and the introduction into evidence of any documents and things or information produced in response to these Requests.  Chanel reserves the right to challenge the competency, relevance, materiality and admissibility of the information contained in any documents and things produced in response to these Requests in any subsequent proceeding or the trial of this or any other action and to object

on any grounds to the use of any of the documents and things or information in any subsequent proceeding or the trial of this or any other action.

7.       Chanel objects to the Requests to the extent that they seek confidential or proprietary business information and trade secrets.  Such information or documents will be provided only in accordance with and subject to entry of an appropriate stipulation and order of confidentiality.

8.       Chanel objects to Defendants' Requests to the extent that they are vague, ambiguous, indefinite, unduly burdensome, duplicative, compound, cumulative, unintelligible or otherwise unclear as to the precise information sought.

9.       Chanel objects to Defendants' Requests to the extent that they seek information that is not relevant to the Defendants' defenses or Chanel's claims, nor reasonably calculated to lead to the discovery of admissible evidence.  To the extent Chanel responds to Defendants' Requests, Chanel does not concede that the information provided is relevant to this litigation.

10.      Chanel objects to Defendants' Requests to the extent that their definitions encompass trademarks which are not the subject of this action and/or which incorrectly refer to paragraphs in Plaintiff's Second Amended Complaint which do not describe the trademarks at issue in this litigation.  Chanel's responses shall be limited to the Chanel Trademarks identified in Paragraph 17 of the First Amended Complaint ("FAC"), and goods bearing those marks.

11.      Chanel further objects to the extent that the Requests are unduly burdensome and oppressive and impose an undue financial burden on Chanel which is not justified under the circumstances.

## OBJECTIONS TO "DEFINITIONS" AND "INSTRUCTIONS"

In addition to the General Objections and Conditions, Chanel's responses to the Requests is subject to the following Objections to the "Definitions" and "Instructions" contained in the

Requests, each of which are hereby incorporated by reference into Chanel's responses to each of the Requests, even if certain responsive documents or information may be produced at a later date.

A.      Chanel objects to the "Definitions" and "Instructions" contained in the Requests to the extent they seek to impose obligations beyond those required or allowed by the Federal Rules of Civil Procedure or the Local Rules.  To the extent that responses are required to the Requests, Chanel will respond in accordance with the Federal Rules of Civil Procedure and the Local Rules.

B.      Chanel objects to Instruction No. 1, which states that the applicable time period for responding to all of these Requests is "January 1, 2011 to the date of [Chanel's] response and any other period and time deemed relevant by the Court", as overly broad, unduly burdensome and not proportional to the needs of the case.  .Defendants will produce documents and communications from January 1, 2014 (to the extent they date back that far).

C.      Chanel objects to Definitions Nos. 5, 7, 8, 9 and 10 and Instruction No. 5 to the extent these Definitions and Instruction seek to impose obligations beyond those required or allowed by the Federal Rules of Civil Procedure or the Local Rules or beyond the requirements of the expected Protective Order to be entered into by the parties in the Action governing the production of Documents and electronically stored information ("ESI"), or beyond the requirements of any expected ESI protocol agreement ("ESI Protocol") to be entered into between the parties.  To the extent that responses are required to these Definitions and Instruction, Chanel will respond in accordance with the Federal Rules of Civil Procedure and the Local Rules and the Protective Order and ESI Protocol.

D.      Chanel objects to production of responsive materials before a Protective Order and ESI Protocol are each in place.

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST NO. 1:

Produce the Handbags for TRR to inspect, test, and/or sample.

### RESPONSE TO REQUEST NO. 1:

In addition to General Objections and Objections to the "Definitions" and "Instructions", Chanel objects to this Request on the grounds that is unduly burdensome and is vague, ambiguous and unclear as to the phrase "test, and/or sample." Chanel objects to this Request to the extent it intends or implies that any of the Handbags produced pursuant to this Request will or will be permitted to leave Chanel's custody, control, and possession in connection with any "inspect[tion], test[ing], and/or samp[ling]." Chanel objects to this Request to the extent is assumes, implies, or states that all the Handbags, as defined, are in or have been in Chanel's possession, custody, or control, and Chanel responds with regard to those Handbags which are or have been in Chanel's possession, custody, or control. Chanel objects to any production of the Handbags before an agreed-to date, location, and time for such inspection based on the availability of the proper Chanel employees to enable and oversee such inspection, and consideration of necessary safety protocols, along with agreement on production and inspection protocols. Chanel objects to any production of the Handbags without approval by Chanel, including regarding who will be inspecting the Handbags on behalf of TRR. Chanel objects to production of any Handbags without agreement by TRR as to prior production of certain categories of discovery requested by Chanel.

Subject to and without waving the General Objections, the Objections to "Definitions and Instructions" and the foregoing specific objections and reserving Chanel's right to supplement

and amend its response Chanel responds as follows: Chanel will make available those Handbags in Chanel's custody, control, and possession for TRR's inspection at a time and place to be agreed to by the Parties in compliance with an inspection protocol to be established.

**REQUEST NO. 2:**

All documents and communications concerning the Handbags, including without limitation documents concerning Chanel's purported investigation of the Handbags, Chanel's obtaining of the Handbags, and the Chain of Custody of the Handbags from the date on which each Handbag was sold by Chanel to the present.

**RESPONSE TO REQUEST NO. 2:**

In addition to General Objections and Objections to the "Definitions" and "Instructions", Chanel objects to this Request on the grounds that this Request is overbroad and unduly burdensome. Chanel further objects to the Request on the grounds that this Request is vague, ambiguous and unclear. Chanel objects to the Request on the grounds that it states or implies that Chanel has sold counterfeit items, including but not limited to the Handbags. Chanel did not sell the Handbags. Chanel objects to this Request to the extent is assumes, implies, or states that all the Handbags, as defined, are in or have been in Chanel's possession, custody, or control, and Chanel responds with regard to those Handbags which are or have been in Chanel's possession, custody, or control. Chanel does not engage in offer for sale or sale of counterfeit CHANEL-branded handbags, and providing documents responsive to this Request as drafted is consequently objectionable and problematic. Chanel further objects to the extent that this Request seeks confidential, proprietary and/or non-public information that is not relevant to this action, and to the extent that it seeks information subject to the attorney-client privilege, work-product privilege, or other applicable privilege or immunity.

Subject to and without waving the General Objections, the Objections to "Definitions and Instructions" and the foregoing specific objections and reserving Chanel's right to supplement and amend its response Chanel responds as follows:  Chanel is willing to work with TRR to revise this request so as to make it non-objectionable such that responsive documents can be produced.

**REQUEST NO. 3:**

All documents and communications concerning the authenticity of the Handbags, including without limitation the process by which Chanel determined that the Handbags are allegedly counterfeit and the bases for its conclusions.

**RESPONSE TO REQUEST NO. 3:**

In addition to General Objections and Objections to the "Definitions" and "Instructions", Chanel objects to this Request on the grounds that this Request is overbroad and unduly burdensome.  Chanel further objects to the extent that this Request seeks confidential, proprietary and/or non-public information that is not relevant to this action, and to the extent that it seeks information subject to the attorney-client privilege, work-product privilege, or other applicable privilege or immunity.  Chanel objects to this Request to the extent is assumes, implies, or states that all the Handbags, as defined, are in or have been in Chanel's possession, custody, or control, and Chanel responds with regard to those Handbags which are or have been in Chanel's possession, custody, or control.  Chanel further objects to the extent that this Request seeks the discovery of trade secrets or other highly proprietary, competitive and commercially-sensitive information, the disclosure of which may adversely impact Chanel's business interest.

Subject to and without waving the General Objections, the Objections to "Definitions and Instructions" and the foregoing specific objections and reserving Chanel's right to supplement

**REQUEST NO. 5:**

All documents and communications with or concerning TRR.

**RESPONSE TO REQUEST NO. 5:**

In addition to General Objections and Objections to the "Definitions" and "Instructions", Chanel objects to this Request on the grounds that it is vague, unclear, overbroad and unduly burdensome and is not properly limited in time or scope, and not proportional to the needs of the case. Chanel further objects to this Request to the extant that any of the information sought in this Request is already be in TRR's possession, custody, or control. Chanel further objects to the extent that this Request seeks confidential, proprietary and/or non-public information that is not relevant to this action, and to the extent that it seeks information subject to the attorney-client privilege, work-product privilege, or other applicable privilege or immunity.

Subject to and without waving the General Objections, the Objections to "Definitions and Instructions" and the foregoing specific objections and reserving Chanel's right to supplement and amend its response Chanel responds as follows: Chanel will make available for review and copying non-privileged documents in Chanel's custody, control and possession located upon a reasonable search that are responsive to this Request.

**REQUEST NO. 6:**

All documents and communications concerning the resale of Chanel handbags by Chanel, TRR, or on the secondary resale market.

**RESPONSE TO REQUEST NO. 6:**

In addition to General Objections and Objections to the "Definitions" and "Instructions", Chanel objects to this Request on the grounds that it is overbroad, unduly burdensome and seeks information that is neither relevant to the claims or defenses in this Action nor proportionate to

the needs of this case.  Chanel further objects to the extent that this Request seeks confidential, proprietary and/or non-public information that is not relevant to this action, and to the extent that it seeks information subject to the attorney-client privilege, work-product privilege, or other applicable privilege or immunity.  Chanel objects to this Request on the grounds that the term "secondary resale market" is undefined, vague, unclear, and capable of multiple reasonable interpretations.  TRR uses the term "secondary retail market" in its Interrogatory No. 12 and it is unclear whether "secondary resale market" used in this Request has the same meaning as "secondary retail market," and if they do not, Chanel is unable to determine the difference in meaning between the two terms.  Chanel objects to this Request on the grounds that it seeks irrelevant material and on the grounds that the phrase "Chanel handbags" is arguably ambiguous as drafted and used – this case is about the resale of counterfeit and/or non-genuine CHANEL-branded items, not the resale of authentic Chanel handbags – and Chanel objects to the Request to the extent that the Request is intended to cover both categories.  TRR is welcome to revise the Request to address or remove such ambiguity.  Chanel further objects to this Request as the Request cannot be clearly understood and is based on a false and inaccurate premise that Chanel resells is own handbags, when Chanel does not engage in resale of CHANEL-branded handbags.

Subject to and without waving the General Objections, the Objections to "Definitions and Instructions" and the foregoing specific objections and reserving Chanel's right to supplement and amend its response Chanel responds as follows:  Chanel will make available for review and copying non-privileged documents in Chanel's custody, control and possession located upon a reasonable search concerning TRR's advertising, offer for sale, and sale of CHANEL-branded handbags in the secondhand market.

Subject to and without waving the General Objections, the Objections to "Definitions and Instructions" and the foregoing specific objections and reserving Chanel's right to supplement and amend its response Chanel responds as follows:  Chanel will make available for review and copying non-privileged documents in Chanel's custody, control and possession located upon a reasonable search that are responsive to this Request.

**REQUEST NO. 8:**

All communications between Chanel and retailers (including without limitation Neiman Marcus and Saks Fifth Avenue) regarding TRR or any other reseller of Chanel handbags.

**RESPONSE TO REQUEST NO. 8:**

In addition to General Objections and Objections to the "Definitions" and "Instructions", Chanel objects to this Request on the grounds that it is vague, unclear, overbroad and unduly burdensome and is not properly limited in time or scope.  Chanel further objects as this Request on the grounds that it seeks information that is neither relevant to any claims or defenses in this Action nor proportionate to the needs of this case.  Chanel further objects to this Request to the extent the information sought in this Request is already in TRR's possession.  Chanel further objects to the extent that this Request seeks confidential, proprietary and/or non-public information that is not relevant to this action, and to the extent that it seeks information subject to the attorney-client privilege, work-product privilege, or other applicable privilege or immunity. Chanel objects to this Request on the basis that the phrase "any other reseller of Chanel handbags" is vague, unclear, capable of multiple reasonable interpretations, and renders responding accurately to the Request unduly difficult and burdensome.

Subject to and without waving the General Objections, the Objections to "Definitions and Instructions" and the foregoing specific objections and reserving Chanel's right to supplement

and amend its response Chanel responds as follows:  Chanel will make available for review and copying non-privileged documents regarding TRR in Chanel's custody, control and possession located upon a reasonable search that are responsive to this Request.

**REQUEST NO. 9:**

All documents and communications concerning communication between or on behalf of Chanel and any digital or print media outlet (including without limitation New York Magazine, Vogue, The New York Times, and/or CNBC) regarding TRR or any other reseller of Chanel handbags.

**RESPONSE TO REQUEST NO. 9:**

In addition to General Objections and Objections to the "Definitions" and "Instructions", Chanel objects to this Request on the grounds that it is unclear as to the information being sought, overbroad and unduly burdensome and is not properly limited in time or scope.  Chanel further objects as this Request on the grounds that it seeks information that is neither relevant to the claims or defenses in this Action nor proportionate to the needs of this case.  Chanel further objects to the extent that this Request seeks confidential, proprietary and/or non-public information that is not relevant to this action, and to the extent that it seeks information subject to the attorney-client privilege, work-product privilege, or other applicable privilege or immunity. Chanel objects to this Request on the basis that the phrases "any digital or print media outlet" and "any other reseller of Chanel handbags" are undefined, vague, unclear, overbroad, capable of multiple reasonable interpretations, and render responding accurately to the Request unduly difficult and burdensome.

Subject to and without waving the General Objections, the Objections to "Definitions and Instructions" and the foregoing specific objections and reserving Chanel's right to supplement

and amend its response Chanel responds as follows:  Chanel will make available for review and

copying non-privileged documents between Chanel and New York Magazine, Vogue, The New

York Times, and/or CNBC mentioning TRR in Chanel's custody, control and possession located

upon a reasonable search that are responsive to this Request, if any.

**REQUEST NO. 10:**

All documents and communications concerning Chanel's use of contract manufacturers

or any other outsourced labor or materials in the design and construction of its handbags.

**RESPONSE TO REQUEST NO. 10:**

In addition to General Objections and Objections to the "Definitions" and "Instructions",

Chanel objects to this Request on the grounds that it is vague, ambiguous, unclear, overbroad and

unduly burdensome and is not properly limited in time or scope.  Chanel further objects as this

Request on the grounds that it seeks information that is neither relevant or material to the claims

and defenses in this Action nor proportionate to the needs of this case.  Chanel further objects to

the extent that this Request seeks confidential, proprietary and/or non-public information that is

not relevant to this action, and to the extent that it seeks information subject to the attorney-client

privilege, work-product privilege, or other applicable privilege or immunity.  Chanel further

objects to the extent that this Request seeks the discovery of trade secrets or other highly

proprietary, competitive and commercially-sensitive information.  Chanel objects to this Request

on the basis that the phrases "contract manufacturers," "any other outsourced labor or materials"

and "design and construction" are undefined, vague, unclear, overbroad, capable of multiple

reasonable interpretations, and render responding accurately to the Request unduly difficult and

burdensome.

Subject to and without waving the General Objections, the Objections to "Definitions and Instructions" and the foregoing specific objections and reserving Chanel's right to supplement and amend its response Chanel responds as follows:  Chanel is happy to meet and confer with TRR as to what is reasonably sought and intended by this Request.

**REQUEST NO. 11:**

Documents sufficient to reflect Chanel handbag sales and revenue during the Relevant Time Period.

**RESPONSE TO REQUEST NO. 11:**

In addition to General Objections and Objections to the "Definitions" and "Instructions", Chanel objects to this Request on the grounds that it is vague, ambiguous, unclear, overbroad, unduly burdensome, and not proportionate to the needs of the case.  Chanel objects to the Request on the basis that it is not limited or defined by geography, and arguably encapsulates handbag sales across the entire world for a period of nearly 10 years.  Chanel objects to this Request on the basis that the Relevant Time Period is overly broad, burdensome, and not proportionate to the needs of the case.  Chanel further objects as this Request on the grounds that it seeks information that is neither relevant or material to the claims or defenses in this Action nor proportionate to the needs of this case.  Chanel further objects to the extent that this Request seeks confidential, proprietary and/or non-public information that is not relevant to this action, and to the extent that it seeks information subject to the attorney-client privilege, work-product privilege, or other applicable privilege or immunity.  Chanel objects to this Request on the basis that the phrase "Chanel handbag sales and revenue" is undefined, vague, unclear, overbroad, capable of multiple reasonable interpretations, and render responding accurately to the Request unduly difficult and burdensome.  Chanel cannot ascertain if the Request is seeking documents

on *Chanel's* sales and revenue from its own sales of its handbags, or documents on sales and revenue from the sale of Chanel handbags generally.

Subject to and without waving the General Objections, the Objections to "Definitions and Instructions" and the foregoing specific objections and reserving Chanel's right to supplement and amend its response Chanel responds as follows: Chanel will make available for review and copying non-privileged, publicly available documents that are responsive to this Request.

**REQUEST NO. 12:**

All documents and communications concerning Chanel's internal authentication database, including, but not limited to, Chanel's representation that it is the sole method by which to authenticate Chanel products.

**RESPONSE TO REQUEST NO. 12:**

In addition to General Objections and Objections to the "Definitions" and "Instructions", Chanel objects to this Request on the grounds that it is vague, ambiguous, unclear, overbroad and unduly burdensome. Chanel objects that this Request is not properly limited in time and scope as it seeks information going back nine years and assumes facts not in evidence. Chanel further objects as this Request on the grounds that it seeks information that is neither relevant or material to the claims or defenses in this Action nor proportionate to the needs of this case. Chanel objects to the Request to the extent it misstates, in form, implication, or substance, any prior statements by Chanel. Chanel does not separately "authenticate Chanel products" that are "authentic" goods Chanel itself manufactures, offers for sale and sells. Chanel objects to this Request to the extent that the term "Chanel products" is vague, undefined, unclear, and capable of multiple interpretations, rendering it difficult to answer this Request in an accurate way; for example "Chanel products" arguably can mean CHANEL-branded handbags, CHANEL-branded

jewelry and accessories, CHANEL-branded apparel and/or CHANEL-branded fragrance and beauty products. Chanel further objects to the extent that this Request seeks confidential, proprietary and/or non-public information that is not relevant to this action, and to the extent that it seeks information subject to the attorney-client privilege, work-product privilege, or other applicable privilege or immunity. Chanel further objects to the extent that this Request seeks the discovery of trade secrets or other highly proprietary, competitive and commercially-sensitive information. Chanel objects to this Request on the basis that the phrase "Chanel's internal authentication database" is undefined, vague, and unclear. Chanel objects to the overbreadth Request as drafted in seeking "[a]ll documents and communications concerning Chanel's internal authentication database" without consideration to relevance or the proportion to the needs of the case. Arguably the Request implicates, for example, every internal IT communication regarding Chanel's database.

Subject to and without waving the General Objections, the Objections to "Definitions and Instructions" and the foregoing specific objections and reserving Chanel's right to supplement and amend its response Chanel responds as follows: Chanel is happy to meet and confer with TRR as to what is reasonably sought and intended by this Request.

**REQUEST NO. 13:**

All documents and communications concerning Chanel's use of third parties to perform any service concerning its handbags, including without limitation design, manufacturing, authentication, repair, or restoration services.

**RESPONSE TO REQUEST NO. 13:**

In addition to General Objections and Objections to the "Definitions" and "Instructions", Chanel objects to this Request on the grounds that it is vague, ambiguous, unclear, overbroad,

unduly burdensome, and seeks information not proportional to the needs of the case, including to the extent it seeks identification communications with any and all third parties that have performed any service concerning Chanel's handbags, without regard for whether such third parties relate to or are proportional to the needs of this case.  Chanel further objects to this Request on the grounds it is vague, ambiguous and unclear; for example, the phrase "third parties to perform any service concerning its handbags" is unclear, and could encapsulate a host of third parties with no relevance to this action; is TRR looking for the shippers of leather used in Chanel handbags?  The companies that make zippers for Chanel handbags?  Chanel further objects to the extent the Interrogatory seeks confidential, proprietary and/or non-public information that is not relevant to this action, and to the extent that it seeks information subject to the attorney-client privilege, work-product privilege, or other applicable privilege or immunity.  Chanel further objects to the extent that this Request seeks the discovery of trade secrets or other highly proprietary, competitive and commercially-sensitive information.  Chanel objects that this Request is not properly limited in time and scope and assumes facts not in evidence.  Chanel further objects as this Request on the grounds that it seeks information that is neither relevant or material to Chanel's claims in this Action nor proportionate to the needs of this case.

Subject to and without waving the General Objections, the Objections to "Definitions and Instructions" and the foregoing specific objections and reserving Chanel's right to supplement and amend its response Chanel responds as follows:  Chanel is happy to meet and confer with TRR as to what is reasonably sought and intended by this Request.

**REQUEST NO. 14:**

Documents sufficient to show the policies, procedures, guidelines, rules and/or regulations governing authentication of Chanel products.

copying non-privileged documents in Chanel's custody, control and possession located upon a reasonable search which relate to Chanel's anti-counterfeiting efforts and for determining genuineness of CHANEL-branded handbags.

**REQUEST NO. 16:**

Documents sufficient to show the policies, procedures, guidelines, rules and regulations governing Chanel's approval of "authorized sellers" of Chanel products.

**RESPONSE TO REQUEST NO. 16:**

In addition to General Objections and Objections to the "Definitions" and "Instructions", Chanel objects to this Request on the grounds that it is vague, ambiguous, unclear, overbroad and unduly burdensome.  Chanel objects that this Request is not properly limited in time and scope and assumes facts not in evidence.  Chanel further objects as this Request on the grounds that it seeks information that is neither relevant or material to Chanel's claims in this Action nor proportionate to the needs of this case.  Chanel further objects to the extent that this Request seeks confidential, proprietary and/or non-public information that is not relevant to this action, and to the extent that it seeks information subject to the attorney-client privilege, work-product privilege, or other applicable privilege or immunity.  Chanel objects to this Request on the grounds that the phrase "authorized sellers" is undefined, vague, unclear, and capable of multiple reasonable interpretations rendering the Request overly burdensome and difficult to respond to in an accurate way.  For example, it is unclear whether TRR's use of the phrase "authorized sellers" is meant to mean "authorized retailers," which has its own conceptual and legal meaning. Chanel objects to this Request to the extent that the term "Chanel products" is vague, undefined, unclear, and capable of multiple interpretations, rendering it difficult to answer this Request in an accurate way; for example "Chanel products" arguably can mean CHANEL-branded handbags,

CHANEL-branded jewelry and accessories, CHANEL-branded apparel and/or CHANEL-branded fragrance and beauty products.

Subject to and without waving the General Objections, the Objections to "Definitions and Instructions" and the foregoing specific objections and reserving Chanel's right to supplement and amend its response Chanel responds as follows: Chanel is willing to meet and confer on what is intended by this Request.

**REQUEST NO. 17:**

All documents Relating to Chanel's allegation that "it is commonly known that certain serial numbers are used by counterfeiters" in Paragraph 29 of the Complaint.

**RESPONSE TO REQUEST NO. 17:**

In addition to General Objections and Objections to the "Definitions" and "Instructions", Chanel objects to this Request on the grounds that it seeks information which may already be in TRR's possession. Chanel further objects to the extent that this Request seeks confidential, proprietary and/or non-public information that is not relevant to this action, and to the extent that it seeks information subject to the attorney-client privilege, work-product privilege, or other applicable privilege or immunity. Chanel objects to this Request on the grounds that it seeks "[a]ll documents" and is not drafted to seek information proportionate to the needs of the case.

Subject to and without waving the General Objections, the Objections to "Definitions and Instructions" and the foregoing specific objections and reserving Chanel's right to supplement and amend its response Chanel responds as follows: Chanel will make available for review and copying non-privileged documents in Chanel's custody, control and possession located upon a reasonable search sufficient to show that it is commonly-known that certain serial numbers are used by counterfeiters.

copying non-privileged documents in Chanel's custody, control and possession located upon a reasonable search that are responsive to this Request, if any.

**REQUEST NO. 20:**

All documents and communications concerning The Leather Surgeons.

**RESPONSE TO REQUEST NO. 20:**

In addition to General Objections and Objections to the "Definitions" and "Instructions", Chanel objects to this Request on the grounds that it is vague, ambiguous, unclear, overbroad, unduly burdensome, and not tailored to the relevant issues in this case and seeks information disproportionate to the needs of the case. Chanel objects that this Request is not properly limited in time and scope and assumes facts not in evidence. Chanel further objects to the extent that this Request seeks confidential, proprietary and/or non-public information that is not relevant to this action, and to the extent that it seeks information subject to the attorney-client privilege, work-product privilege, or other applicable privilege or immunity. Chanel further objects as this Request on the grounds that it seeks information that is neither relevant or material to Chanel's claims in this Action nor proportionate to the needs of this case. Chanel objects to this Request on the grounds that it seeks all documents and communications concerning The Leather Surgeons, which limitation, and without consideration of whether the information sought is relevant at all to TRR or the issues in this case.

Subject to and without waving the General Objections, the Objections to "Definitions and Instructions" and the foregoing specific objections and reserving Chanel's right to supplement and amend its response Chanel responds as follows: Chanel is happy to meet and confer with TRR regarding the intended scope of this Request.

**REQUEST NO. 21:**

All documents and communications concerning Farfetch UK Limited ("Farfetch"), including any financial or business agreement or arrangement between Chanel and Farfetch.

**RESPONSE TO REQUEST NO. 21:**

In addition to General Objections and Objections to the "Definitions" and "Instructions", Chanel objects to this Request on the grounds that it is overbroad and unduly burdensome. Chanel further objects on the grounds that the information being sought is not relevant to Chanel's claims and TRR's defenses in this Action and is not proportional to the needs of this case. Chanel further objects to the extent that this Request seeks confidential, proprietary and/or non-public information that is not relevant to this action, and to the extent that it seeks information subject to the attorney-client privilege, work-product privilege, or other applicable privilege or immunity. Chanel objects to the Request to the extent that the Request seeks information that is confidential, highly-sensitive, proprietary, or subject to a non-disclosure or confidentiality agreement with a third party.

Subject to and without waving the General Objections, the Objections to "Definitions and Instructions" and the foregoing specific objections and reserving Chanel's right to supplement and amend its response Chanel responds as follows: Chanel will not disclose confidential, proprietary information that is unrelated to the subject matter of the lawsuit, however, Chanel will produce documents related to actions against Farfetch regarding the advertising of CHANEL-branded items on Farfetch's online platform. If necessary, Chanel is willing to make itself available for a meet and confer concerning this Request.

**REQUEST NO. 22:**

All documents and communications concerning the use of any Chanel trademarks by Farfetch to sell Chanel products.

**RESPONSE TO REQUEST NO. 22:**

In addition to General Objections and Objections to the "Definitions" and "Instructions", Chanel objects to this Request on the grounds that it is overbroad and unduly burdensome and is not proportional to the needs of the case. Chanel further objects to this Request on the grounds it calls for information that is not relevant to Chanel's claims against TRR and is not proportionate to the needs of this Action. Chanel further objects as this Request is based on the false, inaccurate and misinformed premise that Farfetch "use[d] . . . Chanel trademarks" and "[sold] Chanel products." Chanel further objects to the extent that this Request seeks confidential, proprietary and/or non-public information that is not relevant to this action, and to the extent that it seeks information subject to the attorney-client privilege, work-product privilege, or other applicable privilege or immunity. Chanel objects to the Request to the extent that the Request seeks information that is confidential, highly-sensitive, proprietary, or subject to a non-disclosure or confidentiality agreement with a third party.

Subject to and without waving the General Objections, the Objections to "Definitions and Instructions" and the foregoing specific objections and reserving Chanel's right to supplement and amend its response Chanel responds as follows: Chanel will not disclose confidential, proprietary information that is unrelated to the subject matter of the lawsuit, however, Chanel will produce documents related to actions against Farfetch regarding the advertising of CHANEL-branded items on Farfetch's online platform. If necessary, Chanel is willing to make itself available for a meet and confer concerning this Request.