**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

Theodore C. Max
212.653.8702 direct
tmax@sheppardmullin.com

## MEMORANDUM ENDORSEMENT

October 20, 2020

**By ECF**
The Honorable Gabriel W. Gorenstein
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    <u>Chanel, Inc. v. The RealReal, Inc., 18-cv-10626-VSB-GWG</u>

Dear Judge Gorenstein:

    We are counsel for plaintiff Chanel, Inc. ("Chanel") and write to seek clarification[1] of the Court's October 6, 2020 oral order (the "Order") regarding discovery of a three-month sample of records concerning CHANEL-branded handbags sold or offered for sale from defendant The RealReal, Inc.'s ("TRR") internal database.  *See* 10/06/2020 Minute Entry; *see* Dkt. No 65 (transcript of October 6, 2020 telephonic discovery hearing).  Having now received and reviewed the transcript of the October 6, 2020 telephonic discovery hearing (the "October 6th Hearing"),[2] Chanel respectfully requests clarification of the latter portion of the Court's order regarding the procedure following the review of the results of the three-month sample.

    The October 6th Hearing addressed two joint discovery letters submitted by the parties regarding the scope of discovery to be produced by TRR.[3]  Defendant TRR sought to restrict discovery to the "Seven Handbags" referenced in paragraph 45 of the Amended Complaint.  *See* Dkt Nos. 50 & 58.  As a compromise, Chanel proposed a mechanism whereby TRR would produce Chanel Serial Numbers and limited information concerning CHANEL-branded handbags from TRR's database records to enable Chanel to identify as a preliminary step counterfeit items sold or offered for sale by TRR.  TRR then offered a counter-proposal of a three-month sample, without any explanation of the rationale for the three-month sample or any

---

[1] The Court has the power to clarify its previously-issued orders.  *Au New Haven, LLC v. YKK Corp.*, No. 15CV03411GHWSN, 2018 WL 333828, at *3 (S.D.N.Y. Jan. 5, 2018); *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 126 F. Supp. 2d 328, 334 (S.D.N.Y. 2001); *see Regal Knitwear Co. v. NLRB,* 324 U.S. 9, 15 (1945) (clarification of orders is within the sound discretion of the district court). Clarification of orders previously issued may be obtained by motion.  *N.A. Sales Co. v. Chapman Indus. Corp.*, 736 F.2d 854, 858 (2d Cir. 1984).

[2] Chanel placed an order for the transcript with the court reporter on October 6, 2020 and received the transcript on October 13, 2020.  A copy of the transcript of the October 6th Hearing is attached hereto as Exhibit A.

[3] During the hearing, the parties and the Court also discussed several categories of discovery that TRR had previously committed to produce, such as materials concerning its broad advertising claims and policies and procedures concerning authentication of Chanel handbags.

**Sheppard**Mullin

The Honorable Gabriel W. Gorenstein
October 20, 2020
Page 2

explanation of TRR's burden of production.  In ruling on that issue, Your Honor stated the following:

> **So here's what we're going to do on this, we're going to take this step by step and the first step is to try this three month period. And if it turns out that there's significant counterfeiting, that will take us one way, if it turns out that there is no additional counterfeiting, that will take us another (indiscernible), considering it essentially a sample**.

Dkt. No 65, Tr. at 36:3-10.

Chanel respectfully requests that the Court clarify its Order regarding the level of counterfeiting that Chanel needs to demonstrate in order to obtain additional Chanel Serial Number discovery from TRR's database.  Your Honor's Order appears to suggest that there are discovery benchmarks: (1) if, from the three-month sample, Chanel can demonstrate "significant" counterfeiting, it is presumably entitled to further discovery on the point; and (2) if the three-month sample shows no indicators of counterfeiting, then the result will be different. First, Chanel requests that the Court clarify the meaning of "significant counterfeiting" and what level of "significant" counterfeiting is required to enable further discovery concerning additional Chanel Serial Numbers from TRR's database.

Chanel is concerned that the lack of specificity of the Order may risk potentially creating a conflict with Judge Broderick's Opinion and Order dated March 30, 2020 [Dkt. No. 39] (the "MTD Order").  As Judge Broderick held, citing this Court's case law precedent and the Lanham Act:  "'The plain language of the relevant statutes does not require that a plaintiff prove that a defendant committed the infringement in any particular amount, or with any amount of regularity. *See* 15 U.S.C. §§ 1114(1)[]. The amount of harm that the infringer inflicts goes to the amount of damages rather than to his liability for damages; the trademark laws do not excuse modest infringements by petty pirates.'" Dkt. No. 39 (quoting *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 286 F. Supp. 2d 284, 290 (S.D.N.Y. 2003)); *see also Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Mgmt., Inc.*, No. 04CV2293(JFB)(SMG), 2007 WL 74304, at *10 (E.D.N.Y. Jan. 8, 2007) (finding liability based on defendant's sale of only two counterfeit cans).  Chanel discovered three of the counterfeit handbags referenced in paragraph 45 of the Amended Complaint after an initial two-month investigation.  As the Court noted in the MTD Order, given that "The RealReal's tagline is 'AUTHENTIC LUXURY CONSIGNMENT'" and "the company represents that '[a]uthenticity is the cornerstone of The RealReal'", "The RealReal's advertisements regarding the authenticity of the products it sells, considered in context, are literally false. Even if I were to conclude otherwise, I would still find that the advertisements are likely to mislead or confuse customers." Dkt. No. 39 at 25-26.  As the Court noted, seven alleged counterfeits alone, given TRR's marketing and advertising, are significant as a matter of law.  Chanel fears that, while any level of counterfeits above zero is significant as a matter of law, TRR has taken an opposite position, notwithstanding the absence of any

**Sheppard**Mullin

The Honorable Gabriel W. Gorenstein
October 20, 2020
Page 3

showing of burden with respect to providing additional Chanel Serial Numbers from TRR's database.

TRR has made a considerable effort to limit discovery on CHANEL-branded items sold by TRR and prevent Chanel from discovery concerning the actual extent of counterfeit CHANEL-branded handbags sold by TRR which is a critical issue regarding the assessment of damages and attorneys' fees. TRR has advanced defenses, such as "Innocent Infringement," "Good Faith," and "No Damage" (*see* Dkt. No. 44) that suggest TRR is contending that the counterfeit bags at issue are a *de minimus* infringement and that there was no bad faith intent. As Judge Broderick made clear in his MTD Order, a defendant's purported good faith belief about the "authenticity" of the goods it sells is not a valid defense:

> Finally, "wrongful intent is not a prerequisite to an action for trademark infringement [under the Lanham Act] . . . , and [ ] good faith is no defense." *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 25 (2d Cir. 2004) (internal quotation marks omitted). Rather, "a retailer's direct sale of an infringing product is sufficient to create liability." *GMA Accessories, Inc. v. BOP, LLC*, 765 F. Supp. 2d 457, 463 (S.D.N.Y. 2011)[.]

Dkt. No. 39 at 16. As a result, the potential ambiguity of the Order may give rise to an argument that, notwithstanding that the additional sale of any infringing products is sufficient to create liability, irrespective of intent, there is a threshold that must be met in order to permit further discovery of additional Chanel Serial Numbers from TRR's database. As a result, the level of TRR's counterfeiting uncovered in the three-month sample that is "significant" or not is important and should not impose an improper limitation on Chanel's ability to obtain additional discovery. Chanel respectfully submits that evidence of any additional infringements should suffice because there is no permissible level of counterfeiting. Chanel should be permitted further discovery if additional counterfeits are discovered because even a single instance of counterfeiting furthers Chanel's allegations that TRR is not able to properly authenticate CHANEL-branded items, that its purported "experts" do not properly authenticate CHANEL-branded items, and that TRR's advertising that all items sold are authentic and subject to the "most rigorous" authentication methods by "experts" is false. *See* 15 U.S.C. § 1114(1) (using singular "counterfeit" for liability); *Cf. United States v. Foote*, No. CR.A. 00-20091-01KHV, 2003 WL 22466158, at *2 (D. Kan. July 31, 2003) (finding that the sale of a single counterfeit good may constitute an offense under federal criminal statute against use of counterfeit mark on or in connection with goods).[4]

---

[4] During the October 6th Hearing, TRR's counsel incorrectly stated that Judge Broderick dismissed a claim by Chanel that "companies like The RealReal should not be able to sell Chanel because they could not represent that they were able to authenticate Chanel without this inside information." *See* Dkt. No 65, Tr. at 35:4-17. Chanel did not make such a claim nor did Judge

**Sheppard**Mullin

The Honorable Gabriel W. Gorenstein
October 20, 2020
Page 4

      Chanel therefore requests that the Court clarify its Order that: Evidence of counterfeiting constitutes a "significant" level of to justify further discovery of database information and records (including Serial Numbers) from TRR.

      We thank Your Honor for your consideration of this matter.

               Respectfully submitted,

               */s/ Theodore C. Max*

               Theodore C. Max

TCM:er
cc: Counsel of Record

**Denied without prejudice.  Let's see what the sample shows and then we can address this question if the parties can't work it out.**

**So Ordered.**

GABRIEL W. GORENSTEIN
United States Magistrate Judge
**October 21, 2020**

---

Broderick dismiss any such claim.  *See* Dkt. No. 39.  Rather, Judge Broderick dismissed Chanel's claims for (i) trademark infringement for use of Chanel's trademarks with regard to genuine goods, (ii) false endorsement, and (iii) violation of N.Y. GBL 349 & 350.  Judge Broderick upheld Chanel's claims for (i) trademark infringement and counterfeiting, (ii) false advertising under the Lanham Act, and (iii) unfair competition under New York common law. And at no point in his order did Judge Broderick state that Chanel's claims for counterfeiting and false advertising were dependent upon the Seven Handbags referenced in paragraph 45 of the Amended Complaint.  Rather, Judge Broderick made clear that the false advertising claims, which are based upon TRR's advertisements and statements, including by its CEO Julie Wainwright, regarding its "rigorous" authentication practices employed by TRR's  purported "experts" authenticators and that every TRR item is in fact genuine, were sustained.