PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS          NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(202) 223-7308

WRITER'S DIRECT FACSIMILE
(202) 379-4217

WRITER'S DIRECT E-MAIL ADDRESS
kdunn@paulweiss.com

December 8, 2020

**By ECF**
The Honorable Gabriel W. Gorenstein
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

     Re: <u>Chanel, Inc. v. The RealReal, Inc.; Civil Action No. 18-cv-10626-VSB-GWG</u>

Dear Judge Gorenstein:

    We represent Defendant TheRealReal, Inc. ("TRR") in the above-referenced matter. We write in response to Chanel's filing on Friday, December 4, 2020, purporting to provide "supplemental authority" relating to TRR's motion to amend. Specifically, Chanel claims that Judge Stanton's November 18, 2020 order in *Chanel, Inc. v. WGACA LLC*, No. 18-cv-2253-LLS denying defendant What Goes Around Comes Around ("WGACA")'s request for additional discovery related to Farfetch UK Limited ("Farfetch") is supplemental authority.[1] TRR is surprised that Chanel has gone out of its way to submit this "supplemental authority" when Judge Stanton's order is both irrelevant and shows Chanel in a bad light for failure to comply with the terms of the WGACA court's earlier order. *See* TRR ECF No. 86 at 4-5. Judge Stanton's order in the *WGACA* litigation does not change that TRR's motion to amend should be granted.

---

[1] Chanel filed its "supplemental authority" letter on December 4, 2020. The timing of Chanel's filing is pure gamesmanship. Chanel's counsel in the WGACA case is the same as in this litigation. Judge Stanton's order is dated November 18, 2020, a day after Chanel filed its opposition brief in this matter. Chanel could have filed this letter at any time in the full week between Chanel's filing of its Opposition and TRR's filing of its Reply brief. Instead, Chanel waited until after TRR filed its reply. Moreover, Judge Stanton's denial of discovery concerning Farfetch is not "new information" in the WGACA case: Judge Stanton first denied WGACA's application for further discovery of Chanel's relationship with Farfetch on August 17, 2020. *See* WGACA ECF No. 141.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

   Chanel argues that Judge Stanton's order denying additional discovery related to Farfetch means that "TRR's claim of relevance here is likewise without merit."  *See* TRR ECF No. 86 at 2.  But WGACA did not and has not filed antitrust counterclaims in that case.  The WGACA litigation involves only claims for trademark infringement, false advertising, deceptive business practices and false endorsement/unfair competition.  *See* WGACA ECF No. 63.  Thus, Judge Stanton's order has nothing to do with the claims TRR is seeking to file in this case.  In any event, Chanel fails to mention that Chanel agreed to produce some discovery relating to Farfetch—a fact that Judge Stanton considered in denying further discovery relating to Farfetch.  *See* WGACA ECF No. 141.

         Respectfully,

         */s/ Karen L. Dunn*
         Karen L. Dunn

cc:  All counsel of record (via ECF)