# SheppardMullin

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

Theodore C. Max
212.653.8702 direct
tmax@sheppardmullin.com

December 21, 2020

BY ECF
The Honorable Judge Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   Chanel, Inc. v. The RealReal, Inc.; Civil Action No. 18-cv-10626-VSB-GWG

Dear Judge Gorenstein:

     We are counsel for plaintiff Chanel, Inc. ("Chanel") in the above-referenced matter. We write to request a conference with the Court's to resolve a discovery dispute regarding the sufficiency of the responses of Defendant The RealReal Inc. ("TRR") to Chanel's First Set of Requests for Admission (the "RFAs") which the parties were unable to resolve through a good faith meet and confer on November 20, 2020 at 3:00 p.m. for approximately 45 minutes. Counsel for Chanel (Tyler Baker, James Salem) and counsel for TRR (Leigh Nathanson, Laura Harris, Danielle Chattin, Melanie Papadopoulos) participated in the telephonic meet and confer on this issue and the parties subsequently continued the meet and confer process without success through an exchange of email communications. Chanel advised TRR that it would be seeking the Court's assistance on this issue. The parties' respective positions are set forth below.

     In the Amended Complaint (ECF No. 26, a copy of which is attached as Attachment 1), Chanel alleged that TRR offered for sale and sold seven counterfeit CHANEL-branded handbags. ECF No. 26 ¶¶ 45-46. Exhibit E to the Amended Complaint featured screenshots of the TRR website listings (from www.therealreal.com) for each handbag. The TRR screenshots contain, among other information, the name of the item, SKU numbers, photographs of the item (some displaying purported authenticity cards), a description of the item, listing price, purported serial numbers; and each item listing in Exhibit E displays a URL for the item depicted at the top of the browser window. *See id.* Ex. E. TRR has not claimed that the screenshots of TRR's website in Exhibit E have been fabricated or identified any information in the screenshots that is inaccurate or different from what could be accessed from or appeared on TRR's website in 2018.

**Factual Background**

     Chanel served its RFAs on October 15, 2020, which were comprised of fourteen requests: (1) seven RFAs asking TRR to admit or deny whether TRR *offered for sale* each of the seven bags that appear in Exhibit E of the Amended Complaint; and (2) seven RFAs asking TRR to

1

**SheppardMullin**

The Honorable Judge Gabriel W. Gorenstein
December 21, 2020
Page 2

admit or deny whether TRR *sold* each of the seven bags that appear in Exhibit E of the Amended Complaint.  TRR served its initial set of Responses to the RFAs on November 16, 2020 and alleged that it "lacks sufficient information to either admit or deny" and refused to admit or deny *even a single RFA* objecting on the grounds that the terms "sold" and "offered for sale" are vague and ambiguous and that Chanel has not produced the handbags for inspection.[1]  A copy of TRR's First Set of Responses to RFAs is attached as Attachment 2.  Further, TRR neglected to mention any good faith attempt to make a "reasonable inquiry" into its own documents and information to answer the RFAs through inquiry.  *See id.*

      On November 20, 2020, the parties held a telephonic meet and confer conference regarding the sufficiency of TRR's responses to the RFAs.  Counsel for Chanel pointed out to counsel for TRR that the Federal Rules of Civil Procedure require a party responding to RFAs to conduct a reasonable inquiry with regard to information in their control.  *See, e.g., Diederich v. Dep't of Army*, 132 F.R.D. 614, 619 (S.D.N.Y. 1990).  During the conference call, TRR raised a new basis for its refusal to admit or deny any of the RFAs: TRR objected that Exhibit E of the Amended Complaint is not authenticated and argued that TRR was unable to answer any of the RFAs because it did not have sufficient information to authenticate the screenshots on Exhibit E.

      Although TRR's objection based upon the authenticity of Exhibit E was not included in TRR's written objections to the RFAs, Chanel nevertheless pointed out that the RFAs did not ask TRR to authenticate Exhibit E and that authentication of Exhibit E was not necessary for TRR to respond to the RFAs.  In fact, Exhibit E contains information that TRR could use to make a reasonable inquiry of TRR's sales and website records regarding the items listed in Exhibit E to respond to the RFAs.  Notwithstanding this fact, TRR refused to respond to the RFAs unless they were propounded differently.  When pressed, TRR declined to provide further guidance beyond saying that the reference to Exhibit E was problematic.  Chanel then asked TRR to put its new position in writing, as it had not been included in the initial response to the RFAs.

      On December 3, 2020, TRR emailed Chanel with regard to the RFAs and did not assert TRR's authenticity objection but instead advanced *a totally new objection* that was raised in neither the first response nor on the November 20 meet and confer call.  TRR asserted that screenshots on Exhibit E were of such low resolution that TRR "lacks sufficient information to either admit or deny" the RFAs.  On December 3, 2020, TRR served a supplemental response to

---

[1] As explained to TRR, the objection that Chanel has not yet produced the handbags at issue for inspection is meritless; whether TRR has inspected the handbags (which it presumably already inspected before sale) is irrelevant to its ability to ascertain whether it offered for sale or sold the bags in the first place based on information from its own website.  Indeed, had TRR sold the handbags to a third party and not Chanel (which is the case for one of the handbags), TRR would still be able to determine from its own records whether it sold such items; the fact that six of them happen to be in Chanel's possession now is of no relevance to the RFAs presented.

2

**SheppardMullin**

The Honorable Judge Gabriel W. Gorenstein
December 21, 2020
Page 3

the RFAs which did not contain an authenticity objection as to Exhibit E but instead contained the new objection that Exhibit E "contains low-resolution screenshots purportedly from TRR's website . . . which do not provide sufficient information" for TRR to admit or deny the requests.. A copy of TRR's supplemental response to the RFAs is attached as Attachment 3.

Chanel again informed TRR on December 8, 2020 by email that the Supplemental Responses to the RFAs were not proper, reminding TRR that Federal Rule of Civil Procedure 36 requires that a respondent conduct a reasonable inquiry into information in their control and that TRR's website records and sales records are plainly within its control.  Chanel also noted that the TRR URLs shown in Exhibit E are clearly legible, and entering those URLs into a browser search bar accesses the TRR webpages, with a label on the image of the bag reading "sold."  *See* Attachment 4.  Had TRR made a reasonable inquiry, it would have accessed the relevant web records and could have located sales records for those items.  Notwithstanding TRR's assertion that the Chanel Serial Numbers were blurry in certain photographs, the serial numbers are clearly displayed in the item descriptions in Exhibit E.  And in any case, a review of Exhibit E demonstrates that the URLs are indisputably clearly displayed, enabling TRR to conduct a reasonable inquiry.  *See* Attachment 1 at Ex. E.  Indeed, TRR has acknowledged in its Answer at Paragraph 45 that TRR's own website records can be accessed for a "true, accurate and complete statement" of the content of Exhibit E, which include URLs.  *See* ECF No. 44 ¶ 45 ("TRR lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 45, including as to the authenticity of the photos and screenshots in Exhibit E, and *TRR refers to its website* and advertisements *for a true, accurate, and complete statement of their content*.") (emphasis added) (a copy of TRR's Answer is attached as Attachment 5).  Chanel informed TRR that if TRR refused to properly respond to the RFAs under its obligations under Fed. R. Civ. P. 36, Chanel would have no choice but to seek the Court's assistance.

On December 11, 2020, TRR responded to Chanel by email stating again that TRR would not respond to the RFAs unless Chanel reissued them phrased in a way more acceptable to TRR without reference to Exhibit E.  TRR argued again that Exhibit E had not been authenticated and that TRR could not authenticate Exhibit E, notwithstanding that it is not necessary to authenticate Exhibit E to perform a reasonable inquiry of TRRs records and respond to the RFAs.  TRR asserted *yet another new objection*, citing *Sec. & Exch. Comm'n v. Micro-Moisture Controls, Inc*, 21 F.R.D. 164, 166 (S.D.N.Y. 1957),[2] arguing that the reference to Exhibit E in

---

[2] *Sec. & Exch. Comm'n v. Micro-Moisture Controls, Inc.*, cited by TRR to support its assertion that it cannot answer the RFAs so long as they reference Exhibit E,  is entirely inapposite.  That case concerned a request for admission where the plaintiff asked defendants to admit as fact the entire contents of a twelve-page affidavit, without specifying what facts from within the twelve pages were to be admitted or denied.  21 F.R.D. at 166.  Such a request is a far cry from the RFAs at issue here, which reference Exhibit E only in connection with specific requests as to whether the specifically-described handbag was offered for sale or sold by TRR.  Likewise,

**SheppardMullin**

The Honorable Judge Gabriel W. Gorenstein
December 21, 2020
Page 4


the RFAs places upon TRR "the burden of determining at its peril what portions of the incorporated material contain relevant matters of fact which must either be admitted or denied." This objection was not included in either of TRR's written responses. Nevertheless, TRR informed Chanel in its December 11, 2020 email that it would not withdraw its objections. A copy of the parties' email correspondence on the RFAs is attached as Attachment 6.

### TRR's Refusal To Answer Is Without Merit Because TRR Has Not Made A Reasonable Inquiry As Required By Federal Rule 36

Fed. R. Civ. P. 36 requires a party responding to a request for admission to make "reasonable inquiry" into its own documents and information. *See Diederich*, 132 F.R.D. 619. Further, if a party contends that it lacks sufficient information to respond, that party is required to provide an explanation indicating what reasonable inquiry it has made and affirming that the information it knows or can readily obtain is insufficient. *Dentsply Int'l Inc. v. Dental Brands for Less LLC*, No. 15CIV8775LGSGWG, 2017 WL 11567699, at *2 (S.D.N.Y. Aug. 8, 2017).[3] TRR did neither. Had TRR made a reasonable inquiry, TRR easily could have responded to the RFAs, including by using the URL provided in Exhibit E. As noted above, TRR's own Answer makes this plain. *See* ECF No. 44 ¶ 45 (included herewith as Attachment 5).[4]

TRR has failed to provide any reasonable or valid explanation for its repeated failure to respond to the RFAs or to conduct a reasonable inquiry and provide an explanation as to its lack of information as required by Federal Rule 36. While TRR insists that it will only respond if Chanel rewrites the RFAs and incorporates the information from Exhibit E directly into the

---

*Kraus v. Gen. Motors Corp.*, 29 F. Supp. 430, 431 (S.D.N.Y. 1939), also previously relied on by TRR, is similarly inapposite as it concerned a request to admit the entire contents of a letter and report consisting of compound statements of facts, declarations, and opinions.

[3] *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73, 78 (N.D.N.Y. 2003), relied on by TRR in its December 3 email, confirms that "Rule 36 requires the responding party to make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control and to state fully those efforts."

[4] TRR's prior reliance on *United States v. Consol. Edison Co. of New York*, No. CV-88-0049 (RJD), 1988 WL 138275, at *2 (E.D.N.Y. Dec. 15, 1988) in its December 11, 2020 email is misplaced because the court in that case did not permit incorporation by reference of a list of information that was not organized in a way so that defendant could understand what was to be admitted or denied. *Id*. However, the court *did* permit incorporation by reference of other documents by which "Defendants can easily ascertain which facts plaintiff seeks to have admitted or denied" upon examination of the document, and held that "[t]o require plaintiff to rewrite" the information in the document and incorporate it "into individual paragraphs of plaintiff's requests for admissions would be to elevate form over substance." *Id*.

4

**SheppardMullin**

The Honorable Judge Gabriel W. Gorenstein
December 21, 2020
Page 5

requests, the case law cited by TRR holds that such a requirement would "elevate form over substance," because Chanel's RFAs, as written, clearly contain information sufficient for TRR to identify what it is being asked for TRR to admit or deny in responding to Chanel's RFAs.

  TRR's insistence that Chanel rewrite its RFAs to avoid the present dispute is without merit.  TRR is obligated to make a reasonable inquiry and answer the RFAs as originally drafted based on a good faith investigation of its records, including TRR's sales and website records.  As noted above, Exhibit E provides specific information enabling TRR to do so.  The RFAs as issued were simple and the responses should be equally simple.

  Consequently, Chanel respectfully requests that the Court for a conference to resolve this dispute, or alternatively to issue an order directing TRR to issue adequate responses to the RFAs, either admitting or denying the requests or including an explanation as to what inquiry TRR has undertaken and why, after inquiry, it lacks sufficient information to respond.

  Chanel respectfully thanks the Court for its time and attention to this matter.

           Respectfully submitted,

           */s/ Theodore C. Max*

           Theodore C. Max

TCM:er
cc: Counsel of Record