# ATTACHMENT 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Chanel, Inc.,

                Plaintiff,

v.

The RealReal, Inc.,

                Defendant.

Case No. 1:18-cv-10626-VSB

**DEFENDANT THE REALREAL'S**
**SUPPLEMENTAL OBJECTIONS AND RESPONSES TO**
**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT**

In accordance with Federal Rule of Civil Procedure 36, Defendant The RealReal, Inc. ("TRR") by its attorneys, Paul, Weiss, Rifkind, Wharton & Garrison LLP, and King & Spalding LLP, hereby submits these Supplemental Responses and Objections to Plaintiff's first set of Requests for Admission (the "Requests").

## GENERAL STATEMENT

TRR's responses are made subject to and without waiver of any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the information referred to or of the responses given herein, or of the subject matter thereof in any proceeding, including the trial of this action or any other subsequent proceeding, and said responses are made specifically subject to the right to object to any proceeding involving or relating to the subject matter of the Requests responded to herein.

TRR has not completed its investigation of the facts related to this case. TRR responds to these Requests based on its present knowledge, the documents and things presently in its possession, and the analysis it has completed to date. TRR reserves the right: (1) to rely on facts, documents, or evidence that subsequently come to TRR's attention; (2) to assert additional

objections or supplement these responses should TRR discover additional information or grounds for objection; and (3) to supplement or amend these responses at any time.  TRR's responses are not intended to waive or prejudice any rights or objections TRR may assert now or at a future point in this litigation.

## OBJECTIONS TO THE DEFINITIONS AND INSTRUCTIONS

1.      TRR objects to the definitions and instructions to the extent they impose obligations greater than or different from those imposed by the Federal Rules of Civil Procedure, and/or the local rules for the Southern District of New York.  TRR will comply with the federal and local rules in responding to the Requests.

2.      TRR objects to the definition of "Defendant" or "TRR" as overbroad and seeking information that is not within TRR's possession, custody, or control.  TRR will construe the terms "Defendant" or "TRR" to mean The RealReal, Inc., the named defendant in this case.

3.      TRR objects to the time period of "January 1, 2014 to the present" as overbroad and unduly burdensome.

4.      TRR objects to each of the Requests for Admission as vague and ambiguous in that they are not drafted "simply, directly….and in such a manner that they can be answered with a simple admit or deny without an explanation."  *See Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003).

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION

## REQUEST FOR ADMISSION NO. 1:

TRR offered for sale the CHANEL-branded pink Classic Jumbo Double Flap Bag shown in the first substantive page of Exhibit E of the Amended Complaint (Dkt. No. 26-5 at 2).

## RESPONSE TO REQUEST FOR ADMISSION NO. 1:

TRR objects to Request No. 1 as vague and ambiguous because the phrase "offered for sale" is broad and capable of multiple interpretations and because Exhibit E of Chanel's First Amended Complaint contains low-resolution screenshots purportedly from TRR's website along with photographs of handbags with illegible serial number cards, which do not provide sufficient information for TRR to determine whether Exhibit E "show[s]" handbags "offered for sale" by TRR.  TRR also objects to Request No. 1 as premature, as Chanel has not yet produced for inspection the Handbags purportedly represented in Exhibit E of the Amended Complaint.

Subject to and without waiving its objections, TRR states that, at this time, it lacks sufficient information to either admit or deny Request No. 1.

**REQUEST FOR ADMISSION NO. 2:**

TRR sold the CHANEL-branded pink Classic Jumbo Double Flap Bag shown in the first substantive page of Exhibit E of the Amended Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

TRR objects to Request No. 2 as vague and ambiguous because the term "sold" is broad and capable of multiple interpretations and because Exhibit E of Chanel's First Amended Complaint contains low-resolution screenshots purportedly from TRR's website along with photographs of handbags with illegible serial number cards, which do not provide sufficient information for TRR to determine whether Exhibit E "show[s]" handbags "sold" by TRR.  TRR also objects to Request No. 2 as premature, as Chanel has not yet produced for inspection the Handbags purportedly represented in Exhibit E of the Amended Complaint.

Subject to and without waiving its objections, TRR states that, at this time, it lacks sufficient information to either admit or deny Request No. 2.

**REQUEST FOR ADMISSION NO. 3:**

TRR offered for sale the CHANEL-branded plum Jumbo Soft Flap Bag shown in the second substantive page of Exhibit E of the Amended Complaint (Dkt. No. 26-5 at 3).

**RESPONSE TO REQUEST FOR ADMISSION NO. 3**:

TRR objects to Request No. 3 as vague and ambiguous because the phrase "offered for sale" is broad and capable of multiple interpretations and because Exhibit E of Chanel's First Amended Complaint contains low-resolution screenshots purportedly from TRR's website along with photographs of handbags with illegible serial number cards, which do not provide sufficient information for TRR to determine whether Exhibit E "show[s]" handbags "offered for sale" by TRR. TRR also objects to Request No. 3 as premature, as Chanel has not yet produced for inspection the Handbags purportedly represented in Exhibit E of the Amended Complaint.

Subject to and without waiving its objections, TRR states that, at this time, it lacks sufficient information to either admit or deny Request No. 3.

**REQUEST FOR ADMISSION NO. 4**:

TRR sold the CHANEL-branded plum Jumbo Soft Flap Bag shown in the second substantive page of Exhibit E of the Amended Complaint (Dkt. No. 26-5 at 3).

**RESPONSE TO REQUEST FOR ADMISSION NO. 4**:

TRR objects to Request No. 4 as vague and ambiguous because the term "sold" is broad and capable of multiple interpretations and because Exhibit E of Chanel's First Amended Complaint contains low-resolution screenshots purportedly from TRR's website along with photographs of handbags with illegible serial number cards, which do not provide sufficient information for TRR to determine whether Exhibit E "show[s]" handbags "sold" by TRR. TRR also objects to Request No. 4 as premature, as Chanel has not yet produced for inspection the Handbags purportedly represented in Exhibit E of the Amended Complaint.

Subject to and without waiving its objections, TRR states that, at this time, it lacks sufficient information to either admit or deny Request No. 4.

**REQUEST FOR ADMISSION NO. 5**:

4

TRR offered for sale the CHANEL-branded Coco Supple Hobo bag shown in the third substantive page of Exhibit E of the Amended Complaint (Dkt. No. 26-5 at 4).

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

TRR objects to Request No. 5 as vague and ambiguous because the phrase "offered for sale" is broad and capable of multiple interpretations and because Exhibit E of Chanel's First Amended Complaint contains low-resolution screenshots purportedly from TRR's website along with photographs of handbags with illegible serial number cards, which do not provide sufficient information for TRR to determine whether Exhibit E "show[s]" handbags "offered for sale" by TRR. TRR also objects to Request No. 5 as premature, as Chanel has not yet produced for inspection the Handbags purportedly represented in Exhibit E of the Amended Complaint.

Subject to and without waiving its objections, TRR states that, at this time, it lacks sufficient information to either admit or deny Request No. 5.

**REQUEST FOR ADMISSION NO. 6:**

TRR sold the CHANEL-branded Coco Supple Hobo bag shown in the third substantive page of Exhibit E of the Amended Complaint (Dkt. No. 26-5 at 4).

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

TRR objects to Request No. 6 as vague and ambiguous because the term "sold" is broad and capable of multiple interpretations and because Exhibit E of Chanel's First Amended Complaint contains low-resolution screenshots purportedly from TRR's website along with photographs of handbags with illegible serial number cards, which do not provide sufficient information for TRR to determine whether Exhibit E "show[s]" handbags "sold" by TRR. TRR also objects to Request No. 6 as premature, as Chanel has not yet produced for inspection the Handbags purportedly represented in Exhibit E of the Amended Complaint.

Subject to and without waiving its objections, TRR states that, at this time, it lacks sufficient information to either admit or deny Request No. 6.

**REQUEST FOR ADMISSION NO. 7:**

TRR offered for sale the CHANEL-branded black Classic Jumbo Double Flap Bag shown in the fourth substantive page of Exhibit E of the Amended Complaint (Dkt. No. 26-5 at 5).

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

TRR objects to Request No. 7 as vague and ambiguous because the phrase "offered for sale" is broad and capable of multiple interpretations and because Exhibit E of Chanel's First Amended Complaint contains low-resolution screenshots purportedly from TRR's website along with photographs of handbags with illegible serial number cards, which do not provide sufficient information for TRR to determine whether Exhibit E "show[s]" handbags "offered for sale" by TRR.  TRR also objects to Request No. 7 as premature, as Chanel has not yet produced for inspection the Handbags purportedly represented in Exhibit E of the Amended Complaint.

Subject to and without waiving its objections, TRR states that, at this time, it lacks sufficient information to either admit or deny Request No. 7.

**REQUEST FOR ADMISSION NO. 8:**

TRR sold the CHANEL-branded black Classic Jumbo Double Flap Bag shown in the fourth substantive page of Exhibit E of the Amended Complaint (Dkt. No. 26-5 at 5).

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

TRR objects to Request No. 8 as vague and ambiguous because the term "sold" is broad and capable of multiple interpretations and because Exhibit E of Chanel's First Amended Complaint contains low-resolution screenshots purportedly from TRR's website along with photographs of handbags with illegible serial number cards, which do not provide sufficient information for TRR to determine whether Exhibit E "show[s]" handbags "sold" by TRR.  TRR also objects to Request No. 8 as premature, as Chanel has not yet produced for inspection the Handbags purportedly represented in Exhibit E of the Amended Complaint.

Subject to and without waiving its objections, TRR states that, at this time, it lacks sufficient information to either admit or deny Request No. 8.

**REQUEST FOR ADMISSION NO. 9:**

TRR offered for sale the CHANEL-branded 2017 Grained Calfskin Top Handle Flap Bag shown in the fifth substantive page of Exhibit E of the Amended Complaint (Dkt. No. 26-5 at 6).

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

TRR objects to Request No. 9 as vague and ambiguous because the phrase "offered for sale" is broad and capable of multiple interpretations and because Exhibit E of Chanel's First Amended Complaint contains low-resolution screenshots purportedly from TRR's website along with photographs of handbags with illegible serial number cards, which do not provide sufficient information for TRR to determine whether Exhibit E "show[s]" handbags "offered for sale" by TRR.  TRR also objects to Request No. 9 as premature, as Chanel has not yet produced for inspection the Handbags purportedly represented in Exhibit E of the Amended Complaint.

Subject to and without waiving its objections, TRR states that, at this time, it lacks sufficient information to either admit or deny Request No. 9.

**REQUEST FOR ADMISSION NO. 10:**

TRR sold the CHANEL-branded 2017 Grained Calfskin Top Handle Flap Bag shown in the fifth substantive page of Exhibit E of the Amended Complaint (Dkt. No. 26-5 at 6).

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

TRR objects to Request No. 10 as vague and ambiguous because the term "sold" is broad and capable of multiple interpretations and because Exhibit E of Chanel's First Amended Complaint contains low-resolution screenshots purportedly from TRR's website along with photographs of handbags with illegible serial number cards, which do not provide sufficient information for TRR to determine whether Exhibit E "show[s]" handbags "sold" by TRR.  TRR

also objects to Request No. 10 as premature, as Chanel has not yet produced for inspection the Handbags purportedly represented in Exhibit E of the Amended Complaint.

Subject to and without waiving its objections, TRR states that, at this time, it lacks sufficient information to either admit or deny Request No. 10.

**REQUEST FOR ADMISSION NO. 11:**

TRR offered for sale the CHANEL-branded Chevron Flap Shopping Tote shown in the sixth substantive page of Exhibit E of the Amended Complaint (Dkt. No. 26-5 at 7).

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

TRR objects to Request No. 11 as vague and ambiguous because the phrase "offered for sale" is broad and capable of multiple interpretations and because Exhibit E of Chanel's First Amended Complaint contains low-resolution screenshots purportedly from TRR's website along with photographs of handbags with illegible serial number cards, which do not provide sufficient information for TRR to determine whether Exhibit E "show[s]" handbags "offered for sale" by TRR. TRR also objects to Request No. 11 as premature, as Chanel has not yet produced for inspection the Handbags purportedly represented in Exhibit E of the Amended Complaint.

Subject to and without waiving its objections, TRR states that, at this time, it lacks sufficient information to either admit or deny Request No. 11.

**REQUEST FOR ADMISSION NO. 12:**

TRR sold the CHANEL-branded Chevron Flap Shopping Tote shown in the sixth substantive page of Exhibit E of the Amended Complaint (Dkt. No. 26-5 at 7).

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

TRR objects to Request No. 12 as vague and ambiguous because the term "sold" is broad and capable of multiple interpretations and because Exhibit E of Chanel's First Amended Complaint contains low-resolution screenshots purportedly from TRR's website along with photographs of handbags with illegible serial number cards, which do not provide sufficient

information for TRR to determine whether Exhibit E "show[s]" handbags "sold" by TRR.  TRR

also objects to Request No. 12 as premature, as Chanel has not yet produced for inspection the

Handbags purportedly represented in Exhibit E of the Amended Complaint.

Subject to and without waiving its objections, TRR states that, at this time, it lacks

sufficient information to either admit or deny Request No. 12.

**REQUEST FOR ADMISSION NO. 13:**

TRR offered for sale the CHANEL-branded pink Naked Flag [sic] Bag shown in the
seventh substantive page of Exhibit E of the Amended Complaint (Dkt. No. 26-5 at 8).

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

TRR objects to Request No. 13 as vague and ambiguous because the phrase "offered for

sale" is broad and capable of multiple interpretations and because Exhibit E of Chanel's First

Amended Complaint contains low-resolution screenshots purportedly from TRR's website along

with photographs of handbags with illegible serial number cards, which do not provide sufficient

information for TRR to determine whether Exhibit E "show[s]" handbags "offered for sale" by

TRR.  TRR also objects to Request No. 13 as premature, as Chanel has not yet produced for

inspection the Handbags purportedly represented in Exhibit E of the Amended Complaint.

Subject to and without waiving its objections, TRR states that, at this time, it lacks

sufficient information to either admit or deny Request No. 13.

**REQUEST FOR ADMISSION NO. 14:**

TRR offered for sale the CHANEL-branded pink Naked Flag [sic] Bag shown in the
seventh substantive page of Exhibit E of the Amended Complaint (Dkt. No. 26-5 at 8).

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

TRR objects to Request No. 14 as vague and ambiguous because the term "sold" is broad

and capable of multiple interpretations and because Exhibit E of Chanel's First Amended

Complaint contains low-resolution screenshots purportedly from TRR's website along with

photographs of handbags with illegible serial number cards, which do not provide sufficient information for TRR to determine whether Exhibit E "show[s]" handbags "sold" by TRR.  TRR also objects to Request No. 14 as premature, as Chanel has not yet produced for inspection the Handbags purportedly represented in Exhibit E of the Amended Complaint.

Subject to and without waiving its objections, TRR states that, at this time, it lacks sufficient information to either admit or deny Request No. 14.

Dated: December 3, 2020

Respectfully submitted,

 /s/  Karen L. Dunn

Karen L. Dunn (Admitted Pro Hac Vice)
Email: kdunn@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Tel: +1-202-223-7308

Leigh M. Nathanson
Email: lnathanson@kslaw.com
Laura E. Harris
Email: lharris@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas 34th Floor
New York, NY  10036

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on December 3, 2020, I caused a true and correct copy of the foregoing

***Defendant The RealReal's Supplemental Objections and Responses To Plaintiff's First Set Of***

***Requests For Admission To Defendant*** was served via email on all counsel of record.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP


/s/    *Karen L. Dunn*
          Karen L. Dunn

11