# ATTACHMENT 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Chanel, Inc.,

        Plaintiff,

v.

The RealReal, Inc.,

        Defendant.

Case No. 1:18-cv-10626-VSB

**ANSWER WITH AFFIRMATIVE DEFENSES**

Defendant The RealReal, Inc. ("TRR") hereby answers the First Amended Complaint of Plaintiff Chanel, Inc. ("Chanel") filed on February 1, 2019 (the "FAC"), as follows:

1. TRR admits that Chanel is an iconic fashion company whose luxury products are advertised and sought worldwide. TRR admits that Chanel designs are prominently featured in print, television, and social media. TRR admits that CHANEL products command premium prices, including on the secondary market. TRR lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 1.

2. As to the first sentence of paragraph 2, TRR admits that Chanel purports to bring this action based on TRR's business practices but denies that TRR's business practices are improper. As to the second, third, fourth, and sixth sentences of paragraph 2, TRR refers to its website and advertisements for a true, accurate, and complete statement of their content, and TRR otherwise denies the allegations in these sentences. As to the fourth sentence of paragraph 2, TRR admits that it advertises and sells authentic, secondhand luxury products, including authentic CHANEL-branded products, which it obtains from third-party consignors. TRR denies the remaining allegations in paragraph 2.

1

3. TRR denies the allegations in paragraph 3, except TRR admits that it presents programming and workshops for consumers, including programming concerning Chanel and programming concerning the authentication of luxury goods, including CHANEL products, and admits that Chanel has not authorized or approved the programming.

4. TRR admits that there is no current or former approval by or association or affiliation between Chanel and TRR, and TRR otherwise denies the allegations in paragraph 4.

5. TRR lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 5.

6. TRR lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 6.

7. TRR denies the allegations in paragraph 7.

8. TRR admits that Chanel purports to bring this action for the purposes stated in paragraph 8, but TRR otherwise denies the allegations in paragraph 8.

9. TRR admits that Chanel asserts the claims and seeks the relief identified in paragraph 9, but TRR otherwise denies the allegations in paragraph 9.

10. TRR lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 10.

11. TRR admits that it is a corporation organized and existing under the laws of Delaware with its principal place of business at 55 Francisco Street, Suite 600, San Francisco, California 94133.

12. TRR admits the allegations in paragraph 12, except TRR denies that it engages in the sale of counterfeit products.

13. Paragraph 13 states legal conclusions to which no response is required.

14. Paragraph 14 states legal conclusions to which no response is required.

15. TRR admits that Chanel sells a wide variety of luxury consumer products and is a leader in the field of fashion and beauty. TRR lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 15.

16. TRR admits that the CHANEL brand and trademarks have enjoyed success and renown. TRR lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 16.

17. TRR lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 17, including in Exhibit A.

18. TRR lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 18.

19. TRR admits that merchandise bearing the CHANEL trademarks is in demand. TRR lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 19.

20. TRR admits that the CHANEL trademarks have developed significance in the minds of the purchasing public. TRR lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 20.

21. TRR lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 21.

22. TRR lacks knowledge or information sufficient to form a belief as to the first clause of paragraph 22 and denies the remaining allegations in paragraph 22.

23. TRR admits that Chanel has advertised and promoted its products, but TRR otherwise lacks knowledge or information sufficient to form a belief as to the allegations in

paragraph 23 and refers to the referenced publications for a true, accurate, and complete statement of their content.

24. TRR admits that Chanel sells its consumer goods in the United States and that its products are known in the media and have a reputation for luxury and quality. TRR lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 24.

25. TRR lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 25, except TRR admits that Chanel operates social-media accounts and refers to such accounts for a true, accurate, and complete statement of their content.

26. TRR admits that Chanel's handbags are recognized by trademarks, and TRR otherwise lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 26.

27. TRR admits that the CHANEL brand and CHANEL Trademarks are recognized among the public at large, and TRR otherwise lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 27.

28. TRR admits that the CHANEL brand and CHANEL Trademarks are famous, well-known, and in demand by consumers, and TRR otherwise lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 28.

29. TRR lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 29, except TRR admits that certain Chanel leather goods are sold with a serial number on a label within the handbag or other leather good that corresponds with a Chanel authenticity card, and that authenticity cards and serial numbers can be one means of identifying the nature and identity of genuine goods.

30. TRR denies the allegations in paragraph 30 with the following exceptions: TRR lacks knowledge or information sufficient to form a belief as to the allegations in the second sentence of paragraph 30. As to the third and fourth sentences of paragraph 30, TRR admits that Chanel does not sell to TRR or authorize sales or distribution through TRR, that Chanel does not authenticate TRR's inventory of CHANEL-branded products as genuine, and that TRR has not obtained the CHANEL products that it offers for sale directly from Chanel. TRR refers to its website, marketing, advertisements, Terms of Use, and Consignment Terms for a true, accurate, and complete statement of their content.

31. TRR denies the allegations in paragraph 31, except TRR admits that it is a retailer that sells pre-owned handbags, jewelry, and apparel and has an online site and brick-and-mortar retail locations for luxury consignment.

32. TRR denies the allegations in paragraph 32, including in Exhibits B and C, except TRR admits that the article and the report referenced were published and refers to those documents for a true, accurate, and complete statement of their content.

33. TRR denies the allegations in paragraph 33, except TRR admits that it sells authenticated, secondhand CHANEL products through brick-and-mortar stores and online, and refers to its website, advertisements, Terms of Use, Consignment Terms, and YouTube videos for a true, accurate, and complete statement of their content.

34. TRR denies the allegations in paragraph 34 and Exhibit D, and TRR refers to its website and advertisements for a true, accurate, and complete statement of their content.

35. TRR lacks knowledge or information sufficient to form a belief as to allegations concerning consumers' purchasing decisions and denies the remaining allegations in paragraph

5

35. TRR refers to its website, advertisements, Terms of Use, and Consignment Terms for a true, accurate, and complete statement of their content.

36. TRR admits that it obtains CHANEL-branded products from consignors and not Chanel and denies the remaining allegations in paragraph 36.

37. The RealReal has developed the most rigorous, brand-specific authentication process in the resale marketplace. TRR denies the allegations in paragraph 37, except TRR admits that TRR does not rely on Chanel to verify or guarantee the authenticity of the CHANEL products it sells.

38. TRR denies the allegations in paragraph 38, including footnote 1, except TRR admits that Mr. Wetzbarger and certain of his team members are not former Chanel employees and have not been trained by Chanel. TRR refers to its marketing materials, website, advertisements, YouTube videos, Terms of Use, and Consignment Terms and Mr. Wetzbarger's alleged representations for a true, accurate, and complete statement of their content.

39. TRR denies the allegations in paragraph 39 and refers to its website, marketing, advertising, Terms of Use, and Consignment Terms for a true, accurate, and complete statement of their content.

40. TRR denies the allegations in paragraph 40.

41. TRR denies the allegations in paragraph 41 and refers to the referenced FTC document for a true, accurate, and complete statement of its content.

42. TRR admits the allegations in paragraph 42.

43. TRR admits the allegations in paragraph 43.

44. TRR denies the allegations in paragraph 44.

6

45. TRR lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 45, including as to the authenticity of the photos and screenshots in Exhibit E, and TRR refers to its website and advertisements for a true, accurate, and complete statement of their content.

46. TRR lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 46. TRR states that Chanel has not made available to TRR the handbags at issue or Chanel's authentication records such that TRR might investigate Chanel's claims regarding the allegedly counterfeit handbags.

47. TRR lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 47 concerning seven allegedly counterfeit CHANEL handbags. TRR admits that counsel for Chanel represented to TRR that Chanel believed that TRR had sold counterfeit CHANEL-branded products. TRR refers to its website, advertisements, Terms of Use, and Consignment Terms for a true, accurate, and complete statement of their content, and TRR otherwise denies the allegations in paragraph 47 and Exhibit D.

48. TRR denies the allegations in paragraph 48.

49. TRR denies the allegations in paragraph 49.

50. TRR refers to its website, advertisements, Terms of Use, and Consignment Terms for a true, accurate, and complete statement of their content. TRR lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 50.

51. TRR denies the allegations in paragraph 51.

52. TRR lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of paragraph 52 and denies the allegations in the second sentence of paragraph 52.

7

53. TRR denies the allegations in paragraph 53.

54. TRR admits the allegations in paragraph 54.

55. TRR denies the allegations in paragraph 55.

56. TRR denies the allegations in paragraph 56.

57. TRR denies the allegations in paragraph 57.

58. TRR lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 58.

59. TRR denies the allegations in paragraph 59, except TRR admits that Chanel informed TRR that it believed that certain items sold by TRR were not genuine.

60. TRR lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of paragraph 60, except TRR admits that Chanel informed TRR that it believed that certain items sold by TRR were not genuine. TRR denies the allegations in the second sentence of paragraph 60 and states that Chanel has not made available the allegedly counterfeit items or Chanel's authentication records that could allow TRR to investigate Chanel's claims. As to the third sentence, TRR denies the allegations, except TRR admits that it does not include serial numbers in various product listings on its website, including listings for certain CHANEL-branded products, and that serial numbers were removed from listings at a time after this action was filed.  TRR denies the allegations in the fourth, fifth, and sixth sentences of paragraph 60 and refers to its website, advertisements, Terms of Use, and Consignment Terms for a true, accurate, and complete statement of their content. TRR states that the absence of serial numbers from product listings is a common-sense practice intended to prevent counterfeiters from incorporating legitimate serial numbers into counterfeit goods.

8

61. TRR denies the allegations in paragraph 61 and refers to its website, advertisements, Terms of Use, and Consignment Terms for a true, accurate, and complete statement of their content.

62. TRR denies the allegations in paragraph 62 and refers to the Better Business Bureau website for a true, accurate, and complete statement of its content.

63. TRR denies the allegations in paragraph 63 and refers to the alleged customer review for a true, accurate, and complete statement of its content.

64. TRR denies the allegations in paragraph 64 and refers to the alleged customer review for a true, accurate, and complete statement of its content.

65. TRR denies the allegations in paragraph 65.

66. TRR denies the allegations in paragraph 66.

67. TRR denies the allegations in paragraph 67.

**FIRST CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))**

68. In its March 30, 2020 Order, the Court dismissed the First Claim for Relief, and for that reason paragraph 68 requires no response.

69. In its March 30, 2020 Order, the Court dismissed the First Claim for Relief, and for that reason paragraph 69 requires no response.

70. In its March 30, 2020 Order, the Court dismissed the First Claim for Relief, and for that reason paragraph 70 requires no response.

71. In its March 30, 2020 Order, the Court dismissed the First Claim for Relief, and for that reason paragraph 71 requires no response.

72. In its March 30, 2020 Order, the Court dismissed the First Claim for Relief, and for that reason paragraph 72 requires no response.

9

73. In its March 30, 2020 Order, the Court dismissed the First Claim for Relief, and for that reason paragraph 73 requires no response.

## SECOND CLAIM FOR RELIEF
## TRADEMARK COUNTERFEITING IN VIOLATION OF 15 U.S.C. 1114(1)

74. TRR realleges and incorporates its responses to paragraphs 1 through 73 above as if fully set forth herein.

75. TRR admits that Chanel purports to bring an action on the basis stated in paragraph 75 and denies the remaining allegations.

76. TRR denies the allegations in paragraph 76.

77. TRR denies the allegations in paragraph 77.

78. TRR denies the allegations in paragraph 78.

79. TRR denies the allegations in paragraph 79.

## THIRD CLAIM FOR RELIEF
## FALSE ADVERTISING IN VIOLATION OF 15 U.S.C. § 1125(A)

80. TRR realleges and incorporates its responses to paragraphs 1 through 79 above as if fully set forth herein.

81. TRR refers to its website, advertising, marketing, Terms of Use, and Consignment Terms for a true, accurate, and complete statement of their content, and TRR otherwise denies the allegations in paragraph 81.

82. TRR refers to its website, advertising, marketing, Terms of Use, and Consignment Terms for a true, accurate, and complete statement of their content, and TRR otherwise denies the allegations in paragraph 82.

83. TRR denies the allegations in paragraph 83.

84. TRR denies the allegations in paragraph 84.

85. TRR refers to its website, advertising, marketing, Terms of Use, and Consignment Terms for a true, accurate, and complete statement of their content, and TRR otherwise denies the allegations in paragraph 85.

86. TRR refers to its website, advertising, marketing, Terms of Use, and Consignment Terms for a true, accurate, and complete statement of their content, and TRR otherwise denies the allegations in paragraph 86.

87. TRR refers to its website, advertising, marketing, Terms of Use, and Consignment Terms for a true, accurate, and complete statement of their content, and TRR otherwise denies the allegations in paragraph 87.

88. TRR denies the allegations in paragraph 88.

89. TRR refers to its website, advertising, marketing, Terms of Use, and Consignment Terms for a true, accurate, and complete statement of their content, and TRR otherwise denies the allegations in paragraph 89.

90. TRR refers to its website and product listings for a true, accurate, and complete statement of their content, and TRR otherwise denies the allegations in paragraph 90.

91. TRR lacks knowledge or information sufficient to form a belief as to allegations concerning "Defendant WGACA's products" and denies the remaining allegations in paragraph 91.

92. TRR denies the allegations in paragraph 92.

93. TRR denies the allegations in paragraph 93.

94. TRR refers to its website, advertising, marketing, Terms of Use, and Consignment Terms for a true, accurate, and complete statement of their content, and TRR otherwise denies the allegations in paragraph 94.

95. TRR refers to its website and product listings for a true, accurate, and complete statement of their content, and TRR otherwise denies the allegations in paragraph 95.

96. TRR denies the allegations in paragraph 96.

97. TRR denies the allegations in paragraph 97.

## FOURTH[1] CLAIM FOR RELIEF
## FALSE ENDORSEMENT/UNFAIR COMPETITION
## IN VIOLATION OF 15 U.S.C. § 1125(A)

98. In its March 30, 2020 Order, the Court dismissed the Fourth Claim for Relief, and for that reason paragraph 98 requires no response.

99. In its March 30, 2020 Order, the Court dismissed the Fourth Claim for Relief, and for that reason paragraph 99 requires no response.

100. In its March 30, 2020 Order, the Court dismissed the Fourth Claim for Relief, and for that reason paragraph 100 requires no response.

101. In its March 30, 2020 Order, the Court dismissed the Fourth Claim for Relief, and for that reason paragraph 101 requires no response.

102. In its March 30, 2020 Order, the Court dismissed the Fourth Claim for Relief, and for that reason paragraph 102 requires no response.

## FIFTH CLAIM FOR RELIEF
## UNFAIR COMPETITION IN VIOLATION OF NEW YORK COMMON LAW

103. TRR realleges and incorporates its responses to paragraphs 1 through 102 above as if fully set forth herein.

---

[1] The FAC contains two causes of action that were both designated as "THIRD CLAIM FOR RELIEF." In its March 30, 2020 Order, the Court referred to the second of these causes of action as "Count Four", and renumbered the subsequent counts accordingly. In this Answer, TRR follows the Court's practice in this regard.

12

104.     TRR refers to its website advertising, marketing, Terms of Use, and Consignment Terms for a true, accurate, and complete statement of their content, and TRR otherwise denies the allegations in paragraph 104.

105.     TRR denies the allegations in paragraph 105

106.     TRR denies the allegations in paragraph 106.

107.     TRR denies the allegations in paragraph 107.

108.     TRR denies the allegations in paragraph 108.

109.     TRR denies the allegations in paragraph 109.

### SIXTH CLAIM FOR RELIEF
### VIOLATION OF THE NEW YORK DECEPTIVE AND UNFAIR TRADE PRACTICE ACT IN VIOLATION OF N.Y. GEN. BUS. LAW § 349

110.     In its March 30, 2020 Order, the Court dismissed the Sixth Claim for Relief, and for that reason paragraph 110 requires no response.

111.     In its March 30, 2020 Order, the Court dismissed the Sixth Claim for Relief, and for that reason paragraph 111 requires no response.

112.     In its March 30, 2020 Order, the Court dismissed the Sixth Claim for Relief, and for that reason paragraph 112 requires no response.

113.     In its March 30, 2020 Order, the Court dismissed the Sixth Claim for Relief, and for that reason paragraph 113 requires no response.

114.     In its March 30, 2020 Order, the Court dismissed the Sixth Claim for Relief, and for that reason paragraph 114 requires no response.

### SEVENTH CLAIM FOR RELIEF
### FALSE ADVERTISING IN VIOLATION OF N.Y. GEN. BUS. LAW § 350

115.     In its March 30, 2020 Order, the Court dismissed the Seventh Claim for Relief, and for that reason paragraph 115 requires no response.

116. In its March 30, 2020 Order, the Court dismissed the Seventh Claim for Relief, and for that reason paragraph 116 requires no response.

117. In its March 30, 2020 Order, the Court dismissed the Seventh Claim for Relief, and for that reason paragraph 117 requires no response.

118. In its March 30, 2020 Order, the Court dismissed the Seventh Claim for Relief, and for that reason paragraph 118 requires no response.

## AFFIRMATIVE DEFENSES

TRR incorporates by reference the foregoing paragraphs in their entirety and asserts the following Affirmative Defenses to the claims set forth in the FAC without assuming the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Chanel. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the allegations in the FAC. TRR reserves the right to amend or supplement its affirmative defenses as additional facts concerning defenses become known.

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

1. The FAC fails to allege facts upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Waiver)**

2. Chanel's claims are barred, in whole or in part, based on the equitable doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE
**(Laches)**

3. Chanel's claims are barred, in whole or in part, based on the equitable doctrine of laches.

14

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

4. Chanel's claims are barred, in whole or in part, based on the equitable doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE
### (Acquiescence)

5. Chanel's claims are barred, in whole or in part, based on the equitable doctrine of acquiescence.

## SIXTH AFFIRMATIVE DEFENSE
### (Consent)

6. Chanel's claims are barred, in whole or in part, because it has consented to the acts complained of.

## SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

7. Chanel's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

8. Chanel's claims are barred, in whole or in part, by applicable statutes of limitations.

## NINTH AFFIRMATIVE DEFENSE
### (Fair Use)

9. Chanel's claims are barred, in whole or in part, as the acts of TRR alleged therein constitute fair use, nominative fair use, and/or descriptive use.

## TENTH AFFIRMATIVE DEFENSE
### (First Sale Doctrine)

10. Chanel's claims are barred, in whole or in part, by the first sale doctrine.

15

### ELEVENTH AFFIRMATIVE DEFENSE
### (Innocent Infringement)

11.    Chanel's claims are barred, in whole or in part, because any alleged infringement by TRR was innocent.

### TWELFTH AFFIRMATIVE DEFENSE
### (Marks Invalid and Unenforceable)

14.    Upon information and belief, the system put in place by Chanel to monitor and supervise the distribution and sale of CHANEL-branded merchandise is so ineffectual that Chanel can no longer distinguish in the marketplace genuine CHANEL-branded goods and counterfeit CHANEL-branded goods, so as to render the Chanel marks asserted herein invalid and unenforceable. Chanel boutiques and authorized retailers are increasingly the target of schemes in which perpetrators purport to "return" counterfeit handbags and pocket the refunds, after which the counterfeit bags are resold to customers as authentic new merchandise.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Materiality)

13.    Chanel's false advertising claims are barred because even if Chanel could show any representation was false, it cannot show the representation was material to consumers or affected consumers' purchasing decisions.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Puffery)

14.    Chanel's false advertising claims are barred because even if Chanel could show any representation was false, these representations constitute non-actionable puffery.

16

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Opinion)

15. Chanel's false advertising claims are barred because even if Chanel could show any representation was false, these representations constitute non-actionable statements of opinion.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

16. The alleged injury or damage suffered by Chanel, if any, would adequately be compensated by damages. Accordingly, Chanel has a complete and adequate remedy at law and is not entitled to equitable relief.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

17. Chanel's claims are barred, in whole or in part, because of failure to mitigate damages if such exist.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

18. Chanel's claims are barred, in whole or in part, because TRR acted in good faith.

## NINETEENTH AFFIRMATIVE DEFENSE
### (No Causation)

22. Chanel's claims are barred, in whole or in part, because Chanel's damages, if any, were not caused by TRR.

## TWENTIETH AFFIRMATIVE DEFENSE
### (No Damage)

23. Without admitting that the FAC states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against TRR in the FAC, and the relief prayed for in the FAC therefore cannot be granted.

17

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(No Punitive Damages)

24. Chanel's claim for punitive damages is barred, in whole or in part, because punitive damages are not recoverable in cases brought under the Lanham Act.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
(Lanham Act Standing)

25. Chanel's claims are barred, in whole or in part, because even if Chanel could show any representation was false, Chanel has not suffered an injury to a commercial interest in reputation or sales that was caused by TRR's advertising,

### TWENTY-THIRD AFFIRMATIVE DEFENSE
(First Amendment)

26. Chanel's claims are barred, in whole or in part, by the First Amendment to the Constitution of the United States.

Dated: May 29, 2020                                     Respectfully submitted,

*/s/ Karen. L. Dunn*
BOIES SCHILLER FLEXNER LLP
Karen L. Dunn (Admitted *Pro Hac Vice*)
kdunn@bsfllp.com
1401 New York Avenue, NW
Washington, D.C. 20005
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

BOIES SCHILLER FLEXNER LLP
Leigh M. Nathanson
lnathanson@bsfllp.com
Laura E. Harris
lharris@bsfllp.com
Yotam Barkai
ybarkai@bsfllp.com
55 Hudson Yards
New York, New York 10001
Telephone: (212) 446-2300
Facsimile: (212) 446-2350

SIDLEY AUSTIN LLP
Rollin A. Ransom (Admitted *Pro Hac Vice*)
rransom@sidley.com
Lauren M. De Lilly (Admitted *Pro Hac Vice*)
ldelilly@sidley.com
555 West Fifth Street
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Defendant The RealReal, Inc.*