# ATTACHMENT 6

# Tyler Baker

| | |
|---|---|
| **From:** | Tyler Baker |
| **Sent:** | Monday, December 21, 2020 10:27 AM |
| **To:** | 'Papadopoulos, Melanie'; Ted Max; Hyo Jin Paik |
| **Cc:** | Dunn, Karen L; Nathanson, Leigh; Harris, Laura; Chattin, Danielle; A Markel; James Salem; Bridget Russell |
| **Subject:** | RE: Chanel v. The RealReal, Case No. 1:18-cv-10626-VSB |

Dear Melanie:

As you know, we have explained previously that TRR is able (and obligated) to conduct a reasonable investigation of its own records, including web records, to answer the RFAs without inspecting items in Chanel's possession.  In addition, your email neglects to explain why cannot do so.  The argument that Exhibit E must first be "authenticated" is misguided.  The inspection and the chain of title of such items are entirely irrelevant to TRR's ability to properly answer the RFAs.  Your revised responses do not address this inquiry point at all and remain deficient under Rule 36.  As a result, Chanel and TRR are at an impasse and we will be seeking the Court's assistance in connection with the responses to Chanel's RFAs.

Tyler

**Tyler E. Baker**
+1 212-634-3048 | direct
TBaker@sheppardmullin.com | Bio

**Sheppard**Mullin
30 Rockefeller Plaza
New York, NY 10112-0015
+1 212-653-8700 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Papadopoulos, Melanie <MPapadopoulos@KSLAW.com>
**Sent:** Friday, December 11, 2020 1:42 PM
**To:** Tyler Baker <TBaker@sheppardmullin.com>; Ted Max <TMax@sheppardmullin.com>; Hyo Jin Paik <HPaik@sheppardmullin.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Nathanson, Leigh <lnathanson@kslaw.com>; Harris, Laura <lharris@kslaw.com>; Chattin, Danielle <DChattin@KSLAW.com>; A Markel <amarkel@paulweiss.com>; James Salem <JSalem@sheppardmullin.com>
**Subject:** RE: Chanel v. The RealReal, Case No. 1:18-cv-10626-VSB

Tyler,

As we expressed to you both over the phone and via email, TRR has agreed to and will respond to properly articulated Requests for Admission that state "clearly and directly" the information that Chanel would like for TRR to admit—in this case, that TRR sold certain handbags at issue in Chanel's First Amended Complaint.

Rather than describing the handbags at issue using objective identifying information, Chanel has chosen to identify the handbags by reference to Exhibit E of Chanel's First Amended Complaint—a document that Chanel created, which has not been produced, introduced, or authenticated as evidence in the case.  As we have explained multiple times, TRR is willing to respond to requests for admission that it sold the handbags as described by their objective identifying information (e.g., serial numbers or SKUs along with physical descriptions).  But TRR does not have enough information about Exhibit E to admit or deny having sold the handbags depicted therein including, among other reasons, because

Chanel has not provided TRR with (a) an opportunity to inspect the actual handbags and compare them to the depictions in Exhibit E or (b) information tracing the chain of custody of the handbags from when they purportedly left TRR's possession to the present.

By insisting on tying the RFAs to Exhibit E, Chanel "unjustly cast[] upon [TRR] the burden of determining at [its] peril what portions of the incorporated material contain relevant matters of fact which must either be admitted or denied." *Sec. & Exch. Comm'n v. Micro-Moisture Controls, Inc*, 21 F.R.D. 164, 166 (S.D.N.Y. 1957) ("The person called upon to make the admission should not be required to go through the document and assume the responsibility of determining what are 'relevant matters of fact' and then decide what admissions he should make.") (quoting *Kraus v. Gen. Motors Corp.*, 29 F. Supp. 430, 431 (S.D.N.Y. 1939)); *United States v. Consol. Edison Co. of New York*, No. CV-88-0049 (RJD), 1988 WL 138275, at *2 (E.D.N.Y. Dec. 15, 1988).

Chanel has not articulated any reason why it cannot or will not serve amended RFAs along the lines we have described to avoid burdening the Court with addressing an objection that can easily be circumvented. However, if Chanel refuses to entertain this compromise, TRR will stand on its objection.

Thank you,

---

**Melanie Papadopoulos**
*Associate*

T: +1 404 572 4651  |  E: mpapadopoulos@kslaw.com  |  www.kslaw.com

**BIO**  |  **vCARD**

King & Spalding LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309

**KING & SPALDING**

**From:** Tyler Baker <TBaker@sheppardmullin.com>
**Sent:** Tuesday, December 8, 2020 6:01 PM
**To:** Papadopoulos, Melanie <MPapadopoulos@KSLAW.com>; Ted Max <TMax@sheppardmullin.com>; Hyo Jin Paik <HPaik@sheppardmullin.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Nathanson, Leigh <lnathanson@kslaw.com>; Harris, Laura <lharris@kslaw.com>; Chattin, Danielle <DChattin@KSLAW.com>; A Markel <amarkel@paulweiss.com>; James Salem <JSalem@sheppardmullin.com>
**Subject:** RE: Chanel v. The RealReal, Case No. 1:18-cv-10626-VSB

**External Sender**
Dear Melanie:

We have reviewed TRR's Supplemental Objections and Responses to Chanel's First Requests for Admission (the "RFAs"). Rather than address the previously-highlighted deficiencies, your new responses compound the deficiencies. Further, TRR has still not chronicled any attempt by TRR to investigate and justify TRR's inability to answer the RFAs as drafted.

While your email once again mentions a concern with the "authenticity" of Exhibit E to Chanel's Amended Complaint, the argument misses the point and continues to misunderstand TRR's obligation pursuant to Federal Rule 36 to fully respond to RFAs. To be clear, the RFAs do not ask TRR to authenticate Exhibit E, and it is notable that the written objections and responses do not contain any repetition of this alleged "authenticity" concern. Nor is authentication of any of the Exhibit E screenshots necessary to answer the RFAs. TRR does not need to admit or deny the authenticity of

Exhibit E to provide answers to the requests as drafted.  (Likewise, as explained in our meet and confer, the objection regarding lacking opportunity to physically inspect the bags is baseless to answer the RFAs as written.)  Moreover, as TRR acknowledged in its Answer, TRR can use the information in Exhibit E to answer each RFA based upon its review of TRR's own records.

Acknowledging that the "authenticity" objection does not actually prevent TRR from responding to the RFAs, TRR asserts now for the first time, *despite already having met and conferred with regard to the RFAs*, that Exhibit E is "illegible" and therefore TRR does not have enough information to respond.  TRR's new assertion of "illegibility" is without merit.  The serial numbers in the majority of the listings in Exhibit E are plainly legible, and the listing additionally display the item image, description, name, and item SKU number. Even, assuming *arguendo*, that information or photographs captured in Exhibit E were not legible, the URLs of each listed handbag from TRR's website are *clearly* legible and there is plainly enough legible information for each screenshot in Exhibit E to enable TRR to conduct an inquiry into its own records and respond to the RFAs.  *See Dentsply Int'l Inc. v. Dental Brands for Less LLC*, No. 15CIV8775LGSGWG, 2017 WL 11567699, at *2 (S.D.N.Y. Aug. 8, 2017).

It is well established that Rule 36 does not permit TRR to refuse to answer the RFAs based on a lack of information when the necessary information is clearly accessible and within TRR's control.  *Diederich v. Dep't of Army*, 132 F.R.D. 614, 619 (S.D.N.Y. 1990) (holding that "reasonable inquiry" may include investigation and inquiry of the responding party's personnel and relevant documents).  TRR's Answer to the Amended Complaint makes plain that TRR could investigate TRR's website records given that TRR referred to "its website and advertisements *for a true, accurate, and complete statement of their content*."  *See* ECF No. 44 ¶ 45 ("TRR lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 45, including as to the authenticity of the photos and screenshots in Exhibit E, and *TRR refers to its website* and advertisements *for a true, accurate, and complete statement of their content*.") (Emphasis added.)  Had TRR investigated and reviewed its website records and other advertising and sales records to determine whether the items at issue were sold or offered for sale and typed the URLs for the listed handbags into a web browser search bar, TRR would have pulled up a TRR webpage for each URL displaying the bag shown in Exhibit E (and each bag was labeled "Sold"), indicating that the URLs in fact did list specific items advertised for sale by TRR and that the items were sold.  Those URLs demonstrate that TRR's records for each of these items could have been reviewed and each RFA answered.

Please advise immediately, and by no later than Friday, if TRR intends to properly respond to the RFAs in conformance with the requirements of Rule 36.  If not, we will seek the Court's assistance in connection with this matter.

Thank you.

Tyler

**Tyler E. Baker**
+1 212-634-3048 | direct
TBaker@sheppardmullin.com | Bio

**SheppardMullin**
30 Rockefeller Plaza
New York, NY 10112-0015
+1 212-653-8700 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Papadopoulos, Melanie <MPapadopoulos@KSLAW.com>
**Sent:** Thursday, December 3, 2020 10:54 AM
**To:** Tyler Baker <TBaker@sheppardmullin.com>; Ted Max <TMax@sheppardmullin.com>; Hyo Jin Paik <HPaik@sheppardmullin.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Nathanson, Leigh <lnathanson@kslaw.com>; Harris, Laura <lharris@kslaw.com>; Chattin, Danielle <DChattin@KSLAW.com>; A Markel <amarkel@paulweiss.com>
**Subject:** RE: Chanel v. The RealReal, Case No. 1:18-cv-10626-VSB

Tyler,

As we explained on our call on November 20, Chanel has not provided TRR with sufficient information to either admit or deny the Requests for Admission as stated.

The burden is on *Chanel* to set forth its requests "simply, directly…and in such a manner that they can be answered with a simple admit or deny without an explanation" and "Requests for Admission should be drafted in such a way that a response can be rendered upon a mere examination of the request." *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003).

Chanel requested that TRR admit having sold a number of handbags depicted in a series of photos provided by Chanel as Exhibit E of Chanel's First Amended Complaint. This Exhibit contains low-resolution screenshots purportedly from TRR's website along with photographs of handbags with blurred out serial number cards. Chanel has not permitted TRR to inspect the handbags pictured in the photos, nor has Chanel provided information tracing the chain of custody of the handbags from the point of their purported sale by TRR to the present. In short, Chanel has not provided sufficient information to allow TRR to verify that Exhibit E contains pictures of handbags that were sold by TRR, as stated in TRR's responses to Chanel's requests for admission.

That said, we have revised our responses and objections to Chanel's Requests for Admission, which are attached. However, and as we stated repeatedly on our call, we believe there is a way for Chanel to request the information it seeks without asking TRR to admit to the authenticity and accuracy of a document created by Chanel's counsel (*i.e.*, by identifying the handbags Chanel alleges TRR sold using objective descriptors). You did not articulate any reason why reframing Chanel's requests for admission in this way would be problematic.

Thank you,

---

**Melanie Papadopoulos**
*Associate*

T: +1 404 572 4651  |  E: mpapadopoulos@kslaw.com  |  www.kslaw.com

**BIO**  |  **vCARD**

King & Spalding LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309

**KING & SPALDING**

**From:** Tyler Baker <TBaker@sheppardmullin.com>
**Sent:** Friday, November 20, 2020 10:20 AM
**To:** Papadopoulos, Melanie <MPapadopoulos@KSLAW.com>; Ted Max <TMax@sheppardmullin.com>; Hyo Jin Paik <HPaik@sheppardmullin.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Nathanson, Leigh <lnathanson@kslaw.com>; Harris, Laura <lharris@kslaw.com>; Chattin, Danielle <DChattin@KSLAW.com>; A Markel <amarkel@paulweiss.com>
**Subject:** RE: Chanel v. The RealReal, Case No. 1:18-cv-10626-VSB

**External Sender**
Hi Melanie,

Let's speak at 3pm today. I'll send a zoom invite. Thanks.

**Tyler E. Baker**
+1 212-634-3048 | direct
TBaker@sheppardmullin.com | Bio

# SheppardMullin

30 Rockefeller Plaza
New York, NY 10112-0015
+1 212-653-8700 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Papadopoulos, Melanie <MPapadopoulos@KSLAW.com>
**Sent:** Friday, November 20, 2020 9:32 AM
**To:** Tyler Baker <TBaker@sheppardmullin.com>; Ted Max <TMax@sheppardmullin.com>; Hyo Jin Paik <HPaik@sheppardmullin.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Nathanson, Leigh <lnathanson@kslaw.com>; Harris, Laura <lharris@kslaw.com>; Chattin, Danielle <DChattin@KSLAW.com>; A Markel <amarkel@paulweiss.com>
**Subject:** RE: Chanel v. The RealReal, Case No. 1:18-cv-10626-VSB

Tyler,

We are available today, November 20, between 1:00 – 2:00 or 3:00 – 4:00 for a meet and confer call to discuss TRR's responses to Chanel's RFAs.

Thanks,

---

**Melanie Papadopoulos**
*Associate*

T: +1 404 572 4651  |  E: mpapadopoulos@kslaw.com  |  www.kslaw.com

**BIO**  |  **vCARD**

King & Spalding LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309

KING & SPALDING

---

**From:** Tyler Baker <TBaker@sheppardmullin.com>
**Sent:** Thursday, November 19, 2020 3:41 PM
**To:** Papadopoulos, Melanie <MPapadopoulos@KSLAW.com>; Ted Max <TMax@sheppardmullin.com>; Hyo Jin Paik <HPaik@sheppardmullin.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Nathanson, Leigh <lnathanson@kslaw.com>; Harris, Laura <lharris@kslaw.com>; Chattin, Danielle <DChattin@KSLAW.com>; A Markel <amarkel@paulweiss.com>
**Subject:** RE: Chanel v. The RealReal, Case No. 1:18-cv-10626-VSB

**External Sender**
Dear Melanie:

We have reviewed TRR's Objections and Responses to Chanel's First Requests for Admission (the "RFAs") and note that a number of the objections are improper and that the Responses are deficient. We request that TRR amend the responses

immediately or, if TRR is unwilling, we request a meet and confer so that we may bring the issue promptly to the Court's attention.

As you know, TRR has neglected to answer even a single RFA, responding to each of them that "TRR states that, at this time, it lacks sufficient information to either admit or deny" each request. That is unacceptable, as it is neither plausible nor consistent with Federal Rule of Civil Procedure 36 and the requirements in responding to RFAs.

TRR's objection to each RFA on the grounds that "Chanel has not yet produced for inspection the Handbags purportedly represented in Exhibit E of the Amended Complaint" is without merit and improper. TRR's inspection of the handbags sold by TRR in Chanel's possession has no bearing on TRR's ability to answer the RFAs as written. The RFAs do not ask TRR to admit or deny that the bags *in Chanel's possession* are the ones sold or offered or sale by TRR but rather ask if TRR sold or offered for sale the bags listed in the screenshots from TRR's website (which appear in Exhibit E to Chanel's Amended Complaint). TRR should be able to answer each RFA based upon TRR's records and the information that appears in Exhibit E, which lists the bag name as advertised by TRR, the purported Chanel Serial Number for each bag, the price and one or more photographs of the product. TRR has previously explained that it has a database which includes information on all the Chanel-branded items it has sold or offered for sale, including Chanel Serial Numbers. TRR can use the information that appears in those screenshots to assess whether it sold or offered for sale the products that appear in those listings (by name, or serial number, or description, etc…) in order to admit or deny the respective RFAs. There is no credible reason why TRR cannot answer the RFAs based on the information that appears in Exhibit E. Underscoring the improper nature of TRR's objection is TRR's assertion of the objection in connection with the RFAs on the pink Naked Flap Bag, which TRR has advertised as having Serial Number 10218184. *See* RFAs 13 & 14. Chanel has previously informed TRR on repeated occasions that Chanel is not in possession of that bag, and so TRR's objection on the basis that "Chanel has not yet produced for inspection the Handbags purportedly represented in Exhibit E of the Amended Complaint" is non-sensical as Chanel cannot produce that bag for inspection because TRR sold it to another party.

Further, TRR's Objections and Responses are insufficient because TRR has not "state[d] in full the efforts undertaken to secure the appropriate response" or provided "an explanation as to why it cannot otherwise respond in full." *Diederich v. Dep't of Army*, 132 F.R.D. 614, 619 (S.D.N.Y. 1990). Indeed, TRR's Objections and Responses provide no explanation of any "reasonable inquiry and that the information it knows or can readily obtain is insufficient," notwithstanding TRR's contention that it lacks information sufficient to answer the relevant RFA. *Dentsply Int'l Inc. v. Dental Brands for Less LLC*, No. 15CIV8775LGSGWG, 2017 WL 11567699, at *1 (S.D.N.Y. Aug. 8, 2017); *see also F.T.C. v. Johnson*, No. 2:10-CV-02203-MMD, 2013 WL 5408272, at *5 (D. Nev. Sept. 25, 2013) (where vast majority of defendant's responses were identical in stating that the defendant lacked information, ordering defendant to "conduct additional review," and "state in detail the extent of his inquiry" for any RFAs he was still unable to answer after review). TRR has provided no explanation of any investigation or inquiry that might possibly justify TRR's inability to answer the RFAs at this juncture. *See Diederich*, 132 F.R.D. at 619. Moreover, TRR is the party with knowledge of the information requested, *i.e.*, whether or not TRR sold or offered for sale the bags appearing in Exhibit E. TRR should be able, through a reasonably inquiry, to answer the RFAs as drafted. Even if TRR is going to stand on its initial responses (which appear improper and implausible), those responses at a minimum need to be amended.

Lastly, TRR's objections that the words "sold" and "offered for sale" are vague in this context are surprising and ring hollow. If one views TRR's website, TRR uses the words "sell", "sold" and "offer for sale" frequently (and encourages users to "sell with us" and "trade or sell" their items, promotes a "sell upfront" service, advertises "recently sold items" and profiles for items that have been "sold" by TRR, along with banner promotions on "offer for sale" of new arrivals daily, etc…). Does TRR not sell and offer for sale handbags through its website? The objection is particularly specious given TRR's prior positions on discovery objections based upon ambiguity and vagueness, arguing that a common sense reading must be applied to terms in construing discovery requests, and that a party should seek clarification before objection on such grounds. *See, e.g.*, September 3, 2020 letter from L. Nathanson at p. 2.

Please advise immediately if, in light of the above, TRR intends to change or amend its responses. If not, we request a prompt meet and confer to discuss the matter, and can be available to do so Friday between 1pm and 5pm EST. Thank you.

Tyler

**Tyler E. Baker**
+1 212-634-3048 | direct
TBaker@sheppardmullin.com | Bio

# SheppardMullin
30 Rockefeller Plaza
New York, NY 10112-0015
+1 212-653-8700 | main
www.sheppardmullin.com | LinkedIn | Twitter

---

**From:** Papadopoulos, Melanie <MPapadopoulos@KSLAW.com>
**Sent:** Monday, November 16, 2020 5:04 PM
**To:** Ted Max <TMax@sheppardmullin.com>; Tyler Baker <TBaker@sheppardmullin.com>; Hyo Jin Paik <HPaik@sheppardmullin.com>
**Cc:** Dunn, Karen L <kdunn@paulweiss.com>; Nathanson, Leigh <lnathanson@kslaw.com>; Harris, Laura <lharris@kslaw.com>; Chattin, Danielle <DChattin@KSLAW.com>; A Markel <amarkel@paulweiss.com>
**Subject:** Chanel v. The RealReal, Case No. 1:18-cv-10626-VSB

Counsel—Please see the attached discovery responses.

Thank you,

---

**Melanie Papadopoulos**
*Associate*

T: +1 404 572 4651 | E: mpapadopoulos@kslaw.com | www.kslaw.com

**BIO** | **vCARD**

King & Spalding LLP
1180 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309

# KING & SPALDING

---

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Click here to view our Privacy Notice.

**Attention:** This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.