# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Leigh Nathanson
Direct Dial: +1 212 790 5359
Direct Fax: +1 212 556 2222
lnathanson@kslaw.com

December 23, 2020

**VIA CM/ECF**

The Honorable Gabriel W. Gorenstein
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    RE:    *Chanel, Inc. v. The RealReal, Inc.*, 18-CV-10626 (VSB) (S.D.N.Y.)

Dear Judge Gorenstein:

    Defendant The RealReal, Inc. ("TRR") writes in response to the letter filed by Plaintiff Chanel, Inc. ("Chanel") on December 21, 2020 regarding the sufficiency of TRR's responses and objections to Chanel's First Set of Requests for Admission ("RFAs").

**I.    BACKGROUND**

    Chanel served its first set of Requests for Admission on TRR on October 15, 2020, to which TRR timely served its Responses and Objections on November 16, 2020. *See* ECF 89-2. Each one of Chanel's fourteen, vague RFAs referred TRR to Exhibit E to Chanel's First Amended Complaint ("FAC")—which includes purported screenshots and photographs of the seven allegedly counterfeit Chanel handbags that TRR sold (the "Seven Handbags")—and requested that TRR admit or deny whether TRR "offered for sale" or "sold" the Seven Handbags "shown" in Exhibit E. ECF 89-1, FAC, ¶ 45, Ex. E.

    As written, Chanel's RFAs placed the burden on TRR to discern from screenshots and photographs whether TRR "offered for sale" or "sold" the handbags, without any further context other than that provided in paragraph 45 and Exhibit E of the FAC. *Id.* Chanel provided no information substantiating that the screenshots were taken from TRR's website, nor any information whatsoever regarding the accompanying photographs of the handbags, which appear to be camera photos of the handbags standing alone against a neutral backdrop. The requests as phrased directed TRR to take at face value that the handbags in the photos were in fact the handbags depicted in the screenshots from TRR's website and to authenticate the screenshots included in a document created by Chanel. Chanel had not, and still has not, produced any documents regarding the chain of custody of the handbags, and it has not responded to any of

Hon. Gabriel W. Gorenstein
December 23, 2020
Page 2

TRR's repeated requests to inspect the handbags. *See* ECF 89-6 at 5 of 8. By admitting or denying the requests, TRR would be required to make unwarranted assumptions regarding the screenshots and the photographs that accompany the screenshots that are not in TRR's possession, custody, or control. For these reasons, TRR determined that it lacked sufficient information regarding the handbags depicted in Exhibit E to admit or deny each request as written.

The parties met and conferred on this issue via emails dated November 19, 2020, December 3, 8, and 11, 2020 and via telephone conference on November 20, 2020.

During the November 20 meet and confer telephone conference, counsel for TRR explained to counsel for Chanel that this issue could be easily resolved because the only concern that TRR had with the RFAs stemmed from the way in which Chanel posed the requests. RFAs are not meant to be open-ended discovery requests but rather simple and direct, phrased in such a way that TRR could answer with a simple admit or deny. TRR also pointed out that Exhibit E to the FAC was created by Chanel and has not been authenticated and that TRR does not have the benefit of discovery regarding Exhibit E. TRR stated, clearly and unequivocally, that if Chanel were to rephrase the requests using objective identifying information to describe the handbags rather than referencing in Exhibit E, TRR would be able to provide substantive responses to these rephrased RFAs.

Chanel expressed to TRR that it did not understand the issue and asked, "[W]hy can't TRR take the item code / serial number / description and say yes we sold that bag or no we did not." TRR reiterated that it did not have enough information to verify that the handbags "shown" in Exhibit E were sold or offered for sale by TRR but again offered to answer revised RFAs describing the handbags using objective identifying information residing in TRR's own records. TRR confirmed for Chanel that it has records for items it has sold and that, if Chanel provided the product number or serial number in its RFAs, TRR would be able to conduct a reasonable inquiry in those records to admit or deny whether it sold or offered for sale handbags bearing this unique, objective identifying information. Counsel for Chanel stated that including this objective identifying information in the RFAs themselves would be an "exercise in tedium" and asked TRR to put its position in writing.

TRR communicated its position in writing via email on December 3, 2020, reiterating the following points raised on the November 20 call: (1) Chanel has not provided TRR with sufficient information to either admit or deny the Requests for Admission as stated; (2) the burden is on Chanel to do so; (3) there is a way for Chanel to request the information by identifying the handbags Chanel alleges TRR sold using objective descriptors. ECF 89-6 at 4–5. As a gesture of good faith, TRR also served Chanel with supplemental responses to its RFAs, which explain in further detail why TRR could not respond to the requests as stated and that the burden was on Chanel to phrase properly worded requests. *Id.*; ECF 89-3.

Instead of addressing the deficiencies in Chanel's own RFAs, Chanel focused on the fact that TRR had not "chronicled any attempt by TRR to investigate and justify TRR's inability to answer the RFAs as drafted" in its response to TRR's December 3 email. ECF 89-6 at 3. But TRR had already explained why it was unable to answer the RFAs as drafted. TRR stated that it should not be burdened with piecing together constituent information from a document created by Chanel. The problem was not with TRR's ability to investigate its sales records, but rather with the

language of the RFAs themselves. Chanel failed to articulate any reason why it could not and would not serve amended RFAs.

TRR's position with respect to Chanel's RFAs has been consistent, and Chanel has made no effort to revise its RFAs or compromise with TRR in any way. Instead, Chanel decided to burden the Court with a dispute that can easily be resolved by the parties.

## II. ARGUMENT

The burden is on Chanel to set forth its RFAs "simply, directly … and in such a manner that they can be answered with a simple admit or deny without an explanation" and "drafted in such a way that a response can be rendered upon a mere examination of the request." *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003). This is supported by caselaw cited by Chanel—"The requesting party bears the burden of setting forth in necessary, but succinct, detail, the facts, events or communications to which admission is sought; the responding party is merely required to agree or disagree." *Diederich v. Dep't of Army*, 132 F.R.D. 614, 619 (S.D.N.Y. 1990). "Specificity and detail is, thus, necessary and appropriate in each individual request." *Id.*

A responding party may object to a request when the request does not meet the requirements of Federal Rule of Civil Procedure 36. Fed. R. Civ. P. 36(a); *Dubin v. E.F. Hutton Grp. Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989). That is, when requests contain "vague and ambiguous wording that does not allow defendants fairly to admit or deny them" and "are not simple and concise statements of fact," a responding party's objections can be well-founded. *Id.* A party similarly is not required to respond when an admission or denial of a request would be "inherently confusing." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 46 (S.D.N.Y. 1997).

Chanel has failed to meet the requirements of Federal Rule 36. All but one of the pages of Exhibit E reflect two different photographs of each handbag—one is purportedly a screenshot from TRR's website, the other a close-up photograph of a handbag of unknown origin, and the serial number cards depicted in some of the photographs have been blurred. Chanel is asking TRR to admit that it "sold" or "offered for sale" a series of handbags depicted in two different photographs without any other information. Essentially, Chanel requests that TRR admit that (1) each screenshot was actually taken from TRR's website; (2) each photograph depicts the same handbag pictured in the accompanying screenshot; (3) the handbags depicted in the screenshots and the photographs are the same handbags described in Chanel's complaint; and (4) those handbags were "sold" or "offered for sale" by TRR. If Chanel seeks an admission that TRR "sold" or "offered for sale" the handbags it alleges in its complaint are counterfeit, it should have no problem issuing RFAs using the allegations in its complaint to describe those handbags.

By insisting instead on tying the RFAs to Exhibit E, Chanel has "unjustly cast[] upon [TRR] the burden of determining at [its] peril what portions of the incorporated material contain relevant matters of fact which must either be admitted or denied." *Sec. & Exch. Comm'n v. Micro-Moisture Controls, Inc*, 21 F.R.D. 164, 166 (S.D.N.Y. 1957) ("The person called upon to make the admission should not be required to go through the document and assume the responsibility of determining what are 'relevant matters of fact' and then decide what admissions he should make.") (quoting *Kraus v. Gen. Motors Corp.*, 29 F. Supp. 430, 431 (S.D.N.Y. 1939)); *United States v.*

Hon. Gabriel W. Gorenstein
December 23, 2020
Page 4

*Consol. Edison Co. of New York*, No. CV-88-0049 (RJD), 1988 WL 138275, at *2 (E.D.N.Y. Dec. 15, 1988); *United States v. Chevron U.S.A. Inc.*, No. CIV. A. 88-6681, 1989 WL 100927, at *4 (E.D. Pa. Aug. 30, 1989) (sustaining responding party's objections to RFAs that referred to a compilation of information prepared by the requesting party and were not stated simply and concisely). Chanel's RFAs are a far cry from being the "simple, direct" RFAs required by Rule 36.[1]

When faced with vague, ambiguous, and unclear RFAs, TRR complied with Rule 36 and stated in detail why it could not truthfully admit or deny each request as stated. *See* ECF 89-2; ECF 89-3; ECF 89-6. Chanel can easily remedy the deficiencies in its RFAs by incorporating the objective identifying information in the screenshots in the language of the RFAs themselves. TRR has communicated this position in no uncertain terms.

Chanel did not do that. Instead, Chanel has chosen to identify the handbags by reference to Exhibit E of Chanel's FAC—a document that Chanel created, which has not been produced, introduced, or authenticated as evidence in the case.

TRR therefore maintains that its objections to Chanel's RFAs were proper, and requests that the Court direct Chanel to amend its RFAs to meet the requirements of Federal Rule 36.

Sincerely,

*/s/ Leigh Nathanson*
Leigh Nathanson

---

[1] As Chanel admitted, the requesting party in *Micro-Moisture Controls* requested that defendants admit the contents of an affidavit, one that required defendants to determine which portions of the incorporated material should be admitted or denied. That is precisely the case here. Exhibit E contains different constituent parts, and Chanel tasked TRR with determining which portions of a series of low-resolution photographs and screenshots to admit or deny. The length of the document incorproated by reference does not matter—if the requests, as stated, do not allow the responding party to answer with a simple admit or deny, they do not meet the requirements of Rule 36. *See Micro-Moisture Controls, Inc*, 21 F.R.D. at 166; *Kraus*, 29 F. Supp. 431 (ordering plaintiff to serve a request specifically designating the relevant facts which he seeks to have admitted as true).