**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

Theodore C. Max
212.653.8702 direct
tmax@sheppardmullin.com

January 7, 2021

**By ECF**

The Honorable Gabriel W. Gorenstein
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:     Chanel, Inc. v. The RealReal, Inc.; 18-cv-10626-VSB-GWG

Dear Judge Gorenstein:

We are counsel for plaintiff Chanel, Inc. ("Chanel") in the above-referenced matter, and write in response to the December 22, 2020 letter (the "Letter") [ECF No. 90] from defendant The RealReal, Inc. ("TRR") to this Court, which purports to inform the Court of recently unsealed documents filed in *Chanel, Inc. v. WGACA LLC*, No. 18-cv-2253-LLS (S.D.N.Y), which TRR argues support its motion for leave to amend to assert counterclaims against Chanel.

While it is accurate that referenced documents were recently unsealed in the *WGACA* matter, over Chanel's objection, TRR's contention that these documents are relevant and support TRR's pending application for leave is misleading and without merit. TRR alleges that the documents are "newly revealed" and thereby squarely support TRR's assertions as to Farfetch and its counterclaims. However, Judge Stanton reviewed these documents *before* his November 18, 2020 order denying WGACA discovery related to Farfetch (*see Chanel, Inc. v. WGACA LLC*, No. 18-cv-2253-LLS, ECF No. 160, previously brought to this Court's attention on December 4, 2020). As in the *WGACA* matter, Chanel's former technology agreement with Farfetch concerning the "Store of the Future" remains irrelevant to this matter and the unsealed documents concerning Chanel's researching of the second hand market, which Judge Stanton already considered and rejected in issuing his order rejecting WGACA's motion to compel, do not support an alternative view.

Further, the unsealed documents do not support any of the factual allegations actually made by TRR in its proposed counterclaims relating to entities other than Farfetch. Specifically, the unsealed documents do not touch upon the allegations of anticompetitive conduct that TRR makes as to retailers Neiman Marcus and Saks or publishers *New York Magazine*, *Vogue*, *Women's Wear Daily*, and *The New York Times*. As explained in Chanel's opposition to TRR's motion, the misguided pretext theory, which Judge Stanton has ruled as irrelevant in denying WGACA's motion to compel, does not bolster TRR's deficient allegations of other purported conduct.

**SheppardMullin**

The newly unsealed documents do not mitigate or excuse TRR's undue delay in seeking leave to amend its answer and assert counterclaims. The unsealed documents *do not* support, relate to, or bolster any of the specific factual allegations in TRR's proposed counterclaims, most of which TRR was aware of for nearly five years prior to the filing of its motion to amend. In short, TRR's letter should be disregarded, as its arguments are unhelpful and irrelevant to TRR's motion for leave to amend.

We thank Your Honor for your consideration of this matter.

Respectfully submitted

*/s/ Theodore C. Max*

Theodore C. Max
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

cc: Counsel of record (via ECF)