**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CHANEL, INC.,

                              Plaintiff,

        v.

THE REALREAL, INC.,

                              Defendant.

Civil Action No. 1:18-cv-10626-VSB-GWG

**STIPULATED PROTECTIVE ORDER**

        Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff Chanel, Inc. ("Plaintiff" or Chanel) and Defendant The RealReal, Inc. ("Defendant" or "TRR"), by and through their respective counsel, hereby stipulate to the following Protective Order for all phases of the above-captioned action ("Action"):

**I.    PURPOSE**

        The purpose of this Protective Order is to allow Plaintiff and Defendant (collectively, the "Parties") to have reasonable access to certain information related to the allegations in the First Amended Complaint [Dkt. No. 26] and any affirmative defenses or counterclaims while simultaneously providing the Parties and third parties with a means for ensuring the confidentiality and protection of certain confidential and proprietary information that may be produced in this Action.  This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**II.   DEFINITIONS**

        **A.    Designated Material**

        The term "Designated Material" shall mean any Discovery Material designated by a Producing Party (defined below) as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in accordance with Paragraphs IV.A to IV.C below.    All

Designated Material and any information or material copied or derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversations which reveal that information, shall be treated as and hereinafter referred to as Designated Material.

**B.     Confidential Information and Highly Confidential Information - Attorneys' Eyes Only**

(1)     "CONFIDENTIAL" information comprises or contains information that the Producing Party claims in good faith to constitute or relate to sensitive business, financial, or commercial information that is not publicly available, that reveals trade secrets, that provides a commercial advantage to its possessor, that contains sensitive or personally identifiable information of a natural person, that contains personnel or employment records of a person who is not a party to the case, and/or that the disclosure of which to persons other than those set forth in Section VI.A. below would create a risk of harm that could not be avoided by less restrictive means.

(2)     "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information comprises or contains information that the Producing Party claims in good faith is highly confidential or highly sensitive, including but not limited to: (a) current or future business strategies or other strategic planning information; (b) technical information, pricing and revenue information and other sensitive financial data or business information, including proprietary authentication practices; (c) research and development information; (d) information that reveals trade secrets; (e) customer information including lists of customers; (f) consignor information including lists of consignors; or (g) proprietary software, systems, or processes, and the disclosure of which to persons other than those set forth in Section VI.B. below would create a substantial risk of serious harm that could not be avoided by less restrictive means.  For the avoidance of doubt, the Parties may designate in good faith as HIGHLY CONFIDENTIAL -

ATTORNEYS' EYES ONLY information pertaining to highly sensitive business matters that are irrelevant to issues, claims, or defenses in the instant Action.

### C.    Discovery Material

The term "Discovery Material" shall mean any document (as defined below), electronically stored information, material, item, testimony, or thing filed with or presented to the Court or produced, served, exchanged, or generated during the discovery process, including, for example, exhibits; answers to interrogatories; responses to requests for admissions; responses to requests for production; subpoenas; declarations; affidavits; letters; emails; and deposition testimony or transcripts; and all copies, extracts, summaries, compilations, designations, and portions thereof.

### D.    Documents

The term "Document" shall mean every means of recording any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic, or photographic means, magnetic impulse, tape, computer disk, DVD, CD-ROM or any other form of data storage, data compilation, or mechanical or electronic recording, and all other tangible things which come within the meaning of writing contained in Rule 1001 of the Federal Rules of Evidence, or within the meaning of "documents" or "tangible things" contained in Rule 34 of the Federal Rules of Civil Procedure.

### E.    Producing Party

The term "Producing Party" shall mean any Party to this Action or any third-party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material during discovery for this Action.

### F.    Receiving Party

The term "Receiving Party" shall mean any Party to this Action, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material from a Producing Party during this Action.

### G.   Trial Counsel

The term "Trial Counsel" shall mean:

(1)   The attorneys and employees of Sheppard, Mullin, Richter & Hampton LLP responsible for this Action for Plaintiff and any other law firm (and its members and employees) which appears on behalf of Plaintiff; and

(2)   The attorneys and employees of Paul, Weiss, Rifkind, Wharton & Garrison LLP and King & Spalding LLP responsible for this Action for Defendant and any other law firm (and its members and employees) which appears on behalf of Defendant in this Action.

## III.   RESTRICTION ON DISCLOSURE AND USE OF DESIGNATED MATERIAL

### A.   Scope

This Protective Order shall encompass all Discovery Material produced in this Action except that this Protective Order shall not encompass information (a) that is in the possession of or otherwise known to the Receiving Party or the public before the date of its transmission to the Receiving Party, (b) that lawfully comes into the possession of the Receiving Party by means other than by production by a Producing Party, or (c) that lawfully comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party, provided that such information does not become publicly known by any act or omission of the Receiving Party that would be in violation of this Protective Order.

### B.   Limited Use

Designated Materials shall be used solely for purposes of and in connection with this Action and the information contained therein shall not be used or disclosed for any other purpose, including, without limitation, any business or commercial purpose.

### C.       Confidentiality

Designated Material and the information derived from such Designated Material (excluding information which is derived lawfully from an independent source) shall not be given, shown, made available, discussed, or otherwise communicated or disclosed in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Protective Order.

### D.       Maintenance of Designated Material

Designated Material shall be maintained by the Receiving Party at a location and under circumstances reasonably designed to ensure compliance with this Protective Order.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of two years after the termination of the case.

### E.       Restrictions on Designated Materials

The restrictions on the use of Designated Material established by this Protective Order are applicable to the Receiving Party.

### F.       Discovery from Third-Parties

Information sought or obtained from a person not a Party to this Action ("third-party") shall be treated as Designated Material if requested by the third-party.  Any such information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to Paragraphs IV.A to IV.C by a third-party will be accorded the same protection as the Parties' Designated Material, and will be subject to the same procedures as those governing disclosure of the Parties' Designated Material pursuant to this Protective Order.

-5-

Either Party may seek to challenge designations by a third-party under the provisions of Paragraph V.B after providing at least ten (10) business days written notice to the third-party and agreeing that it will not object to the third-party appearing in this Action for the limited purpose of seeking to preserve its requested designation.

### G.     Unintentional Disclosure of Designated Material

If Designated Material, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any Party, person, or other third party not authorized to receive such Designated Material under this Protective Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such Designated Material, and to bind such Party, person, or other third party to the terms of this Protective Order.   In such event, the Receiving Party shall also (a) promptly inform such Party, person, or other third party of all the provisions of this Protective Order; (b) identify such Party, person, or other third party immediately to the Producing Party; and (c) request that such person execute the Confidentiality Undertaking (*see* Exhibit A).

## IV.    PROCEDURE FOR MARKING DESIGNATED MATERIAL

Any Producing Party may mark Designated Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in accordance with this Protective Order.  The burden of challenging that Designated Material is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" as defined herein shall be on the Receiving Party.   The designation of Designated Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.   Designated Material must be marked in the following manner:

A.      In the case of Documents or any other tangible thing produced, designation shall be made by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on each page of the document, on the cover, in the file name (if the Document is produced electronically, in its native format, such as an excel spreadsheet), or in a prominent place on any other tangible thing prior to production of the document or tangible thing along with a designation sufficient to identify the Producing Party, *e.g.*, bates number prefix;

B.      In producing original files and records for inspection, no marking need be made by the Producing Party in advance of the inspection. For the purposes of the inspection, all Documents produced shall be considered as marked "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." Thereafter, upon selection of specified Documents for copying by the Receiving Party, the Producing Party shall mark as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," if applicable, the copies of such Documents as may contain either CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, as defined in Paragraphs II.B.1 and II.B.2, at the time the copies are produced to the Receiving Party. There will be no waiver of confidentiality by the inspection of CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information before it is copied and marked pursuant to this Order; and

C.      In the case of testimony provided during a deposition or hearing, transcripts or portions thereof shall be designated by the Producing Party either (i) on the record during the deposition or hearing, in which case the pages of the transcript containing Designated Material shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" as applicable, by the reporter, as the Producing Party may direct; or (ii) by captioned,

written notice to the reporter and all counsel of record, given within thirty (30) days after the reporter sends written notice to the witness or the witness's counsel that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Producing Party or witness.  Pending expiration of the thirty (30) day period or the receipt of such written notice from the Producing Party (whichever comes first), all Parties and, if applicable, any third-party witnesses or attorneys, shall treat the deposition transcript and the information contained therein as if it had been designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  If no such written notice is provided within the thirty (30) day period, the designation(s) made during the deposition shall stand.  If such written notice is provided, the designation(s) provided in such notice shall be effective upon receipt by the Receiving Party.  No person shall attend the designated portions of such depositions unless such person is an authorized recipient of Designated Material under the terms of this Protective Order.

D.     A party may increase the confidentiality designation (i.e., change the designation of any discovery material without any designation to a designation of "CONFIDENTIAL" or change material with a designation of "CONFIDENTIAL" to "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") of protected material produced by any other party or non-party, provided that (a) said material contains the Confidential Information or Highly Confidential Information of the party seeking to increase the confidentiality designation; and (b) the producing party was not authorized to receive that information, or received it in circumstances where it has an obligation to protect its confidentiality, including but not limited to obligations imposed by a commercial relationship or by a protective order.  Increasing a designation shall

be accomplished by providing written notice to all parties identifying (by bates number or other individually identifiable information) the materials whose designation is to be increased. Promptly after providing such notice, the party seeking to increase the confidentiality designation shall provide re-labeled copies of the material to each other party, reflecting the change in designation. All parties will replace the incorrectly designated material with the newly designated materials and will destroy the incorrectly designated materials. Any party may object to the increased designation pursuant to the procedures set forth in Part V. regarding contesting designations.

## V.   **CONTESTING THE DESIGNATION**

A.   A party may challenge the designation of any material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL", provided that the party does so in good faith.  Any Party challenging the propriety of any designation by any Producing Party shall use best efforts to identify and present challenges to the Producing Party no later than thirty (30) days in advance of trial; provided that this deadline will not prevent the parties from raising additional confidentiality challenges which were not previously considered prior to such deadline should the need arise during the normal pre-trial process or pursuant to the Court's Local Rules and Individual Rules.  Should the parties stipulate to and/or the Court order a separate set of procedures governing use of and challenges to designations of Designated Material during pre-trial and trial, such procedures shall take precedence over the foregoing provision.   Any Party objecting to the designation of any Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" must give the Producing Party's Trial Counsel written notice of its reasons for the objection.  The Producing Party shall, within ten (10) business days from the receipt of this written notification, change the designation or respond in writing to the objection with an explanation of the basis

for the designation. The Parties shall meet and confer in an effort to dispose of such dispute in good faith on an informal basis.

B.      Failing informal resolution of the dispute, the Party objecting may, subject to the Court's applicable rules, on a duly noticed motion, seek an order changing or removing the designation. The information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall remain as such until the matter is resolved by Court order or agreement of the Producing Party. As such, any motion challenging a confidentiality designation must not publicly file the documents with contested designations nor describe them in a manner that would reveal Confidential Information or Highly Confidential Information.

C.      Each Party shall bear its own fees and costs related to any challenges of confidentiality designations under this Order, except as ordered by the Court, and/or except in instances where a Party's challenge of other Party's designations amounts to abuse of the challenge process contemplated herein.

## VI.     LIMITED DISCLOSURE OF DESIGNATED MATERIALS

A.      Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as CONFIDENTIAL under this Protective Order may be disclosed by the Receiving Party only to the following persons:

(1)      Trial Counsel for the Receiving Party, including support staff (law clerks, paralegals, secretaries, and clerical staff) as well as internal or external contract attorneys hired or engaged for review purposes assisting with this Action (so long as such external contract attorneys sign the Confidentiality Undertaking found at Exhibit A);

(2)      officers, directors, employees and/or in-house attorneys of the Receiving Party, including support staff (law clerks, paralegals, secretaries, and clerical staff) assisting with

-10-

this Action and any other full-time employees that the Receiving Party reasonably believes are necessary to assist with the Action;

(3)    Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this Action is pending including any appellate court, and the jury, if any;

(4)    Mediators or other alternative dispute resolution settlement judges engaged in connection with this matter;

(5)    court reporters and other persons involved in recording or transcribing hearings, trial testimony, or deposition testimony in this Action;

(6)    deposition witnesses who reasonably appear to the Producing Party to have information concerning or involving the Discovery Material designated as CONFIDENTIAL.  Witnesses shall not retain a copy of documents containing Confidential Information, except when witnesses may review a copy of all exhibits marked at their depositions in connection with review of the transcripts, and shall have signed the Confidentiality Undertaking in Exhibit A;

(7)    consultants or experts and their staff who are expressly retained by Trial Counsel or the Party to provide assistance in this Action, with disclosure only to the extent necessary to perform such work and subject to the provisions of Paragraph VII.A; and

(8)    support vendors retained by Trial Counsel for such functions as organizing or processing electronically stored documents, photocopying, scanning, stenography, videography, imaging, or preparation of graphics, demonstratives, and audio and/or video productions or other exhibits for deposition, trial, or other court proceedings in this Action, but only to the extent necessary for the particular litigation support services being rendered and in accordance with the vendor's ordinary operating procedure.

(9)     other persons only by written consent of the producing part or upon order of the Court and on such conditions as may be agreed or ordered.

B.     Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY may be disclosed by the Receiving Party only to the following persons:

(1)     Trial Counsel for the Receiving Party, including support staff (law clerks, paralegals, secretaries, and clerical staff) as well as contract attorneys hired for review purposes assisting with this Action;

(2)     In-house legal counsel and legal paraprofessionals for the Receiving Party responsible for the litigation, and any other full-time employees of the Receiving Party or one of its affiliates that the Receiving Party reasonably believes are necessary to assist with the Action (provided such non-legal counsel and non-legal paraprofessional employees execute the Confidentiality Undertaking found at Exhibit A); provided, however, that if such persons occupy a non-legal role in the relevant aspect of the business, documents can only be shared to the extent necessary for the litigation and shall not be used for any business purpose;

(3)     Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this Action is pending including any appellate court, and the jury, if any;

(4)     Mediators or other alternative dispute resolution settlement judges engaged in connection with this matter;

(5)     court reporters and other persons involved in recording or transcribing hearings, trial testimony, or deposition testimony in this Action;

(6)     deposition witnesses who reasonably appear to the Designating Party to have information concerning or involving the Discovery Material designated as HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY. Witnesses shall not retain a copy of documents containing Highly Confidential Information, except when witnesses may review a copy of all exhibits marked at their depositions in connection with review of the transcripts, and shall have signed the Confidentiality Undertaking in Exhibit A;

(7)     consultants or experts and their staff who are expressly retained or sought to be retained to provide assistance in this Action, with disclosure only to the extent necessary to perform such work and subject to the provisions of Paragraph VII.A; and

(8)     litigation support vendors retained by outside counsel for such functions as organizing or processing electronically stored documents, photocopying, scanning, stenography, videography, imaging, or preparation of graphics, demonstratives, and audio and/or video productions or other exhibits for deposition, trial, or other court proceedings in this Action, but only to the extent necessary for the particular litigation support services being rendered and in accordance with the vendor's ordinary operating procedure.

## VII.  CONDITIONS ON ACCESS TO DESIGNATED MATERIAL

A.     A consultant or expert may only be shown Designated Material pursuant to Paragraphs VI.A.7 or VI.B.7 above, to the extent necessary to provide assistance in this Action, provided that:

(1)     any such consultant or expert is not an employee, director, officer, or attorney of a Receiving Party (including any of its divisions, subsidiaries, or affiliates), is not an employee, director, officer, agent, attorney, or other representative of a direct business competitor of any Party, and is not currently advising a direct business competitor of any Party on matters relating to the subject matter of this Action; and

(2)     prior to the disclosure of any Designated Material to the consultant or expert, the consultant or expert shall execute the Confidentiality Undertaking in Exhibit A.

## VIII.   COURT PROCEDURES

### A.      Procedures For Filing Papers With Designated Material

Designated Material may be included with, or referred to in, papers filed with the Court where this case is now pending only in accordance with the following procedures:

(1)      The Designated Material must be filed under seal in sealed envelopes endorsed with the title of this Action, an indication of the contents of the envelope, the identity of the filing Party and the notation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER – NOT TO BE DISCLOSED EXCEPT BY COURT ORDER OR WRITTEN STIPULATION OF THE PARTIES" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER – NOT TO BE DISCLOSED EXCEPT BY COURT ORDER OR WRITTEN STIPULATION OF THE PARTIES," or otherwise in accordance with the provisions for filing documents under seal as set forth in the United States District Court for the Southern District of New York's Case Management/Electronic Case Files (CM/ECF) system, and in accordance with the Local Rules and the Court's judicial preferences/individual rules concerning sealing procedure.

(2)      All papers filed with the Court, including but not limited to pleadings and memoranda of law, which include all or any portion of information identified as Designated Material must be filed under seal in accordance with the terms and procedures set forth in this Protective Order.  Counsel for the Parties shall be responsible for designating all papers filed with the Court as Designated Material and marked as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY depending on the contents of the papers being filed.  Such papers shall be subject to the terms of this Protective Order.

### B.      Redacted Filings of Papers With Designated Material

Redacted versions of papers with Designated Material filed under seal may be filed with the Court in accordance with normal procedures and made publicly available provided that:

(1)    All Designated Material set forth in the papers is deleted or completely redacted or obscured, and all Designated Material is removed from or completely redacted or obscured from any attached exhibits; and

(2)    Redacted versions of the papers are clearly marked "Public Version Confidential Material Redacted" or a functional equivalent.  Redacted versions of the papers must clearly identify or mark each place where information has been deleted, redacted, or obscured.

### C.    Use at Hearing or Trial

This Protective Order is not intended to govern the use of Designated Material at any hearing or trial.  A Party that intends to present or that anticipates that another Party may present Designated Material at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Designated Material. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.  The use of Designated Material at hearings or at trial shall not cause such Designated Material to lose its status as Designated Material, except as established by separate order, pursuant to application by one or more of the Parties, or *sua sponte* pursuant to the Court's own procedures, and may be addressed at the pre-trial conference.

### IX.    PROCEDURE FOR DISCLOSURES TO OTHER PERSONS

At the written request of the Receiving Party, the Producing Party may agree in writing to allow the Receiving Party to disclose to a specified third party any of the Producing Party's Designated Material identified in the written request.  Also, if ordered by the Court, the Receiving Party may disclose the ordered Designated Material of the Producing Party to a specified third party or parties.

**X.    UNINTENTIONAL FAILURE TO DESIGNATE**

A.    If any Producing Party discovers that it has inadvertently failed to designate and mark any Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Designated Material, and the Receiving Party shall treat the disclosed Discovery Material as either CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY upon receipt of written notice from the Producing Party, to the extent the Receiving Party has not already disclosed this Discovery Material.  Disclosure of such Discovery Material to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Protective Order.

B.    In the event the material has been distributed in a manner inconsistent with the categorical designation, the Receiving Party will take the steps necessary to conform distribution to the categorical designation, *i.e.*, by retrieving all copies of the Discovery Material, or notes or extracts thereof, in the possession of persons not authorized under this Protective Order to possess such Discovery Material and advising the person to whom disclosure was made that the Producing Party has designated the material as confidential and that such material must be treated as provided in the Protective Order unless otherwise agreed by the Parties or ordered by the Court.

**XI.    PRIVILEGE LOGS AND UNINTENTIONAL DISCLOSURE OF ATTORNEY-CLIENT OR WORK PRODUCT MATERIAL**

A.    Each party will provide to the other a privilege log for any documents withheld or produced in redacted form. This privilege log must include sufficient information about the nature of the withheld documents to enable the receiving party to

-16-

make an intelligent determination about the validity of the privilege assertion, including date ranges, authors, recipients, copyees, document type, the basis of the privilege or immunity being asserted, and a description of the subject matter of the documents. The parties agree to confer regarding the use of categorical (i.e. not document-by-document) logs, including without limitation, whether categorical logging may be appropriate and/or beneficial for any one or more certain categories of documents.

B.    Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of documents that a Producing Party believes in good faith are subject to a claim of attorney-client privilege or work-product immunity is not a waiver of that privilege or immunity in the Action or in any federal or state proceeding. Unless previously waived, the inadvertent disclosure of any privileged information shall not be deemed a waiver of that privilege or immunity as to any other documents, testimony, or evidence.

C.    If a Receiving Party finds information that the Producing Party produces or provides during discovery that is or appears to be subject to a claim of attorney-client privilege or work-product immunity, the Receiving Party shall return to the Producing Party all copies of such Document and shall return or destroy all excerpts thereof within three (3) business days of finding the information.

D.    If the Producing Party becomes aware that it may have provided information subject to the attorney-client privilege or work-product immunity, it may give written notice to the Receiving Party that the Document is subject to a claim of attorney-client privilege or work-product immunity and request that the document be returned to the Producing Party (a "Clawback Notice"). Upon receiving written Clawback Notice, the Receiving Party shall return to the Producing Party all copies of

such Document and shall return or destroy all excerpts thereof within three (3) business days of receiving such written notice.

      E.     If, after receipt of a Clawback Notice, the Receiving Party contests the claim of privilege or work-product protection asserted therein, the Receiving Party must—within thirty (30) business days of receipt of the Clawback Notice—move the Court for an Order compelling disclosure (a "Disclosure Motion"). The Receiving Party must seek to file the Disclosure Motion under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the Disclosure Motion, the Receiving Party must sequester the disclosed information and not use or disclose it to any person other than as required by law. The Receiving Party will return or destroy the contested Discovery Material if the Court rules that it is protected by either the attorney-client privilege or work-product immunity.

      F.     Nothing in this Paragraph shall limit the right of any Party to petition the Court for an *in camera* review of the disclosed information.

## XII.    RESERVATION OF RIGHTS AND MISCELLANEOUS PROVISIONS

      **A.**    **Redactions**

      (1)    Documents and things may be redacted if the Producing Party reasonably believes in good faith that the redacted information is attorney-client privileged or work-product information. Each such redaction, regardless of size, shall be clearly labeled "Redacted - Privileged." This shall not be construed as a waiver of any Party's right to seek disclosure of redacted information.

      (2)    A Party may object to any redaction by giving Trial Counsel for the Producing Party written notice of its reasons for the objection. The Parties shall thereafter meet and confer in good faith to resolve the dispute. If the Parties are unable to

resolve the dispute on their own, the objecting Party may move the Court for an order changing or removing the redaction.  The redacted information shall remain redacted until the matter is resolved by the Court or agreement of the Parties.

### B.      No Limitation of Other Rights

This Protective Order shall be without prejudice to the right of any Party to oppose production of any information on any and all grounds other than confidentiality.

### C.      Release From or Modification of This Protective Order

This Protective Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Protective Order, to determine whether a particular person shall be entitled to receive any particular information or to seek relief from the inadvertent disclosure of attorney-client privileged or work-product information.  This Protective Order does not preclude any of the Parties to this Protective Order from entering into any stipulation (in writing or on the record) constituting a modification of this Protective Order subject to the Court's review.

### D.      Admissibility

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to this mater.

### E.      Non-Party Request/Subpoena of Designated Material

If a Receiving Party receives a subpoena or other compulsory process from a nonparty to this Protective Order seeking production or other disclosure of a Producing Party's Designated Material, that Receiving Party shall give written notice to Trial Counsel for the Producing Party within ten (10) business days after receipt of the subpoena or other compulsory process identifying the specific Designated Material sought and enclosing a copy of the subpoena or other compulsory process.  If the Producing Party timely seeks a protective order, the Receiving

Party to whom the subpoena or other compulsory process was issued or served shall not produce the Designated Material requested prior to receiving a Court order or consent of the Producing Party. In the event that Designated Material is produced to the non-party, such material shall be treated as Designated Material pursuant to this Protective Order.

## XIII.   EFFECTIVE DATE

This Protective Order shall be effective as a stipulation on the date of its execution by counsel for the Parties after which the Parties may produce documents and information and designate the material as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY. Such material shall be treated in accordance with this Protective Order by the Parties upon its execution.

## XIV.   FINAL DISPOSITION

Unless otherwise agreed in writing, within sixty (60) calendar days of termination, settlement, or final judgment of this Action, including exhaustion of all appeals, the originals and all copies of all Designated Material containing CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY shall be turned over to the Producing Party, or to the Trial Counsel of the Producing Party or destroyed and a written certification provided to the Trial Counsel of the Producing Party that the Designated Material has been destroyed from Counsel of the Receiving Party, except that Trial Counsel of the Receiving Party may retain pleadings, attorney and consultant work product, correspondence, and deposition and trial transcripts and exhibits for archival purposes. Unless otherwise agreed in writing, within sixty (60) calendar days of termination, settlement, or final judgment of this Action, including exhaustion of all appeals, the originals and all copies of any electronically stored information containing CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, whether in a database or on the computers of attorneys, staff members, experts, consultants or

any individuals that have received information pursuant to this Protective Order, shall be deleted and destroyed; at the same, and not later than sixty (60) calendar days from termination, settlement, or final judgment of this Action, including exhaustion of all appeals, Trial Counsel for the Receiving Party shall certify in writing the deletion and destruction of such Designated Material.  Notwithstanding the foregoing, if Trial Counsel for the Producing Party requests that the Receiving Party remove or redact such CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY from retained pleadings, correspondence, memoranda, notes, and other work product materials to eliminate copies of or references to CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY that the Producing Party believes in good faith should not be archived due to the confidential or proprietary nature of such information, then such pleadings, correspondence, memoranda, notes and other work product materials shall be removed or redacted pursuant to the Producing Party's request.  The provisions of this Protective Order insofar as it restricts the disclosure, communication of, and use of Designated Material produced hereunder shall continue to be binding after the conclusion of this Action.  This provision does not apply to the Court or its employees.

## XV.   <u>TERMINATION</u>

Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.  This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

*Gabriel W. Gorenstein*

_____

Gabriel W. Gorenstein
United States Magistrate Judge
January 26, 2021

So Stipulated and Agreed:

SHEPPARD MULLIN RICHTER &
HAMPTON LLP

_____

Theodore C. Max
Tyler E. Baker
30 Rockefeller Plaza
New York, New York 10112
212.653-8700
tmax@sheppardmullin.com
tbaker@sheppardmullin.com

*Attorneys for Plaintiff*

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

_____

Karen L. Dunn (*Admitted Pro Hac Vice*)
2001 K Street, NW
Washington, DC 20006-1047
kdunn@paulweiss.com

KING & SPALDING LLP
Laura E. Harris
Leigh M. Nathanson
1185 Avenue of the Americas 34th Floor
New York, NY 10036
lharris@kslaw.com
lnathanson@kslaw.com

*Attorneys for Defendant*

-22-

**Exhibit A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CHANEL, INC.,

                              Plaintiff,

          v.                                              Civil Action No. 1:18-cv-10626-VSB

THE REALREAL, INC.,

                              Defendant.

**CONFIDENTIALITY UNDERTAKING**

I, _____, being duly sworn, state that:

1.     My address is _____.

2.     My present employer is _____ and the address of my present employment is _____.

3.     My present occupation or job description is _____.

4.     I have carefully read and understood the provisions of the Stipulated Protective Order (the "Order") in this case signed by the Court, and I will comply with all provisions of the Order.

5.     I will hold in confidence and not disclose to anyone not qualified under the Order any Designated Material or any words, summaries, abstracts, or indices of Designated Material disclosed to me.

6.     I will limit use of Designated Material disclosed to me solely for purpose of this Action.

7.     Upon receipt of written request by one of the Parties to this Action or their Trial Counsel (listed in the Protective Order above), I will return, within ten (10) business days, all

-23-

Designated Material and summaries, abstracts, and indices thereof which came into my possession during this Action.

8.     I understand that contempt sanctions may be entered for violation of this Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Order.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____          _____
                                                              [Signature]