**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

Theodore C. Max
212.653.8702 direct
tmax@sheppardmullin.com

February 5, 2021

BY ECF
The Honorable Judge Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: Chanel, Inc. v. The RealReal, Inc.; Civ. Action No. 18-cv-10626-VSB-GWG

Dear Judge Gorenstein:

We represent Plaintiff Chanel, Inc. ("Chanel") in the above-referenced matter. On January 21, 2021, Your Honor asked the Parties to address the prejudice that Chanel will suffer if Defendant The Real Real, Inc. ("TRR") is permitted to amend its answer to add 122 paragraphs of antitrust counterclaims. ECF No. 105-2 at 54:5-12. Chanel respectfully requests the Court's permission to file a short reply, of no more than three pages, because TRR's February 3, 2010 letter (ECF No. 110) (the "Letter") goes well beyond the issue framed by the Court and attempts to obfuscate an otherwise straightforward question: Whether TRR's proposed counterclaim allegations provide a valid basis for TRR's "unclean hands" defense? Specifically, if granted leave, Chanel, will address the following points:

- **TRR's Recast Unclean Hands Defense:** At oral argument, TRR confirmed that the allegations underlying its proposed antitrust counterclaims are and, always have been, coextensive with its one sentence "unclean hands" affirmative defense.[1] Yet TRR's Letter now contends that its unclean hands defense is not only comprised of its antitrust claims but instead is founded in part upon new allegations that have nothing to do with antitrust theory, including unsubstantiated claims of Chanel's supposed sale of "counterfeit Chanel items in its boutiques." (ECF No. 110 at 10);

- **TRR's Misrepresentation of the Unclean Hands Case Law:** While ignoring almost all of the cases cited by Chanel, TRR completely misrepresents *Estee Lauder, Inc. v. Fragrance Counter, Inc.*, 189 F.R.D. 269, 273 (S.D.N.Y. 1999), the one case it could find

---

[1] *See* ECF No. 105-2 (Jan. 21, 2021 transcript) at 10:18-20; 21:17-20; 45:21-24 (Ms. Dunn: "With regard to whether [the unclean hands defense] overlaps with the counterclaims . . . our position is going to be that it's the same conduct"); *see also id.* at 41:2-17; 44:13-25 (The Court: "this is the absolute[ly] critical issue in this case in terms of whether these claims get allowed, which is are we expanding what's already there. And your answer to that is no, we're not; the answer is unclean hands.").

1

**SheppardMullin**

The Honorable Judge Gabriel W. Gorenstein
February 5, 2021
Page 2

> upholding an antitrust-based unclean hands defense, which involved facts that are inapposite to TRR's allegations in its proposed Amended Answer. *Id.* (In *Estee Lauder*, the allegation was that Lauder was using its trademarks to commit the antitrust violation, whereas TRR cites Chanel's counterfeiting and false advertising action as the underlying anticompetitive activity);

- **TRR's Change of Position On Expanded Discovery:** After representing at oral argument that TRR would require no expanded discovery to substantiate its proposed antitrust counterclaims, TRR now concedes that "the addition of antitrust counterclaims will result in additional expert discovery" -- perhaps the most burdensome and time-consuming aspect of antitrust discovery. Even with this concession, TRR dramatically minimizes how discovery that is separate in time and scope from claims asserted by Chanel will mushroom well beyond TRR's original focus in pursuit of its antitrust claims, including, but not limited to, with respect to antitrust issues concerning the market shares and market power of all first-sale and resale competitors, the substitutability and cross-elasticity of demand for the products in TRR's proposed relevant markets (markets that are not even mentioned in TRR's existing discovery), the effects of the alleged conduct on pricing and competition in TRR's various proposed markets, among others.[2]

Chanel respectfully requests oral argument on the supplemental question and thanks the Court for its further time and attention to this matter.

Respectfully submitted,

*/s/ Theodore C. Max*

Theodore C. Max

TCM:er
cc:     Counsel of Record

---

[2] TRR also devotes much time arguing that Chanel should be on notice because TRR, by referencing "unclean hands," alerted Chanel to the allegations underlying and extensive discovery required by its 122 paragraphs of proposed antitrust counterclaims. TRR's assertions are belied by its statement in the June 12, 2020 Joint Letter that "TRR believes that discovery in this litigation should, in the first, instance, be narrowly tailored to the seven allegedly counterfeit handbags at issue. . . ." ECF No. 46 at 4. Nevertheless, being mindful of the Court's specific instruction at oral argument not to address notice issues, Chanel does not propose to do so unless the Court requests a response on the notice issue.