**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

LLOYD K. GARRISON (1946-1991)
RANDOLPH E. PAUL (1946-1956)
SIMON H. RIFKIND (1950-1995)
LOUIS S. WEISS (1927-1950)
JOHN F. WHARTON (1927-1977)

WRITER'S DIRECT DIAL NUMBER

(202) 223-7308

WRITER'S DIRECT FACSIMILE

(202) 379-4217

WRITER'S DIRECT E-MAIL ADDRESS

kdunn@paulweiss.com

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

MATTHEW W. ABBOTT
EDWARD T. ACKERMAN
JACOB A. ADLERSTEIN
JUSTIN ANDERSON
ALLAN J. ARFFA
JONATHAN H. ASHTOR
ROBERT A. ATKINS
SCOTT A. BARSHAY
PAUL M. BASTA
J. STEVEN BAUGHMAN
LYNN B. BAYARD
CRAIG A. BENSON
MARK S. BERGMAN
DAVID M. BERNICK
JOSEPH J. BIAL
BRUCE BIRENBOIM
H. CHRISTOPHER BOEHNING
BRIAN BOLIN
ANGELO BONVINO
ROBERT BRITTON
DAVID W. BROWN
SUSANNA M. BUERGEL
JESSICA S. CAREY
DAVID CARMONA
GEOFFREY R. CHEPIGA
ELLEN N. CHING
WILLIAM A. CLAREMAN
LEWIS R. CLAYTON
YAHONNES CLEARY
RACHAEL G. COFFEY
JAY COHEN
KELLEY A. CORNISH
CHRISTOPHER J. CUMMINGS
THOMAS V. DE LA BASTIDE III
MEREDITH DEARBORN*†
ARIEL J. DECKELBAUM
KAREN L. DUNN
ALICE BELISLE EATON
ANDREW J. EHRLICH
GREGORY A. EZRING
ROSS A. FIELDSTON
ANDREW C. FINCH
BRAD J. FINKELSTEIN
BRIAN P. FINNEGAN
ROBERTO FINZI
PETER E. FISCH
HARRIS FISCHMAN
ANDREW J. FOLEY
ANDREW J. FORMAN*
VICTORIA S. FORRESTER
HARRIS B. FREIDUS
CHRISTOPHER D. FREY
MANUEL S. FREY
ANDREW L. GAINES
KENNETH A. GALLO
MICHAEL E. GERTZMAN
ADAM M. GIVERTZ
SALVATORE GOGLIORMELLA
NEIL GOLDMAN
MATTHEW B. GOLDSTEIN
ROBERTO J. GONZALEZ*
CATHERINE L. GOODALL
CHARLES H. GOOGE, JR.
ANDREW G. GORDON
BRIAN S. GRIEVE
UDI GROFMAN
NICHOLAS GROOMBRIDGE
BRUCE A. GUTENPLAN
ALAN S. HALPERIN
CLAUDIA HAMMERMAN
BRIAN S. HERMANN
MICHELE HIRSHMAN
JARRETT R. HOFFMAN
ROBERT E. HOLO
DAVID S. HUNTINGTON
AMRAN HUSSEIN
LORETTA A. IPPOLITO
WILLIAM A. ISAACSON*
JAREN JANGHORBANI
BRIAN M. JANSON
JEH C. JOHNSON
BRAD S. KARP
PATRICK N. KARSNITZ
JOHN C. KENNEDY
BRIAN KIM
KYLE J. KIMPLER

ALEXIA D. KORBERG
ALAN W. KORNBERG
DANIEL J. KRAMER
CAITH KUSHNER
DAVID K. LAKHDHIR
GREGORY F. LAUFER
BRIAN C. LAVIN
XIAOYU GREG LIU
LORETTA E. LYNCH
JEFFREY D. MARELL
MARCO V. MASOTTI
DAVID W. MAYO
ELIZABETH R. MCCOLM
JEAN M. MCLOUGHLIN
ALVARO MEMBRILLERA
MARK F. MENDELSOHN
CLAUDINE MEREDITH-GOUJON
WILLIAM B. MICHAEL
JUDIE NG SHORTELL*
CATHERINE NYARADY
JANE B. O'BRIEN
ALEX YOUNG K. OH
BRAD R. OKUN
LINDSAY B. PARKS
ANDREW M. PARLEN
DANIELLE C. PENHALL
CHARLES J. PESANT
JESSICA E. PHILLIPS*
VALERIE E. RADWANER
JEFFREY J. RECHER
CARL L. REISNER
LORIN L. REISNER
JEANNIE S. RHEE*
WALTER G. RICCIARDI
WALTER RIEMAN
RICHARD A. ROSEN
ANDREW N. ROSENBERG
JUSTIN ROSENBERG
JACQUELINE P. RUBIN
CHARLES F. "RICK" RULE*
RAPHAEL M. RUSSO
ELIZABETH M. SACKSTEDER
JEFFREY D. SAFERSTEIN
JEFFREY B. SAMUELS
KENNETH M. SCHNEIDER
ROBERT B. SCHUMER
JOHN M. SCOTT
BRIAN SCRIVANI
KYLE T. SEIFRIED
KANNON K. SHANMUGAM*
CULLEN L. SINCLAIR
AUDRA J. SOLOWAY
SCOTT M. SONTAG
SARAH STASNY
TARUN M. STEWART
ERIC ALAN STONE
AIDAN SYNNOTT
BRETTE TANNENBAUM
RICHARD C. TARLOWE
MONICA K. THURMOND
DANIEL J. TOAL
LAURA C. TURANO
CONRAD VAN LOGGERENBERG
KRISHNA VEERARAGHAVAN
LIZA M. VELAZQUEZ
MICHAEL VOGEL
RAMY J. WAHBEH
JOHN WEBER
LAWRENCE G. WEE
THEODORE V. WELLS, JR.
LINDSEY L. WIERSMA
STEVEN J. WILLIAMS
LAWRENCE I. WITDORCHIC
AUSTIN WITT
MARK B. WLAZLO
ADAM WOLLSTEIN
JULIA TARVER MASON WOOD
JENNIFER H. WU
BETTY YAP*
JORDAN E. YARETT
KAYE N. YOSHINO
TONG YU
TRACEY A. ZACCONE
TAURIE M. ZEITZER
T. ROBERT ZOCHOWSKI, JR.

*NOT ADMITTED TO THE NEW YORK BAR
*ADMITTED ONLY TO THE CALIFORNIA BAR

February 16, 2021

**By ECF**

The Honorable Judge Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   <u>Chanel, Inc. v. The RealReal, Inc.</u>, No. 18-cv-10626-VSB-GWG

Dear Judge Gorenstein:

We represent Defendant The RealReal, Inc. ("TRR") in the above-referenced matter. We respectfully request the Court's permission to file a short sur-reply letter, of no more than three pages, because Chanel's February 5, 2021 reply letter (ECF No. 115) raises a new issue for the first time.[1] *See e.g., Stepski* v. *M/V Norasia Alya*, No.

---

[1] The other arguments that Chanel raises in its reply letter are largely repetitive of the arguments briefed in its opening brief, and they fail for the same reasons. For instance, instead of addressing whether Chanel will be prejudiced by TRR's proposed counterclaims given that TRR has already asserted its unclean hands defense, Chanel focuses on the sufficiency of the original affirmative defense. Chanel also attempts to dispute what are essentially fact issues. *See* ECF No. 115 at 1-2; *see also* ECF No. 79-1 ¶ 63 & n.10. Neither a motion to strike nor a

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Judge Gabriel W. Gorenstein  2

7:06-CV-01694, 2010 WL 11526765, at *1 (S.D.N.Y. Mar. 3, 2010) (granting sur-reply where defendants addressed arguments plaintiffs raised for the first time in reply).

Specifically, in its reply, Chanel cites *GEOMC Co.* v. *Calmare Therapeutics Inc.*, 918 F.3d 92, 95 (2d Cir. 2019) for the first time and argues that the Court should simply apply the *Twombly* pleading standard when considering a motion to strike an affirmative defense. ECF No. 115 at 2. Chanel apparently takes issue with the standard articulated in *Lokai Holdings LLC* v. *Twin Tiger USA LLC*, that the party seeking to strike the affirmative defense must show: (1) there is 'no question of fact that might allow the defense to succeed;' (2) there is 'no substantial question of law that might allow the defense to succeed;' and (3) the 'plaintiff must be prejudiced by the inclusion of the defense.'" *See* 306 F. Supp. 3d 629, 645 (S.D.N.Y. 2018); ECF No. 110 at 9. Chanel now claims that this standard articulated in *Lokai*—one of the main cases that *Chanel* relies on—is the incorrect standard and suggests that, in *GEOMC*, the Second Circuit held that this standard "is best forgotten." ECF No. 115 at 2. This misrepresentation of the *GEOMC* decision is what TRR seeks to address in a sur-reply.

As an initial matter, the *GEOMC* court noted that certain pre-*Twombly* language concerning the sufficiency of a *complaint* is best forgotten. 918 F.3d at 96 (language that "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" is "best forgotten"). Thus, the *GEOMC* court did *not* state that the motion to strike standard—which has been used in this district for decades—was best forgotten.

Rather, as to the first factor (i.e., no question of fact), the *GEOMC* court simply explained that *Twombly*'s plausibility standard applies but that it "is a context-specific task" and "[t]he key aspect of the context relevant to the standard for pleading an affirmative defense is that an affirmative defense, rather than a complaint, is at issue." *Id.* at 98. "This is relevant to the degree of rigor appropriate for testing the pleading of an affirmative defense. The pleader of a complaint has the entire time of the relevant statute of limitations to gather facts necessary to satisfy the plausibility standard. By contrast, the pleader of an affirmative defense has only the 21-day interval to respond to an original complaint." *Id.* Moreover, certain affirmative defenses in which, for example, "facts needed to plead [the defense] may not be readily known to the defendant . . . [warrant] a relaxed application of the plausibility standard." *Id.* The *GEOMC* court also explained that the second factor (i.e., no substantial question of law) "needs no revision," and noted that, although the third factor (i.e., prejudice) should be considered if a party moves to amend to add an affirmative defense, a "valid defense should always be allowed *if timely filed* even if it will prejudice the plaintiff by expanding the scope of the litigation." *Id.* at 98 (emphasis

---

motion to dismiss is the appropriate means for doing so. Chanel also argues, again, that TRR will need expert discovery to prove the elements of its antitrust claims. But Chanel completely ignores TRR's contention that *given that no expert discovery has yet taken place*, Chanel will not be unduly prejudiced by providing expert discovery relevant to TRR's antitrust claims in this action, as opposed to in a new, separate action. ECF No. 110 at 8.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Judge Gabriel W. Gorenstein  3

added).  For all the reasons discussed in TRR's supplemental response letter, its unclean hands affirmative defense easily satisfies this standard.

Finally, Chanel urges the Court to disregard the *Estee Lauder* decision on the basis that it applied a standard that, in 2019, was subsequently clarified by the Second Circuit in *GEOMC*.  By Chanel's absurd reasoning, nearly all of its cases—including *Lokai*—should be disregarded as they were decided prior to *GEOMC*.

Because Chanel now advocates for a new standard not discussed in the prior briefing, TRR respectfully submits that it should be permitted to file a sur-reply.

Respectfully,

*/s/* Karen L. Dunn
Karen L. Dunn

cc:    All Counsel of Record (via ECF)