UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHANEL, INC.                                     :

                                                 :     ORDER
              Plaintiffs,
                                                 :     18 Civ. 10626 (VSB) (GWG)
      -v.-

                                                 :
THE REALREAL, INC.,
                                                 :

              Defendants.                        :
-------------------------------------------------------------X

GABRIEL W. GORENSTEIN, United States Magistrate Judge

The Court has reviewed Docket # 153 and rules as follows:

    1. The stay reflected in Docket # 140 is hereby vacated.

    2. The parties (or just Chanel) should file a new and separate letter to Judge Broderick that notes the reinstatement of the motion to dismiss and seeks a ruling on the briefing schedule and the request to file a reply brief with excess pages (without reference to any motion for a stay).

    3. Any motion for a stay is returnable before the undersigned. The Court's pre-motion conference requirement is waived. Briefing shall be in accordance with paragraph 2.B of the Court's Individual Practices. There is no stay, however, pending any motion for a stay. Thus, the parties must proceed as if no stay will be granted.

    4. The Court understands that a proposal for a discovery schedule may depend on when the Court resolves discovery disputes. But that is the case with any scheduling order. Moreover, the Court cannot predict when the resolution of discovery disputes will occur and notes that it has responsibilities in numerous other active cases that may take precedence. Accordingly, the parties are directed to begin now to resolve any discovery disputes and to present any disputes to the Court after fully complying with paragraph 2.A of the Court's Individual Practices. If the parties prefer, a dispute (or all disputes) may be presented in the form of a joint letter as long as the letter sets forth in full each side's position. The Court assumes that both sides have an interest in beginning promptly the process of figuring out what their disputes are. The parties are welcome to use the process outlined in part B.1 through 3 of Chanel's proposal. The Court does not endorse B.4 because the parties must allow for a full discussion of any discovery disputes

with a sincere effort to compromise and resolve them, and the Court does not know if one week will be sufficient to accomplish this.  The Court emphasizes that the parties must re-evaluate their prior positions and must make all reasonable efforts to resolve any disputes among themselves.

       5. It is the Court's preference that the parties provide proposals for remaining discovery deadlines by December 13, 2021, but if the parties prefer otherwise, they may stipulate to a later date.  If appropriate, the parties may propose that a deadline be tied to the resolution of a particular discovery dispute.

       6. The Court does not see the point in holding a conference at this time. If a party still believes that this Order does not provide sufficient guidance, and that a conference is necessary or will be useful, it may request a conference with a more clear explanation of what the Court will be asked to resolve at the conference.

       SO ORDERED.

Dated: November 22, 2021
       New York, New York

                                            GABRIEL W. GORENSTEIN
                                            United States Magistrate Judge