# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas
34th Floor
New York, NY 10036

Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Leigh Nathanson
Partner
Direct Dial: +1 212 790 5359
Direct Fax: +1 212 556 2222
lnathanson@kslaw.com

December 13, 2021

**VIA CM/ECF**
The Honorable Gabriel W. Gorenstein
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

     RE:    *Chanel, Inc. v. The RealReal, Inc.*, 18-CV-10626-VSB-GWG (S.D.N.Y.)

Dear Judge Gorenstein:

     We are counsel for The RealReal, Inc. ("TRR") and write jointly with counsel for Chanel, Inc. ("Chanel") pursuant to the Order entered on November 22, 2021, requesting the parties' proposals for remaining discovery deadlines. *See* ECF No. 154.

     The parties have exchanged correspondence, and they disagree as to how the case should proceed. The parties' respective positions are set out below.

**TRR's Position**

     TRR proposes the following schedule for the remainder of discovery:

- The parties will substantially complete document production by March 14, 2022
- The deadline to submit discovery disputes to the Court is March 30, 2022[1]
- The parties will complete document discovery by April 13, 2022

---

[1] TRR believes that the schedule should include a deadline for submitting discovery disputes to the Court, which will ensure that the parties expeditiously resolve disputes in advance of the close of discovery.

-1-

The Honorable Gabriel W. Gorenstein
December 13, 2021
Page 2

- The parties will complete fact depositions by May 30, 2022
- Opening expert reports due July 15, 2022
- Rebuttal reports August 31, 2022
- Expert discovery closes October 1, 2022

TRR disagrees with Chanel's proposal of three alternative schedules depending on the outcome of Chanel's motion to stay. This Court's Order dated November 22, 2021 expressly states that "[t]here is no stay" "pending any motion for a stay" and that the "parties must proceed as if no stay will be granted." ECF No. 154. The Court directed the parties to provide proposals for the remaining discovery deadlines assuming no stay will be granted. TRR accordingly proposes a schedule based on the status quo, *i.e.*, assuming that discovery is moving forward on all claims and defenses.

With respect to Chanel's third proposal (its only proposal that does not assume a stay), TRR disagrees that the parties will require over a year to complete fact and expert discovery, as long as the parties work diligently to resolve currently outstanding discovery disputes. In granting TRR's motion to amend its answer to include the counterclaims, the Court has already rejected Chanel's position that TRR's counterclaims will materially expand discovery in this case so as to require such a substantial extension of discovery deadlines.[2] As TRR has repeatedly made clear, most of the discovery relevant to TRR's antitrust claims is already part of this litigation because it is equally relevant to TRR's unclean hands defense. And Chanel has known since July 2020 at the latest that TRR would seek discovery into Chanel's own anticompetitive conduct. Indeed, TRR served discovery requests on July 15, 2020 seeking documents clearly related to TRR's unclean hands defense. The additional, targeted discovery TRR served shortly before entry of the stay provides no basis for the significantly extended schedule proposed by Chanel.

Chanel's delay and repeated refusal to meaningfully participate in the discovery process should not serve as a basis for continuing to delay resolution of this case. Chanel filed its original complaint over three years ago, in November 2018. Prior to entry of the stay, the parties had already engaged in substantial discovery, including document production and presentation of multiple discovery disputes to the Court—some of which directly relate to Chanel's anticompetitive conduct. Resolution of the currently outstanding discovery disputes will impact the schedule moving forward and require an extension of the deadlines in place at the time of entry of the stay. However, TRR disagrees with Chanel's position that the parties will require an additional 7 months for completion of document discovery, alone.

Taking into account the need to seek the Court's guidance on outstanding discovery disputes as well as limited additional discovery related to TRR's antitrust claims, TRR believes that the parties should be able to complete all fact discovery in five months. TRR further believes that four months is more than sufficient time to complete expert discovery. Again, Chanel has

---

[2] Chanel has also repeatedly mischaracterized TRR's representations to the Court regarding discovery related to its counterclaims. TRR explicitly stated in its Febraury 3, 2021 response to the Court's request for further briefing on TRR's motion to amend "that there may be a need for some additional fact discovery from Chanel." ECF No. 110 at 7.

The Honorable Gabriel W. Gorenstein
December 13, 2021
Page 3

known for almost 18 months that TRR was seeking discovery regarding Chanel's anticompetitive conduct with respect to the secondary market. Chanel's delay in appropriately preparing to address that defense is no basis to extend discovery into 2023.

**Chanel's Position**

After injecting a full-blown antitrust lawsuit claiming significant damages into this previously straightforward case about TRR's counterfeiting and false advertising, TRR now proposes a discovery schedule that effectively pretends like its antitrust claims do not exist. Despite the fact that no counterclaim discovery has yet been provided by either side, TRR proposes that all document discovery in this litigation must be "substantially complete" a little more than twelve weeks from now (including the upcoming holidays), that all document discovery be completed four weeks later, and that all depositions of any kind be completed within a total span of six weeks.

TRR's proposed schedule bears no resemblance to the discovery timeline of a real-world antitrust case. *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 & n.6 (2007) (courts should not "forget that antitrust discovery can be expensive" and describing such discovery as a "sprawling, costly, and hugely time-consuming undertaking"); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 122 (2d Cir. 2005) ("antitrust cases, by their nature, are highly complex."); *Asahi Glass Co. v. Pentech Pharm., Inc*., 289 F.Supp.2d 986, 995 (N.D.Ill.2003) (Posner, J., sitting by designation) (noting the "inevitably costly and protracted discovery phase" of a federal antitrust case); *Cubicle Enters. LLC v. Rubik's Brand Ltd.*, 18-CV-963, 2018 U.S. Dist. LEXIS 241209, at *3 (S.D.N.Y. July 16, 2018) ("the antitrust claims alone would also require expansive additional and otherwise unrelated discovery, including data regarding RBL's market share and business strategies, the impact of RBL's behaviors on the relevant markets, and antitrust economic expert opinions."); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, 14-md-02542, Dkt. 354-1 (S.D.N.Y.) (preliminary scheduling order contemplated 480 days of antitrust fact discovery – a schedule which was subsequently extended). For example, the following are just some of the elements that TRR must prove to prevail on its antitrust counterclaims, all of which are typically addressed through a standard antitrust discovery process:

- The existence of a well-defined relevant ***product market*** and relevant ***geographic market***, including identification of the products, suppliers, and customers who participate in that market (or markets), and economic issues such as cross-elasticity of demand, establishing that all relevant products are substitutes and therefore properly placed in the same market. *See Concord Assocs., L.P. v. Entm't Props. Tr.*, 817 F.3d 46, 52-55 (2d Cir. 2016) (discussing the analytical framework for antitrust relevant market issues).

- That Chanel has ***monopoly power*** in a well-defined market, which requires TRR to prove Chanel's market shares, explain movement in market prices, analyze companies that have entered and exited the markets in recent years, and prove any

- potential barriers to entry. *See Tops Mkts., Inc. v. Quality Mkts., Inc.*, 142 F.3d 90, 97-99 (2d Cir. 1998).

- That Chanel has engaged in a category of unlawful "***anticompetitive***" or "***exclusionary***" ***conduct*** within the meaning of the Sherman Act, which requires an analysis of the alleged conduct's impact on competition. *See La. Wholesale Drug Co. v. Shire LLC (In re Adderall XR Antitrust Litig.)*, 754 F.3d 128, 133 (2d Cir. 2014).

- That TRR has suffered an ***injury*** that is traceable to any alleged anticompetitive conduct. *See United States Philips Corp. v. Princo Corp.*, 2005 U.S. Dist. LEXIS 6820, at *10 (S.D.N.Y. Jan. 24, 2005).

- That the alleged anticompetitive conduct has caused a market-wide decrease in competition for each of the markets that TRR proposes. *See Todd v. Exxon Corp.*, 275 F.3d 191, 213 (2d Cir. 2001).

- That TRR's alleged "series" of *independent* "vertical group boycott" conspiracies were an "unreasonable restraint of trade" under the so-called "rule of reason," which requires a fact-intensive inquiry into the nature of the relevant market and the likely competitive impacts of the alleged conduct. *See MacDermid Printing Sols. LLC v. Cortron Corp.*, 833 F.3d 172, 182 (2d Cir. 2016).

- That TRR suffered antitrust injury and **damages from the alleged anticompetitive acts of Chanel**, which will require extensive discovery of TRR's financials and projections relating to its damages claim, as well as the production of documents discussing the reasons why TRR did not achieve various business it is now claiming was due to alleged anticompetitive conduct by Chanel.

Antitrust discovery here is rendered that much more complicated by the fact that TRR alleges independent and unrelated instances of exclusionary conduct (*e.g.*, TRR alleges that Chanel entered into four different independent vertical agreements not to deal with TRR and engaged in several other allegedly anticompetitive acts which are disconnected from each other). It will thus be necssary to obtain discovery as to whether each of these alleged acts, many of which took place six or more years ago, caused TRR to suffer an antitrust injury traceable to that specific conduct or whether there were other reasons for TRR's claimed loss of business.

The defense of almost all of the above issues require extensive expert discovery in addition to fact discovery, including the retention of expert economists to opine on issues of market definition, monopoly power, competitive effects, and damages. *See, e.g., Allen v. Dairy Farmers of Am., Inc.*, No. 5:09-cv-230, 2014 U.S. Dist. LEXIS 81193, at *18 (D. Vt. June 11, 2014) (collecting authorities and noting that "courts recognize that antitrust plaintiffs often cannot survive summary judgment without the benefit of an expert witness who supports their market definition."); *Berlyn, Inc. v. Gazette Newspapers, Inc.*, 223 F. Supp. 2d 718, 727 (D. Md. 2002) (acknowledging that "plaintiffs bear the difficult, if not impossible, burden of proving the outer boundaries of a relevant market and market power without the aid of an economic

The Honorable Gabriel W. Gorenstein
December 13, 2021
Page 5

expert."). And yet, TRR's proposed schedule did not initially acknowledge as a distinct litigation phase the *existence* of and now gives short shrift to antitrust expert discovery.

All of this antitrust discovery was only in its earliest stages when the case was stayed in April 2021 to allow the parties to pursue mediation. Shortly before the litigation was stayed to allow the parties to pursue mediation, TRR -- despite previously assuring the Court it would neither seek nor require further discovery to support its counterclaims[3] -- served a set of antitrust-related document requests, to which Chanel's responses are due on December 22, 2021. Chanel also served an initial set of antitrust-related document requests on March 31, 2021, to which TRR's responses are due on December 22, 2021. Most recently on December 9, 2021, Chanel served sets of antitrust-related document requests, interrogatories, and requests for admission, to which TRR's responses are due on January 10, 2022.

As noted, no actual antitrust discovery has yet been provided by either side -- no documents produced, no answers to written discovery provided, no fact or expert depositions conducted, no expert reports exchanged. TRR's proposed schedule is effectively a contention that this discovery should not occur in any meaningful form. But even if, as TRR has previously indicated to this Court, TRR does not intend to expand discovery to pursue its own counterclaims(TRR's words and actions indicate different things), Chanel has the same right as any other antitrust defendant to obtain the discovery it needs to defend itself from significant claims asserted against it, including claims which are barred by the statute of limitations. Accordingly, if no stay is granted with respect to antitrust discovery, Chanel proposes that the discovery process for TRR's counterclaims follow a standard timeline for federal antitrust discovery, as detailed below.

Chanel has given serious thought to the proposal advanced by TRR regarding discovery and believe that it is not realistic given: (1) the discovery that has been exchanged to date; (2) the outstanding discovery disputes that are either (i) likely to require further production and/or (ii) resolution by the Court; and (3) additional discovery that will be necessary in this matter given the claims and counterclaims that have been asserted by Chanel and TRR.

Chanel also believes that the proposed schedule needs to take into account Your Honor's Order dated November 22, 2021 and the three possible outcomes of Chanel's pending Motion for a Stay: (1) A stay of all discovery pending the resolution of the pending Motion to Dismiss; (2) A stay of all antitrust counterclaims and unclean hands discovery pending the resolution of the pending Motion to Dismiss and a continuation of discovery regarding Chanel's intellectual property claims; and (3) A denial of a stay of discovery and completion of discovery regarding all claims and counterclaims. As a result, Chanel has structured its proposal accordingly below:

**If A Stay Is Entered With Respect to All Discovery Pending Resolution of the Motion to Dismiss:**

---

[3] *See, e.g.,* ECF No. 105, Ex. A at 18:20-22:24

The Honorable Gabriel W. Gorenstein
December 13, 2021
Page 6

  \*  All discovery will be stayed pending resolution of Chanel's Motion to Dismiss and the Court shall set a conference date 30 days after the Court has issued a decision regarding Chanel's Motion to Dismiss;

***If A Stay Is Entered Only With Respect to Discovery Concerning TRR's Counterclaims Pending Resolution of the Motion to Dismiss:***

  \*  The parties will continue to produce documents on a rolling basis and, with respect to outstanding discovery issues, including those which cannot be resolved by the parties after reasonable efforts through meeting and confer and will require resolution by the Court, the parties will substantially complete production of documents by the deadline set forth below;

  \*  The parties will exchange letters and responses regarding outstanding discovery disputes on November 30, 2021 and December 10, 2021, respectively;

  \*  The parties will submit a proposed schedule of discovery deadlines to the Court on December 13, 2021 pursuant to the Court's Order lifting the stay of discovery (ECF No. 154);

  \*  The parties will commence meet and confer efforts regarding the outstanding discovery disputes beginning December 15, 2021 so that the parties have an opportunity to discuss the substance of TRR's letter with Chanel and have an opportunity to discuss the issues and to re-evaluate positions regarding Chanel's discovery requests to TRR and TRR's discovery requests to Chanel.  Chanel believes that setting a completion deadline for meet and confer efforts of December 17, 2021, one week later, is not consistent with the Court's recent admonition that: "[F]ull discussion of any discovery disputes with a sincere effort to compromise and resolve them" is required.  Simply put, Your Honor directed that, as part of meet and confer efforts, the parties must "re-evaluate their prior positions and must make all reasonable efforts to resolve any disputes among themselves," and Chanel believes that one week will not be sufficient to complete this effort.  Chanel is concerned that choosing an unrealistic goal of completing the meet and confer in one week will artificially cut the process short and fears that this would result in imposing an extreme and undue burden on the Court to resolve numerous issues in contradiction of the Court's clear instruction;

  \*  TRR will serve responses and objections to Chanel's discovery requests served on March 31, 2021 by December 22, 2021;

  \*  Chanel will serve responses and objections to TRR's discovery requests served on April 2, 2021 by December 22, 2021;

  \*  The parties will respond to any additional discovery served under the timelines provided in the FRCP, subject to other agreement by the parties or direction from the Court;

  \*  The parties will complete document discovery relating to Chanel's affirmative case within 120 days from the ruling on Chanel's motion to stay discovery;

  \*  The parties will complete fact depositions relating to Chanel's affirmative case and discovery shall be closed 60 days from the completion of document discovery relating to Chanel's affirmative defense;

  \*  The parties will exchange opening expert reports within 30 days after the close of fact discovery;

  \*  The parties will complete opening expert document discovery and depositions of opening experts relating to opinions set forth in opening expert reports within 30 days after the service of opening expert reports;

  \*  The parties will exchange rebuttal expert reports within 30 days after the completion of opening expert depositions;

  \*  The parties will exchange reply expert reports within 21 days after the exchange of rebuttal expert reports; and

  \*  The parties will complete expert document discovery and depositions of experts relating to opinions set forth in reply expert reports within 21 days after exchange of reply expert reports

  \* To the extent Chanel's Motion to Dismiss is not granted in full, the parties will meet and confer regarding a schedule for counterclaim discovery after the Court has issued a decision regarding Chanel's motion.

***If No Stay Is Entered With Respect to Discovery:***

  \*  The parties will complete document discovery within 210 days from the ruling on Chanel's motion to stay discovery;

  \*  The parties will complete fact depositions and all fact discovery shall be closed within 60 days from the completion of document discovery;

  \*  The parties will exchange opening expert reports within 30 days after the close of fact discovery;

  \*  The parties will complete expert document discovery and depositions of experts relating to opinions set forth in opening expert reports within 45 days after the service of opening expert reports;

  \*  The parties will exchange rebuttal expert reports within 45 days after the completion of opening expert depositions;

The Honorable Gabriel W. Gorenstein
December 13, 2021
Page 8

\* The parties will exchange reply expert reports within 45 days after the exchange of rebuttal expert reports;

\* The parties will complete expert document discovery and depositions of experts relating to opinions set forth in reply expert reports within 45 days after exchange of reply expert reports;

The above deadlines relating to document production, completion of document production, and fact depositions are based on present view but are entirely subject to the Court's rulings on discovery issues and new discovery served and/or ordered by the Court, or developments based on such discovery that require additional tie and adjustment of the above schedule.  For example, the parties have disputes as to whether particular custodians are appropriate and with regard to additional discovery regarding additional items which TRR has identified as counterfeit and items which Chanel has identified as counterfeit, which is likely to impact the timing and the extent of discovery.  In addition, TRR's repsonse to Chanel's November 30, 2021 Letter regarding discovery issues references TRR's December 8, 2021 production of 6,230 documents, totaling 16,442 pages, which will require careful review in order to respond to TRR's contentions that TRR has complied with Chanel's outstanding discovery requests.  Additionally, as Chanel's counsel has indicated to TRR, the months of January and February present material scheduling complications for Chanel's in-house and external counsel, with trials in other matters and health procedures, and the proposed schedule above thus reasonably accounts for those unmovable realities.

\*   \*   \*

We thank Your Honor for your consideration of this matter.

Respectfully submitted,

*/s/ Leigh Nathanson*

Leigh Nathanson