**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

Theodore C. Max
212.653.8702 direct
tmax@sheppardmullin.com

March 29, 2022

**By ECF**
The Honorable Gabriel W. Gorenstein
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    **Chanel, Inc. v. The RealReal, Inc.; Civil Action No. 18-cv-10626-VSB-GWG**

Dear Judge Gorenstein:

This law firm represents plaintiff Chanel, Inc. ("Chanel") in the above-referenced matter. Pursuant to Your Honor's Individual Practices Rule 2.E, we write to respectfully request that the Court issue an order permitting Chanel to file under seal the parties' joint letter (the "Joint Letter") filed pursuant to the Court's Order dated March 25, 2022, ECF No. 214, regarding which documents identified in TRR's Motion to Compel, ECF No. 184 (the "MTC"), are subject to the partial discovery stay ordered on March 10, 2022.

Chanel will file a redacted version of the Joint Letter on the public docket, and will provide the unredacted version to the Court and to all counsel of record in this matter.

The Stipulated Protective Order in this case requires that the parties "must seek to file" papers related to a motion to compel disclosure "under seal and must not assert as a grounds for compelling disclosure the fact or circumstances of the disclosure." (ECF No. 102, Section XI E.) Pursuant to the Stipulated Protective Order, Chanel asks the Court to permit the filing under seal of the Joint Letter. Chanel offers further justification for the sealing of the Joint Letter below.

The Joint Letter quotes from and refers to documents inadvertently produced by Chanel that are privileged (subject to attorney-client communication privilege and/or attorney work product doctrine). Additionally, the documents at issue have been designated either at "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by Chanel pursuant to the Stipulated Protective Order filed in this matter. (ECF No. 102.) The documents are privileged and contain confidential, proprietary, or sensitive business information that is not publicly available. This justifies sealing the document if it includes privileged or "commercially sensitive" information. *Utica Mut. Ins. Co. v. INA Reinsurance Co.*, No. 612CV194DNHTWD, 2012 WL 13028279, at *7 (N.D.N.Y. June 12, 2012); *In re Petrobras Sec. Litig.*, 393 F. Supp. 3d 376, 387 (S.D.N.Y. 2019).

**Sheppard**Mullin

The Honorable Gabriel W. Gorenstein
March 29, 2022
Page 2

**I.      Justification for Filing the Joint Letter Under Seal**

In this Circuit, "[d]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-24 (2d Cir. 2006).  The Second Circuit employs a three-part analysis for determining whether documents filed with the Court may be maintained under seal.  *See Lugosch*, 435 F.3d at 119; *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007) (citing *Lugosch*).  The Court must first determine whether the documents at issue qualify as "judicial documents." *Stern,* 529 F. Supp. 2d at 420.  If the documents are indeed found to be "judicial documents," the Court determines the weight of the common law presumption of public's access to the judicial documents at issue.  *Id.*  Finally, after determining the weight of the presumption, the Court balances that presumption against the weight of the countervailing factors in favor of maintaining the documents under seal and preventing disclosure.  *Id*.

A.      The Joint Letter Is Not, and Does Not Quote or Reference, "Judicial Documents"

The Joint Letter, while clearly filed to assist the Court in deciding the outcome of TRR's motion to compel, is not a judicial document because this Court has held that "motions, memoranda and supporting documents relating to a discrete discovery issue… are not judicial documents" and may remain under seal.  *Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 162-62 (S.D.N.Y. 2003); *United States v. Gangi*, No. 97 CR. 1215(DC), 1998 WL 226196, at *2 (S.D.N.Y. May 4, 1998) ("Materials submitted to a court for its consideration of a discovery motion are actually one step further removed from the trial process than the discovery materials themselves, materials that the Supreme Court has said are not subject to the public's right of access.") (quoting *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986)).  The Joint Letter is concerned only with whether certain Chanel documents, submitted to the Court for *in camera* review, are subject to attorney-client privilege or work product protection.  Given that the Joint Letter is filed only for the purpose of determining a discrete discovery issue, the Joint Letter is not and does not consist of "judicial documents." *Diversified Grp., Inc.*, 217 F.R.D. at 162-62.

B.      The Weight of the Presumption of Public Access to the Joint Letter is Low

Even if the Court determines that the Joint Letter is, or does consist of, "judicial documents," the Court must then determine the weight of the presumption of public access to the documents.  Where, as here, the documents are submitted in connection with "a motion to compel further discovery from a party," "the weight of the presumption is not particularly great." *Alexander Interactive, Inc. v. Adorama, Inc.*, No. 12 Civ. 6608(PKC)(JCF), 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014); *see also Stern*, 529 F. Supp. 2d at 422.  The resolution of a "discovery motion does not require the Court to analyze the merits of the parties' claims or defenses," and therefore "the presumption of access is entitled only to modest weight" with regard to documents submitted in connection with a discovery motion. *Royal Park Invs. SA/NV*

**Sheppard**Mullin

The Honorable Gabriel W. Gorenstein
March 29, 2022
Page 3

*v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV—04394 (AJN) (BCM), 2016 WL 7188795, at *2 (S.D.N.Y. Dec. 7, 2016).  Given that the Joint Letter is submitted only as part of a discrete discovery dispute, the presumption attached to the Joint Letter is low.  *See Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

        C.        <u>Countervailing Interests Weigh in Favor of Sealing the Joint Letter</u>

        Finally, the Court must weigh the countervailing interests in favor of sealing the documents against the presumption.  Among the factors that may outweigh public disclosure is an agreement between the parties limiting such disclosure in the interest of protecting private and proprietary information, and the parties here have entered the Stipulated Protective Order for that very purpose.  *See DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997) (granting motion to seal where parties entered into confidentiality agreement limiting public disclosure of certain documents).  Furthermore, the existence of attorney-client privilege or work product material in a submission can be "a compelling reason to seal judicial records." *Utica Mut. Ins. Co. v. INA Reinsurance Co.*, No. 612CV194DNHTWD, 2012 WL 13028279, at *7 (N.D.N.Y. June 12, 2012); *see also Lugosch*, 435 F.3d at 125 (attorney-client privilege "might well be . . . a compelling reason" to overcome the presumption of access); *Gangi*, 1998 WL 226196 at *3 ("the public is traditionally not privy to confidential attorney work product . . . .").

        Here, as noted above, the Stipulate Protective Order specifically compels Chanel to file the Joint Letter under seal.  (ECF No. 102, Section XI E.)  Further, importantly, the Joint Letter contains a large amount of detailed discussion of the substance of privileged Chanel documents that TRR has submitted to the Court for *in camera* review.  These documents contain Chanel's privileged or work product material, and the Joint Letter contains significant substantive analysis of the contents of these documents.

        Given that the Joint Letter is only related to a discrete discovery motion and is rife with discussion of privileged and confidential material, Chanel respectfully requests that Your Honor permit the filing of the Joint Letter under seal. *Utica Mut. Ins. Co.*, 2012 WL 13028279, at *7.

        We thank Your Honor for your time and attention to this matter.

        Respectfully submitted,

        */s/ Theodore C. Max*
        Theodore C. Max

TCM:mo
cc: Counsel of Record