UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| Chanel, Inc., <br><br>     Plaintiff and Counterclaim Defendant, <br><br>     v. <br><br> The RealReal, Inc., <br><br>     Defendant and Counterclaim Plaintiff. | Case No. 1:18-cv-10626-VSB-GWG |

**THE REALREAL'S OPPOSITION TO CHANEL'S MOTION
FOR RECONSIDERATION REGARDING DISCLOSURE OF
<u>NON-PRIVILEGED DOCUMENTS IMPROPERLY "CLAWED BACK"</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

LEGAL STANDARD.................................................................................................................... 2

ARGUMENT .................................................................................................................................. 3

I.        The Court Correctly Concluded That Exhibit 4 Is Not Attorney-Client Privileged or Protected Work Product. ........................................................................................................ 4

II.       The Court Correctly Concluded That Exhibit 9 Is Not Attorney-Client Privileged. ..... 6

III.     The Court Correctly Concluded That Exhibits 32-33 Are Not Attorney-Client Privileged or Protected Work Product. ........................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ambac Assur. Corp. v. EMC Mortg. Corp.*, No. 08-CIV-9464-RMB-THK, 2011 WL 308276 (S.D.N.Y. Jan. 28, 2011) ................................................................................................. 2

*Anwar v. Fairfield Greenwich Ltd.*, 164 F. Supp. 3d 558 (S.D.N.Y. 2016) .................................. 3

*Ferring B.V. v. Allergan, Inc.*, No. 12-CIV-2650-RWS, 2013 WL 4082930 (S.D.N.Y. Aug. 7, 2013). ........................................................................................................................... 2

*Gucci Am., Inc. v. Guess?, Inc.*, 271 F.R.D. 58 (S.D.N.Y. 2010) ..................................................... 6

*In re Allergan plc Sec. Litig.*, No. 18-CIV-12089-CMGWG, 2021 WL 4121300 (S.D.N.Y. Sept. 9, 2021) .................................................................................................................. 8, 10

*In re Health Mgmt. Sys. Inc. Sec. Litig.,* 113 F.Supp.2d 613 (S.D.N.Y.2000) ............................... 3

*McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394 (S.D.N.Y. 2018) .... 7

*McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 295 F.Supp.3d 404 (S.D.N.Y. 2017) ...... 7

*Parneros v. Barnes & Noble, Inc.*, 332 F.R.D. 482 (S.D.N.Y. 2019) .................................... 8, 10

*Schonberger v. Serchuk*, 742 F.Supp. 108 (S.D.N.Y.1990) .......................................................... 3

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255 (2d Cir. 1995) ............................................................ 3

*SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ...... 3

*Tower 570 Co. LP v. Affiliated FM Ins. Co.*, No. 20-CV-0799-JMF, 2021 WL 1222438 (S.D.N.Y. Apr. 1, 2021) .................................................................................................. 5

*U.S. v. Adlman*, 134 F.3d, 1194 (2d Cir. 1998) ........................................................................... 5

*United States ex rel. Grubea v. Rosicki, Rosicki & Assocs., P.C.*, 319 F. Supp. 3d 747 (S.D.N.Y. 2018) ............................................................................................................................ 3, 7

*United States Sec. & Exch. Comm'n v. Collector's Coffee Inc.,* No. 19-CIV-4355-VM, 2021 WL 391298 (S.D.N.Y. Feb. 4, 2021) ...................................................................................... 10

*United States Sec. & Exch. Comm'n v. Collector's Coffee Inc.,* 337 F.R.D. 70 (S.D.N.Y. 2020) ................................................................................................................................. 10

*United States v. Atias*, No. 14-CR-403-DRH-SIL 2016 WL 11680948 (E.D.N.Y. Dec. 30, 2016) ................................................................................................................................. .8

*Upjohn Co. v. United States*, 449 U.S. 383 (1981) ........................................................................ 4

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245 (2d Cir. 1992) ........................ 3, 9

**Rules**

Local Civil Rule 6.3 .................................................................................................................... 2

**PRELIMINARY STATEMENT**

Chanel's motion for reconsideration cites no new facts or law, and merely re-hashes the same legally defective and factually unsupported arguments that this Court already considered and rejected in ruling on TRR's motion to compel. On April 21, 2022, this Court provided a detailed decision regarding the application of the attorney-client privilege and/or the work product doctrine to 33 documents that Chanel sought to claw back as privileged. The Court carefully considered the documents themselves on a document by document basis. It also considered the parties' extensive motion briefing, the affidavit of Robin Gruber, and the parties' oral arguments. Having taken into account the whole record, the Court found that Chanel failed to carry its burden to show that 29 of the documents at issue were made for the purpose of obtaining or providing legal advice or because of the prospect of litigation. Dissatisfied with the Court's ruling on Exhibits 4, 9, and 32-33, Chanel now asks the Court to reconsider its decision with respect to those four documents, claiming that the Court made "clear errors of fact" in determining that they are not privileged or subject to work-product protection. But Chanel fails to identify any record evidence that the Court overlooked or that would warrant any change in the Court's ruling. All it offers is a regurgitation of the same meritless lawyer arguments it made previously and this Court properly rejected. Chanel's dissatisfaction with this Court's decision is not a valid basis for reconsideration.

The law is clear that Chanel, as the proponent of the privilege, carries the burden to prove that Exhibits 4, 9, and 32-33 were made for the predominant purpose of seeking legal, rather than business, advice and/or were prepared in anticipation of litigation. This Court correctly found that Chanel failed to satisfy that burden, and rejected Chanel's improper attempts to shift the burden to TRR to show that the documents are *not* privileged. In its motion for reconsideration, Chanel argues that the Court misunderstood Robin Gruber's role at Chanel and drew incorrect conclusions

about the documents. But this Court's decision reflects that it in fact carefully considered Ms. Gruber's declaration and fully understood that she performs both legal and business-related duties—and indeed found her to be acting in a legal role in other contexts. Re-quoting from Ms. Gruber's declaration does nothing to change the fact that Ms. Gruber never even claimed, much less proved, that providing legal advice was the predominant purpose of the communications at issue or that the documents were in fact prepared because of the prospect of this or any other litigation. This Court's findings therefore reflect a straightforward and correct application of privilege law. Chanel has failed to demonstrate any "clear error" that should lead the Court to reconsider its decision.

## LEGAL STANDARD

Under Local Civil Rule 6.3, reconsideration of a Court's prior ruling "is generally appropriate only where the movant 'demonstrate[s] that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion, which had they been considered might reasonably have altered the result reached by the court.'" *SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 210 (S.D.N.Y. 2009). Reconsideration is "appropriate 'to correct a clear error of law or prevent manifest injustice.'" *Id*. (internal citations omitted). That standard requires that there be an "obvious and glaring mistake" in the Court's previous order. *Ambac Assur. Corp. v. EMC Mortg. Corp.*, No. 08-CIV-9464-RMB-THK, 2011 WL 308276, at *2 (S.D.N.Y. Jan. 28, 2011). Merely "repeat[ing] arguments made in [ ] prior briefing" does not provide grounds for reconsideration. *Ferring B.V. v. Allergan, Inc*., No. 12-CIV-2650-RWS, 2013 WL 4082930, at *3 (S.D.N.Y. Aug. 7, 2013).

"Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'"

*Anwar v. Fairfield Greenwich Ltd.*, 164 F. Supp. 3d 558, 560 (S.D.N.Y. 2016) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.,* 113 F.Supp.2d 613, 614 (S.D.N.Y.2000)).  'The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered[,] and decided.'"  *Id* (quoting *Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y.1990)).  Accordingly, "[t]he standard for granting such a motion is strict." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  "A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues." *Anwar*, 164 F. Supp. 3d at 561.  Thus, the "mere disagreement with a discretionary decision made for good cause is not equivalent to 'an intervening change of controlling law . . . or the need to correct a clear error' sufficient to justify reconsideration."  *United States ex rel. Grubea v. Rosicki, Rosicki & Assocs., P.C.*, 319 F. Supp. 3d 747, 752 (S.D.N.Y. 2018) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

**ARGUMENT**

Because Chanel cannot identify a change in controlling law or new evidence that warrants reconsideration of the Court's ruling on TRR's motion to compel, Chanel is left to argue that this Court made a "clear error" in determining that each of the four documents at issue was not subject to attorney-client privilege or work product protection.  To do so, Chanel suggests that the Court "overlooked" certain aspects of the documents and suffered from "a misapprehension as to Ms. Gruber's role as a lawyer at Chanel."  ECF 224 ("Mot.") at 12.  As discussed below, the Court properly applied the law of this jurisdiction to determine that Chanel failed to meet its burden to show that Exhibits 4, 9, and 32-33 are privileged communications or work product.  And in doing so, this Court expressly considered Ms. Gruber's declaration and properly concluded that she was performing a business role with respect to the documents at issue.

3

I.  **The Court Correctly Concluded That Exhibit 4 Is Not Attorney-Client Privileged or Protected Work Product.**

The Court correctly found that Exhibit 4 is not subject to attorney-client privilege. ▇ ▇ The same email forms the substance of Exhibits 2 and 3, which this Court also held were not protected by attorney-client privilege, April 21, 2022 Hr'g Tr. ("Tr.") 33:13-18, and which Chanel is not challenging. The only thing differentiating Exhibit 4 from those documents is ▇ ▇ ▇ Nothing in Ms. Gruber's declaration suggests that Ms. Bleys forwarded the email for the purpose of seeking or obtaining legal advice. *See* Gruber Decl. ¶ 12 (stating in full that ▇ ▇ ). The Court thus found that "there is no substantive content to this email . . . [, and Chanel] has not met its burden of showing that the predominant purpose of this email was to request legal advice." Tr. 33:19-25.

Chanel now argues that the Court's determination that Exhibit 4 "did not contain an explicit request for advice" was "clear error" because the Court "overlook[ed] the fact that the privilege" protects not only the provision of legal advice "but also the giving of information to the lawyer to enable him to give sound and informed advice." Mot. at 7, 9 (citing *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981)). But all that Chanel offers in support of that argument is the say-so of its lawyers in a brief, unsupported by any underlying evidence, including Ms. Gruber's declaration. Chanel has not shown that Ms. Bleys' email was sent for the purpose of providing or obtaining legal advice. As the Court found (and Chanel does not dispute), the paralegal's email, which

4

███████████████████████████████████████████████████████ is not privileged. The fact that Ms. Bleys forwarded that email to outside counsel does not make Exhibit 4 privileged. Where, as here, otherwise nonprivileged material is forwarded to a lawyer, the communication does not automatically become privileged unless the other elements of attorney-client privilege are met. *See Tower 570 Co. LP v. Affiliated FM Ins. Co.*, No. 20-CV-0799-JMF, 2021 WL 1222438, at *5-6 (S.D.N.Y. Apr. 1, 2021) (finding that based on "the face of the documents," certain non-privileged messages forwarded to counsel were sent for the purpose of seeking legal advice, but movant failed to establish that others were sent "for the purpose of obtaining or providing legal advice"). The Court correctly found that the email does not suggest it was sent for the purpose of seeking legal advice, and that Chanel has not otherwise shown that the predominant purpose of the email was to request or obtain legal advice.

The Court's decision that Exhibit 4 is not subject to work product protection is also sound. According to Chanel, the Court "overlooked the fact that Chanel contacted TRR to alert them to stolen CHANEL-branded products being offered on the TRR website and sent a cease and desist letter on April 2015[,]" followed by an investigation of TRR that included ████████ ████████████. Mot. at 4. It argues that such investigation was undertaken in anticipation of the current lawsuit against TRR (which was filed a full year later). Mot. at 9. Chanel also suggests that the Court overlooked case law—including its own—stating that "[w]hat matters, of course, is the purpose of the investigation." Mot. at 10.

Chanel's argument that the Court erred in declining to extend work product protection to Exhibit 4 is contrary to the case law cited in the Court's ruling. *See* Tr. 36:15-37:8. The work product doctrine protects documents created "because of the prospect of litigation." *U.S. v. Adlman*, 134 F.3d, 1194, 1202 (2d Cir. 1998). It does not protect documents "prepared in the

5

ordinary course of business or that would have been created in essentially similar form irrespective of the litigation." *Id.*; *see also Gucci Am., Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 74 (S.D.N.Y. 2010) ("The mere 'possibility of litigation is insufficient . . .'"). Citing *Gucci*, the Court emphasized that cease-and-desist letters "are standard and issued in the ordinary course of business." Tr. at 37:21-38:2; *see Gucci*, 271 F.R.D. at 75 ("to find that the Twirl cease-and-desist letter was sent 'because of' the prospect of litigation would effectively mean that Gucci and GG are in a perpetual state of anticipated litigation"). And the Court acknowledged that "[i]n anticipation of litigation is not so broad as to encompass all fact gathering that might ultimately influence a decision to bring a suit." Tr. 38:4-7. The fact that Chanel sued TRR a year after the ▮▮▮▮▮▮▮▮▮ referred to in Exhibit 4, and eight months after Ms. Bleys forwarded an email about that investigation to outside counsel, does not establish that the communications were made because of the prospect of litigation. Chanel's disagreement with the Court's application of this authority to this particular document, in the absence of any overlooked facts or law, does not warrant reconsideration.

**II.     The Court Correctly Concluded That Exhibit 9 Is Not Attorney-Client Privileged.**

Chanel has not shown that the Court made a clear error in finding that Exhibit 9 is not privileged. Exhibit 9 is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Chanel asserts that Exhibit 9 is, "on its face, [] a communication between attorneys regarding whether or not to obtain[] [] evidence to support an anticipated litigation initiated by Chanel only a handful of weeks after the exchange. There is no business question or issue raised in the email nor is there any evidence of a business purpose in the record." Mot. at 12. Chanel argues that it was clear error to deny attorney-client privilege protection to Exhibit 9 because "the Court's holding was based on a misapprehension as to the role of Chanel attorney Robin Gruber." Mot. at 1. Chanel's argument fails for two reasons.

6

*First*, Chanel's conclusion that Ms. Gruber's "primary role" is legal and "her business function is extremely limited," Mot. at 3, derives entirely from counsel's argument and is not supported by Ms. Gruber's declaration or any other record evidence. Chanel's argument that the Court "fail[ed] to consider Ms. Gruber's Declaration" is belied by the Court's decision, which not only references that declaration (*see e.g.*, Tr. 33:13-18) but also explicitly acknowledged that Ms. Gruber has both legal and business roles. Tr. 32:20-25. Indeed, the Court found that, in other communications, Ms. Gruber *was* providing legal advice to Chanel employees. Tr. 32:25-33:11. It was appropriate for the Court to draw the conclusion from Ms. Gruber's declaration that, while Ms. Gruber "may sometimes act as a lawyer," she "has a business role in monitoring the secondary market and deciding what to do about it, and that does not necessarily call for . . . legal advice." *Id.* Chanel's disagreement with that finding is not cause for reconsideration. *United States ex rel. Grubea*, 319 F. Supp. at 752 (S.D.N.Y. 2018) (quoting *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255) (the "mere disagreement with a discretionary decision made for good cause is not equivalent to 'an intervening change of controlling law . . . or the need to correct a clear error' sufficient to justify reconsideration."); *see also*, *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 399 (S.D.N.Y. 2018) (quoting *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 295 F.Supp.3d 404, 413 (S.D.N.Y. 2017)). (denying reconsideration where the movant argued "that this Court overlooked an affidavit by its managing member" but, "[t]o the contrary, the December 12 Order found that the affidavit 'do[es] not alter the fact that Plaintiffs make a prima facie showing that § 302(a)(1) permits jurisdiction based on their pleadings and affidavits'").

*Second*, Chanel has not carried its burden to show that Exhibit 9 is privileged. Chanel points to the absence of "evidence of a business purpose in the record" as a proof that the email must necessarily have a legal purpose. But as the Court stated, the burden is on *Chanel* to prove

7

that "legal, not business, advice is being sought." Tr. 32:2-14 (citing *In re Allergan plc Sec. Litig.*, No. 18-CIV-12089-CMGWG, 2021 WL 4121300, at *4 (S.D.N.Y. Sept. 9, 2021); *see also Parneros v. Barnes & Noble, Inc.*, 332 F.R.D. 482, 491 (S.D.N.Y. 2019). The fact that Ms. Gruber is an attorney, and her conclusory characterization of a given task as "legal," does not end the inquiry into whether her actions and communications are subject to attorney-client privilege or work product. This Court correctly held that "just because . . . a lawyer tells someone to do something doesn't mean it's legal advice." Tr. 34:15-16. In fact, Chanel's burden to prove that Ms. Gruber's communications were legal is even heavier in a situation where a lawyer has both a business and a legal role. *See In re Allergan*, 2021 WL 4121300 at *3 ("communications between a corporation's employees and its in-house counsel . . . must be scrutinized carefully to determine whether the predominant purpose of the communication was to convey business advice and information or, alternatively, to obtain or provide legal advice"); *Parneros*, 332 F.R.D. at 497 (the need to apply the privilege "cautiously and narrowly is heightened in the case of corporate staff counsel" where such counsel have "mixed business-legal responsibility"). Nothing in Exhibit 9 reflects that Ms. Gruber was "exercising legal judgment and engaging in a legal analysis or anything like that." Tr. 34:18-21. Chanel has failed to demonstrate that the communication was made to facilitate "the rendition of legal advice to the client." *United States v. Atias*, No. 14-CR-403-BRH-SIIL, 2016 WL 11680948, at *2 (E.D.N.Y. Dec. 30, 2016).

### III. The Court Correctly Concluded That Exhibits 32-33 Are Not Attorney-Client Privileged or Protected Work Product.

In Exhibit 32, ███████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████ The only reference to these exhibits in Ms. Gruber's declaration states that Chanel

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████ Gruber Decl. ¶ 18. Chanel sued ████████

later that year. *Id*. Chanel argues that it was clear error to deny attorney-client privilege and work product protection to Exhibits 32 and 33 because the Court was under the same "misapprehension as to Ms. Gruber's role and as to the contents of the exhibits." Mot. at 1-2.

The Court did not err in finding that Exhibits 32-33 are not privileged based on any mistake as to Ms. Gruber's position, for the same reasons discussed *supra* 7. With respect to both its attorney-client privilege and work product findings on these documents, the Court acknowledged that part of Ms. Gruber's role as Head of Anti-Diversion is to oversee Chanel's routine investigations into the unauthorized sales of its products, which requires her to receive regular updates about such investigations. Tr. 35:5-9, 39:22-40:2. The conclusions that Ms. Gruber's communications about such investigations are not per se privileged and would be made in the ordinary course of Chanel's business are firmly rooted in the evidence presented and the law.

The Court should not reconsider its finding that Exhibits 32-33 are not privileged because "Ms. Gruber's being provided with information about the sale of an item or a counterfeit item along with a generalized request for advice does not suffice to indicate that legal rather than business advice was being asked for." Tr. 35:9-13. Again, given Ms. Gruber's dual legal and business roles, Ms. Gruber's internal communications "must be scrutinized carefully" to determine their predominant purpose. *In re Allergan*, 2021 WL 4121300 at *3. ████████████ ████████████████████████████ not, as Chanel suggests, unquestionably legal in nature, and the Court was correct to find that Chanel did not meet its burden of establishing

9

that Ms. Gruber was acting in a legal role vis-à-vis this document. *See Parneros* 332 F.R.D. at 491 (S.D.N.Y. 2019). Chanel again wrongly attempts to reverse the burden, stating that "[t]here is no evidence in the record" that Ms. Gruber or Ms. Bleys "were acting in a business capacity" with respect to Exhibits 32 and 33. Mot. 12. And rather than point to a specific fact that the Court overlooked in reaching its decision, Chanel merely parrots Ms. Gruber's declaration. Chanel has not made a case for reconsideration on the attorney-client privilege ruling.

The Court also correctly found that Exhibits 32-33 are not work product because "I can't say that that email, exhibits 32 to 33 would not have occurred but for the prospect of litigation." Tr. 39:22-40:4. Chanel argues that these documents should be treated the same as Exhibits 34-35, where the same attachments were forwarded to outside counsel. Mot. 14. But the distinction—which this Court acknowledged—is that Exhibits 32-33 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ whereas Exhibits 34-35 were sent to outside counsel, in a departure from the normal course of business. The fact that Chanel later sued ▓▓▓▓ does not make Chanel's routine investigations in Exhibits 32-33 work product. "Even where there is little doubt under the evidence that a party had the prospect of litigation in mind when it directed the preparation of documents, or that such documents might also help in preparation for litigation, work-product protection is not available for documents that are prepared in the ordinary course of business or that would have been created in essentially similar form irrespective of litigation." *United States Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 337 F.R.D. 70, 74-75 (S.D.N.Y. 2020), *objections overruled*, *United States Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 2021 WL 391298 (S.D.N.Y. Feb. 4, 2021).

10

## **CONCLUSION**

For these reasons, TRR respectfully requests that the Court deny Chanel's motion for reconsideration.

Dated: May 12, 2022

Respectfully submitted,

*/s/ Leigh M. Nathanson*

Leigh M. Nathanson
Email: lnathanson@kslaw.com
Laura E. Harris
Email: lharris@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas 34th Floor
New York, NY  10036

Karen L. Dunn (Admitted Pro Hac Vice)
Email: kdunn@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Tel: +1-202-223-7308