# King & Spalding

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003

Tel: +1 212 556 2100

Fax: +1 212 556 2222

www.kslaw.com

Leigh Nathanson

Direct Dial: +1 212 790 5359

Direct Fax: +1 212 556 2222

lnathanson@kslaw.com

September 27, 2022

**VIA CM/ECF**

The Honorable Gabriel W. Gorenstein
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      RE:    *Chanel, Inc. v. The RealReal, Inc.*, 1:18-CV-10626-VSB-GWG (S.D.N.Y.)

Dear Judge Gorenstein:

      Defendant The RealReal, Inc. ("TRR") respectfully requests that this Court issue an order permitting TRR to file under seal: portions of Chanel's Letter Motion to Compel the Production of Non-Custodial Documents and Response to RFAs ("Chanel's Letter Motion") (ECF No. 252) and documents attached thereto; portions of TRR's letter responding to Chanel's Letter Motion ("TRR's Response"); and the Declaration of Hunter Thompson ("Thompson Declaration") in support of TRR's Response.

      In Chanel's Letter Motion, Chanel refers to and attaches documents produced by TRR that have been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the Stipulated Protective Order filed in this matter. ECF No. 102.  TRR's Response also refers to documents produced by TRR that have confidentiality designations under the Stipulated Protective Order, and also cites to the Thompson Declaration.  The Thompson Declaration contains confidential, proprietary, and sensitive business information regarding how TRR collects and maintains certain data.  That information is not available to the public.

      Although the common law presumes a right of public access to judicial documents, that presumption is low when the documents at issue are submitted for the purpose of resolving a discovery dispute. *Stern v. Cosby*, 529 F. Supp. 2d 417, 421-22 (S.D.N.Y. 2007).  Moreover, any presumption in favor of public access may be overcome if "competing considerations" and "countervailing factors" weigh in favor of closure of such documents.  *See United States v. Am. Univ. of Beirut*, 718 F. App'x 80, 82 (2d Cir. 2018). Such competing considerations and countervailing factors include competitive business information and other "commercially sensitive" information.  *In re Petrobras Sec. Litig.*, 393 F. Supp. 3d 376, 387 (S.D.N.Y. 2019); *see*

Hon. Gabriel W. Gorenstein
February 11, 2022
Page 2

*also Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978).  Here, Chanel's Letter Motion, the documents attached thereto, TRR's Response, and the Thompson Declaration contain confidential and commercially sensitive TRR business information that should remain sealed.

The Second Circuit follows a three-part analysis for determining whether documents must be made available to the public or be kept under seal.  "First, the court must determine whether the documents are indeed judicial documents, to which the public has a presumptive right of access." *Stern*, 529 F. Supp. 2d at 420 (internal quotations omitted).  Second, if the documents are indeed "judicial documents," "the court must determine the weight of the presumption, that is, whether the presumption is an especially strong one that can be overcome only by extraordinary circumstances or whether the presumption is a low one that amounts to little more than a prediction of public access absent a countervailing reason[,] or whether the presumption is somewhere in between." *Id*. (internal quotations omitted).  "[T]he presumption of access is entitled only to modest weight" where, as here, "the document[ ] at issue [is] submitted in connection with a motion to compel discovery, rather than a dispositive motion."  *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co*., No. 14-CV-04394(AJN)(BCM), 2016 WL 7188795, at *2 (S.D.N.Y. Dec. 7, 2016); *see also Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) ("the presumption of public access in filings submitted in connection with discovery disputes or motions in limine is generally somewhat lower than the presumption applied to material … [submitted] in connection with dispositive motions").  Lastly, the court must balance competing considerations against the weight of the presumption. *Stern*, 529 F. Supp. 2d at 420.  Countervailing reasons that may justify sealing include the fact that documents contain "business information that might harm a litigant's competitive standing," *Nixon*, 435 U.S. at 598, or if the documents contain other "commercially sensitive" information.  *In re Petrobras Sec. Litig*., 393 F. Supp. 3d at 387.

The documents attached to the Chanel Letter Motion and portions of Chanel's Letter Motion and TRR's Response include confidential and proprietary business information relating to TRR's authentication process.  Should statements in those letters and documents be taken out of context, it could be commercially damaging to TRR.  The Declaration of Hunter Thompson describes the proprietary databases and recordkeeping systems used by TRR, and TRR's Response references the same.  All of these documents are filed in connection with Chanel's motion to compel, for which the presumption of public access is low, and countervailing reasons regarding TRR's sensitive business information support the sealing of such documents.

Chanel has filed redacted versions of Chanel's Letter Motion and the documents attached thereto on the public docket and provided copies to TRR.  TRR will file redacted versions of TRR's Response and the Thompson Declaration on the public docket and will provide courtesy copies of the unredacted versions to the Court and to all counsel of record in this matter.

We thank Your Honor for your time and attention to this matter.

Sincerely,

*/s/  Leigh M. Nathanson*
Leigh Nathanson