UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHANEL, INC.,                                     :

                                                  :      ORDER
                            Plaintiff,                   18 Civ. 10626 (VSB)(GWG)
                                                  :

       -v.-
                                                  :

THE REALREAL, INC.,
                                                  :

                            Defendant.            :
-------------------------------------------------------------X
**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

       It appears that the Court's Order of March 6, 2026 (Docket # 411) was not clear.

       The Court did not wish to be informed of discovery disputes that are the subject of discussions between the parties and where no impasse has been reached.   Instead, the Court was directing the parties to make any application under paragraph 2.A of the undersigned's Individual Practices by April 17, 2026 as to all known pre-stay discovery disputes on the assumption that the requirements of paragraph 2.A would be met by that date.   The Court perhaps naively assumed that a full discussion of these pre-stay disputes could take place within a six-week timeframe.[1]

       As it turns out, the letter filed by defendant (Docket # 426) in fact includes disputes that are still under discussion.   However, any dispute presented to the Court must contain the information required by paragraph 2.A, including a certification that "the moving party informed the adversary during the conference that the moving party believed the parties to be at an impasse and that the moving party would be requesting a conference with the Court."   If further discussion may eliminate or narrow a dispute, no application pursuant to paragraph 2.A should be filed.

       Also, Docket # 426 includes matters relating to requests by plaintiff.   Defendant certainly has no obligation to raise its objections to plaintiff's discovery requests.   Those must be raised by plaintiff (and in accordance with paragraph 2.A).

       As for the disputes raised in plaintiff's letter (Docket # 428), it appears that some, if not

---

1  The Court normally does not set a deadline for discovery disputes, other than to enjoin the parties to raise them "promptly" and no later than 30 days before the close of discovery.   See Docket # 63, ¶ 3.   The Court set a deadline here because it was the Court's belief – perhaps based on the parties' own request -- that the discovery schedule should not be set until after the pre-stay discovery disputes were resolved.

all, are under discussion.   And Docket # 428 similarly lacks the elements required by paragraph 2.A.

The Court should have made clear that if the April 17, 2026 deadline could not be met, it was up to the parties to seek an extension by showing good cause.   The Court will now sua sponte extend the April 17 deadline to May 8, 2026, on the assumption that a full discussion (and resolution, if possible) of the disputes can take place by that date.   If a full discussion is not had by May 8 with respect to any pre-stay dispute, the parties should seek an extension of that deadline — or, if they have reached an impasse as to any disputes, they should make an application in accordance with paragraph 2.A as to those disputes.

The Court will look askance at any party that has not tirelessly worked between now and May 8 to discuss and attempt to resolve all pre-stay disputes.   In the meantime, the discovery applications in Docket ## 426 and 428 are denied without prejudice.   The motions to seal (Docket ## 427 and 430) are granted in light of the fact that the Court will not be considering the underlying filings.   Defendant's request for an extension (Docket # 438) is denied as moot.

SO ORDERED.

Dated:  April 23, 2026
        New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge